```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
   UNITED STATES OF AMERICA            :    PROTECTIVE ORDER

          - against -                  :    S1 11 Cr. 1091 (VM)

   PETER J. AJEMIAN,                   :
   PETER J. LESNIEWSKI,
   MARIA RUSIN,                        :
   MARIE BARAN,
   JOSEPH RUTIGLIANO,                  :
   GREGORY NOONE,
   REGINA WALSH,                       :
   SHARON FALLOON,
   GARY SATIN,                         :
   STEVEN GAGLIANO,
   RICHARD EHRLINGER,                  :
   BRIAN DELGIORNO,
   PHILIP PULSONETTI,                  :
   GREGORY BIANCHINI,
   FRANKLIN PLAIA,                     :
   MICHAEL STAVOLA,
   MICHAEL DESARO,                     :
   KARL BRITTEL,
   KEVIN NUGENT,                       :
   GARY SUPPER, and
   THOMAS DELALLA,                     :

                    Defendants.        :
- - - - - - - - - - - - - - - - - - - X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/12

Without objection by any party, and in order to facilitate the production of discovery and to prevent the misuse of personal information contained within the discovery,

IT IS HEREBY ORDERED, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure:

1.   Documents and information disclosed by the Government in discovery ("disclosed documents") shall be used by the defendants, their counsel and their counsel's agents only for

purposes of preparing for and conducting the trial in this action, and for pursuing any appeals in this action.

2. The following information contained within disclosed documents is "confidential information":

    a. individuals' dates of birth;
    b. individuals' social security numbers;
    c. individuals' street addresses;
    d. individuals' telephone numbers;
    e. health or medical information;
    f. individuals' bank account numbers; and
    g. individuals' insurance policy identifying information.

3. In the context of witness interviews conducted as part of the defense preparation in this matter, disclosed documents containing confidential information may be shown to the witness, provided the witness is not permitted to retain copies of such documents or take notes regarding the confidential information contained therein.

4. To the extent consistent with paragraph 1, copies of disclosed documents may be provided to (hereinafter "designated persons"):

    a. all personnel employed full-time or part-time by the defendants' attorneys and their law firms;
    b. independent expert witnesses or expert advisors retained by the defendants or their attorneys in connection with this criminal action;

   c. witnesses or witnesses' counsel, provided, however, that confidential information must be redacted from such copies; and

   d. such other persons as hereafter may be authorized by the Court upon motion by the defendants or their attorneys, provided, however, that confidential information must be redacted from such copies unless the Court specifically authorizes the disclosure of unredacted documents.

  5. Notwithstanding the terms of paragraphs 3 and 4, each individual defendant, his or her counsel, and his or her counsel's agents are permitted to share confidential information relating only to that individual defendant, including but not limited to the defendant's health or medical information, with anyone, and are not required to redact such information from disclosed documents.

  6. The defendants and their attorneys shall provide a copy of this Order to the designated persons to whom they provide copies of disclosed documents pursuant to paragraph 4. Designated persons shall be subject to the terms of this Order.

  7. All documents subject to this Protective Order must be returned to the Government at such time as they are not needed in this action, at the end of the criminal proceedings, or upon Order of the Court, which ever occurs first.

  8. The provisions of this Order shall not be construed as preventing the disclosure of any information in any

motion, hearing, or trial held in this action or to any Judge or Magistrate Judge of this Court for purposes of this action.

9. Nothing in this Order shall restrict the use of documents or information obtained by a defendant from a source other than the Government's discovery, provided that the defendant obtained such documents or information legally and under no legally binding obligation of confidentiality to the source. To the extent the Government's discovery contains documents that are also publicly available (without fault of a defendant), nothing in this Order shall restrict the use of such documents by a defendant notwithstanding the bates number attached to the document that demonstrates that it was produced as part of the Government's discovery in this action.

10. This protective order may be amended by the Court for good cause shown.

Dated:   New York, New York
         June /2, 2012

SO ORDERED:

_____
HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE