UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

  UNITED STATES OF AMERICA              :

      - against -                                   :      S1 11 Cr. 1091 (VM)

  PETER J. AJEMIAN et al.                 :

                             Defendants.    :

------------------------------------------------------------ X

## GOVERNMENT'S MEMORANDUM IN OPPOSITION
## TO DEFENDANT WALSH'S REQUEST FOR RULE 12(B)(4) NOTICE

The Government respectfully submits this Memorandum in Opposition to Defendant Walsh's Request, ostensibly made pursuant to Federal Rule of Criminal Procedure 12(b)(4), for identification of co-defendant statements the Government intends to offer at trial.[1] Most fundamentally, the defendant's request has nothing to do with Rule 12(b)(4), because the defendant does not intend to move to "suppress" any statements, but rather simply to object to the admission of statements. Motion practice regarding the admissibility of co-defendant statements (as altered, if necessary, pursuant to *Bruton*), is properly addressed prior to trial in the context of *in limine* briefing regarding evidentiary issues, not at this early stage.

---

[1] It should be noted that the statements themselves have been, or will be, produced in discovery to all defendants. Thus, Walsh is not seeking access to the statements themselves, but rather seeks early identification of specific items of trial evidence. Walsh cites no case ordering this type of early identification.

As the Court is well aware, the normal procedure in multi-defendant cases is for pre-trial motions, such as those enumerated in Rule 12(b), to be briefed and resolved according to a pre-trial motion schedule, and then a short time before trial, for a different, *in limine* set of motions to be briefed and resolved according to an *in limine* motion schedule.

Although both a motion to "suppress" evidence and an *in limine* motion on an evidentiary issue may have as their goal a ruling by the Court that an item of evidence is not admissible, they are fundamentally different, and are properly made at different times. It is quite basic that a "motion to suppress" is "[a] request that the court prohibit the introduction of *illegally obtained* evidence at a criminal trial." *Black's Law Dictionary* (9th Ed. 2009) (emphasis added). Thus, as stated in the Advisory Committee Notes to the 1974 Amendment (which added the provision requiring that "a motion to suppress evidence" be made pre-trial):

> Subdivision (b)(3) [now numbered as (b)(3)(C)] makes clear that objections to evidence on the ground that it was illegally obtained must be raised prior to trial. This is the current rule with regard to evidence obtained as a result of an illegal search. It is also the practice with regard to other forms of illegality such as the use of unconstitutional means to obtain a confession. It seems apparent that the same principle should apply whatever the claimed basis for the application of the exclusionary rule of evidence may be.

Fed. R. Crim. P. 12 Advisory Comm. Notes to 1974 Amend. The Advisory Committee Notes go on to explain that this rule "'is designed to eliminate from the trial disputes

over police conduct not immediately relevant to the question of guilt.'" *Id.* (quoting *Jones* v. *United States*, 362 U.S. 257, 264 (1960)).  Thus, it is plain that any motion arguing that a statement of a co-defendant should not be admitted against Walsh is not a "motion to suppress,"[2] but rather is a standard *in limine* motion properly made according to the schedule for resolving *in limine* motions.[3]  *Cf. United States* v. *Kirsh*, 54 F.3d 1062, 1068 (2d Cir. 1995) (noting that question of suppression of statement is distinct from question of whether statement is properly admissible against co-defendant pursuant

---

[2]Defendant Walsh is not the first defendant incorrectly to use the word "suppress" in connection with a motion pursuant to *Bruton*, *see, e.g.*, *United States* v. *Gomez*, 758 F. Supp. 145, 148 (S.D.N.Y. 1991) (denying defendant's motion for "suppression" of co-defendant's post-arrest statement naming defendant because statement redacted to eliminate the reference by name to the defendant); *United States* v. *Aquino*, 2011 WL 6761066 (W.D.N.Y. Dec. 23, 2011) (denying *Bruton*-based motion to "suppress" because Government stated that it will redact any statements it intends to offer to comply with *Bruton*), but our research reveals no case in which a *Bruton* motion is treated as a motion to suppress triggering the notice requirements of Rule 12(b)(4), nor does Walsh cite any such case.

[3]Indeed, if defendant Walsh were correct that evidentiary objections were encompassed within Rule 12's concept of "a motion to dismiss," all such objections would also be subject to Rule 12(e), which provides that a defendant waives the objection if a motion to suppress is not made prior to the deadline set for pretrial motions.  By Walsh's reading, therefore, the procedure in a federal criminal case would be as follows:  the Government would be required first to present its trial evidence to the defendants; the defendants would then, by "motion to suppress," make any objections or arguments about the admissibility of that evidence; at the same time, the defendants would make other pretrial motions; there would be no need for *in limine* motions because all issues regarding admissibility would have been resolved at the pretrial motions stage in the context of "motions to suppress"; and finally, the Government would again present its admissible evidence at trial for the jury.  The could be no evidentiary objections at such a trial, since any evidentiary issues would either have been resolved at the pre-trial motion stage, or would be waived pursuant to Rule 12(e).

to *Bruton*); *see also United States* v. *Lanier*, 578 F.2d 1246, 1254 (8th Cir. 1978) (Rule 12(b)(4) is not designed to permit defendants to obtain more specific discovery than that afforded by Rule 16); *United States* v. *Bozeman*, 2012 WL 1071207, at *10 (E.D. Tenn. Mar. 29, 2012) ("Rule 12(b)(4) is not designed to permit a defendant to challenge the admissibility of evidence generally.").

    The defendant's request, therefore, that the Government identify specific co-defendants' statements it intends to offer at trial only against those co-defendants is premature, and properly deferred until the Court entertains *in limine* motions. *United States* v. *Solomonyan*, 451 F. Supp. 2d 626, 647 (S.D.N.Y. 2006) ("[D]efendants request that the government release statements of codefendants, so as to allow time to propose [*Bruton*] redactions . . . . The government offers to release statements not previously produced when it makes its *in limine* motions at which time it will propose necessary redactions. This schedule is adopted by the Court." (citations omitted)); *United States* v. *De La Cruz*, 2006 WL 2322692, at *2 (S.D.N.Y. Aug. 8, 2006) (setting schedule for "*[i]n limine* motions, including the Government's . . . proposed *Bruton* redactions"); *United States* v. *Columbo*, 2006 WL 2012511, at *13 (S.D.N.Y. July 18, 2006).

    At the proper time (that is, after pretrial motions are resolved; any guilty pleas are entered; and if necessary, defendants are separated into appropriate trial groups), the Government will make determinations of which statements it intends to offer at trial, and will make any necessary modifications to the statements to ensure that they

comply with *Bruton*. If the proposed modifications do not, in the Court's view, satisfy *Bruton*, the Government will propose further modifications.  In other words, as is typical in a multidefendant case, *Bruton* issues are resolved in the context of *in limine* motions shortly before trial, and severance is typically not the first resort for addressing *Bruton* efforts.  This is because, for "reasons of economy, convenience and avoidance of delay, there is a preference in the federal system for providing defendants who are indicted together with joint trials." *United States* v. *Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003); *see also United States* v. *Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008); *United States* v. *Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996). This presumption favoring joint trials is particularly strong where, as here, "the crime charged involves a common scheme or plan" among the defendants. *United States* v. *Girard*, 601 F.2d 69, 72 (2d Cir. 1979); *accord United States* v. *Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991); *United States* v. *Turoff*, 853 F.2d 1037, 1042 (2d Cir. 1988).[4]

       In addition, in arguing that certain statements by co-defendants create "a severe *Bruton/Crawford* issue" (Br. 6), Walsh's motion misreads the rule of *Bruton*, just as it misreads Rule 12's reference to "a motion to suppress."  In *Bruton*, the Supreme Court held that admission of a non-testifying co-defendant's confession naming the defendant as a perpetrator at their joint trial violates the named defendant's Sixth

---

[4] A defendant seeking severance must shoulder the "extremely difficult burden" of showing that he would be so prejudiced by joinder that he would be denied a fair trial. *United States* v. *Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989) (quotation omitted).

Amendment right to cross-examination. *See* 391 U.S. at 135-36. In subsequent cases, however, the Court made clear that non-obvious redaction of a co-defendant's confession to eliminate any references to the defendant is sufficient to eliminate any *Bruton* problem. *See Richardson* v. *Marsh*, 481 U.S. 200 (1987); *Gray* v. *Maryland*, 523 U.S. 185 (1998). Only if the statement, even after it is redacted, "facially incriminat[es]" the defendant, is it a violation of *Bruton*. *Gray* v. *Maryland*, 523 U.S. at 196.

Applying these principles, the Second Circuit has consistently held that the introduction of a co-defendant's confession with the defendant's name replaced by a neutral noun or pronoun does not violate *Bruton*. *See, e.g., United States* v. *Alvarado*, 882 F.2d 645, 651 (2d Cir. 1989), *overruled on other grounds by Bailey* v. *United States*, 516 U.S. 137 (1995); *see also United States* v. *Sanin*, 252 F.3d 79, 84 (2d Cir. 2001) (noting that *Gray* "did not overrule prior decisions or alter doctrines employed by this Circuit"). For example, in *United States* v. *Tutino*, 883 F.2d 1125, 1135 (2d Cir. 1989), the Court affirmed a conviction based in part on a statement of a co-defendant that was redacted to refer to "others," "other people," and "another person." As the Court explained, "a redacted statement in which the names of co-defendants are replaced by neutral pronouns, with no indication to the jury that the original statement contained actual names, and where the statement standing alone does not otherwise connect co-defendants to the crimes, may be admitted without violating a co-defendant's *Bruton* rights." *Id.*

Notably, the Second Circuit has emphasized that, in determining whether a proposed redaction is sufficient to pass muster under *Bruton*, courts should view the redacted statement separate and apart from any other evidence admitted at the trial. In *United States* v. *Williams*, 936 F.2d 698 (2d Cir. 1991), for example, the Court noted that prior decisions "have uniformly held that the appropriate analysis to be used when applying the *Bruton* rule requires that we view the redacted confession in isolation from the other evidence introduced at trial." *Id.* at 700. If that confession, "when so viewed, does not incriminate the defendant, then it may be admitted with a proper limiting instruction even though other evidence in the case indicates that the neutral pronoun is in fact a reference to the defendant." *Id.* at 700-01.

Thus, in *Williams* itself, the Second Circuit stated that there was no violation of *Bruton* where a co-defendant's statement was admitted with the defendant's name replaced by a neutral pronoun ("this guy"), even though the defendant's confession, which was also admitted, "all but insured that a jury *could* identify the person referred to in [the co-defendant's] confession as [the defendant]. Each statement referred to a plan to 'go for a ride' in a car in order to steal 'a lot of money' from a victim named 'Freddy' who followed the car.  Nevertheless, a jury *would* identify [the defendant] as the other 'guy' in [the co-defendant's] confession only if it disregarded the limiting instructions given by the district court."  *Id.* at 701.

Similarly, in *United States* v. *Jass*, 569 F.3d 47, 53 (2d Cir. 2009), the

7

Second Circuit rejected a *Bruton*-based claim that the defendant was prejudiced by the admission at a joint trial of the co-defendant's statements that the co-defendant "took pictures of [Victim 2] and the other person in various sexual poses with the digital camera. [The co-defendant also stated] that the other person took pictures of he and [Victim 2] in various sexual poses with the digital camera." *Id.* at 53.  (The co-defendant's actual confession had used Jass's name, rather than the phrase "another person.").  The Second Circuit rejected the defendant's argument that the jury was incapable of considering this confession only against the co-defendant, and that the jury would necessarily infer that "the other person" was the defendant. *Id.* at 58.  The Court explained: "From *Bruton* to *Richardson* to *Gray*, the Supreme Court's Confrontation Clause concern has been with juries learning that a declarant specifically identified a co-defendant as an accomplice in the charged crime." *Id.* at 60.  Where redaction or alteration of the statement conceals the co-defendant's "*specific* identification of a confederate," however, even where the statement would inferentially incriminate the defendant, the court's instruction to the jury to consider the statement only against its maker is normally sufficient to eliminate prejudice and to prevent the jury from misusing the statement to draw such an incriminating inference against the non-declarant defendant. *Id.* at 60-61.

    Thus, although this motion is entirely premature, and although the Government has not made final determinations of whether *Bruton* redactions are

appropriate, it is not at all clear that any redaction of the statements discussed in defendant Walsh's brief is necessary, since those statements do not include a co-defendant's "*specific* identification of a co-defendant." *Id.* at 60.  To take one example, the defendant Lesniewski's statement that "he thinks approximately . . . fifty percent of the LIRR patients he saw had an honest disability while the other fifty percent should have been weeded out prior to awarding them their disability" (Br. 5), while highly incriminating of Lesniewski, does not specifically or directly incriminate defendant Walsh or any other defendant, since there is nothing about the statement that indicates which "fifty percent" group includes a particular individual patient.[5]  This statement, and the others cited in defendant Walsh's brief, therefore present far less of a *Bruton* concern than the statements properly admitted in *Williams*, *Jass*, and other Second Circuit cases.

---

[5]Moreover, there is nothing particularly complex about an appropriate instruction to the jury to consider this statement only against defendant Lesniewski and not to consider it in any way against any other defendant.  Thus, it is difficult to imagine how, as Walsh claims, the limiting instructions will resemble the "legendary Cretan Labyrinth."  (Br. 9).  At most, a straightforward instruction like this would be required for each trial defendant who has made self-incriminating, testimonial statements.

## CONCLUSION

For the foregoing reasons, the request by defendant Walsh for specific identification of all co-defendant statements the Government intends to offer at trial should be denied.

Dated:   New York, New York
         June 21, 2012

                                          Respectfully submitted,

                                          PREET BHARARA
                                          United States Attorney

                     By:           /S/
                                          JUSTIN S. WEDDLE
                                          E. DANYA PERRY
                                          DANIEL TEHRANI
                                          Assistant United States Attorneys
                                          (212) 637-2312/2434/2455