UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

       -against-                                   NOTICE OF MOTION
                                                    CR 11-1091 (S-1) (VM)
THOMAS DELALLA,                               ECF Case

                Defendant.
------------------------------------------------------x

       PLEASE TAKE NOTICE, that upon the annexed declaration of the LAW OFFICES OF ALAN J. SCHWARTZ, P.C., dated the 14th day of September, 2012, and upon all proceedings had herein, the undersigned will move this Court at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York before the HONORABLE VICTOR MARRERO at a date convenient to the court, or as soon thereafter as counsel can be heard, for an Order granting the following relief:

       1. Pursuant to Federal Rule of Criminal Procedure 7(f), the government should be directed to file a bill of particulars pertaining to the specific statements in Thomas DeLalla's disability application and the subsequent Disability Recertification form which are alleged to be false, as well as which of Mr. DeLalla's medical conditions were falsified or exaggerated.

       2. To join in all applicable motions for legal relief sought by counsel for the co-defendants to date and for any and other relief the Court may deem just and proper.

DATED:  September 14, 2012
        Garden City, New York

                        Respectfully submitted,

                        By: _____
                            ALAN J. SCHWARTZ
                            LAW OFFICES OF ALAN J. SCHWARTZ, P.C.
                            Attorneys for Defendant THOMAS DELALLA
                            1010 Franklin Avenue, 2nd floor
                            Garden City, New York 11530-2900
                            (516) 248-6311
                            alan@ajslaw.com

To:  Clerk of the Court           (all via ECF)
     AUSA Justin. S Weddle
     AUSA E. Danya Perry
     AUSA Daniel B. Tehrani
     All defense counsel of record

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

                                                    DECLARATION
      -against-                                      CR 11-1091 (S-1) (VM)
                                                    ECF Case

THOMAS DELALLA,

            Defendant.
-------------------------------------------------------x

      ALAN J. SCHWARTZ, an attorney duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York, declares under the penalty of perjury that the following facts, upon information and belief, are true. The source of your affiants information and belief is a review of the available public records, discovery material, and documents filed in this matter and provided by the Assistant United States Attorneys assigned to this case as well as conversations with co-counsel and our client, Thomas DeLalla.

      This declaration, as well as the jointly filed memorandum of law, is filed in support of defendant's motion seeking the following relief:

      1. That the Court direct the Government to file a bill of particulars which specifically enumerates which statements made by Thomas DeLalla in his disability application and the subsequent Disability Recertification form are alleged to be false, as well as which of Mr. DeLalla's medical conditions were falsified or exaggerated.

      2. To join in any applicable motions for legal relief sought by counsel for similarly situated co-defendants, as well as to particularly join in a number of motions and applications by defense counsel, and for any and other relief the Court may deem just and proper.

      A brief summary of the applicable facts and any legal arguments in support of the materials

are set forth in the accompanying memorandum of law and incorporated in the motions filed by the various co-counsel.

Wherefore, your declarant respectfully requests an order granting the relief sought herein and for such other and further relief as the Court may deem just and proper.

DATED:    September 14, 2012
          Garden City, New York

Respectfully submitted,

By: _____
    ALAN J. SCHWARTZ
    LAW OFFICES OF ALAN J. SCHWARTZ, P.C.
    Attorneys for Defendant THOMAS DELALLA
    1010 Franklin Avenue, 2nd floor
    Garden City, New York 11530-2900
    (516) 248-6311
    alan@ajslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

                      -against-                                CR 11-1091 (S-1) (VM)
                                                      ECF Case

THOMAS DELALLA

                      Defendant.
-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT THOMAS DELALLA'S PRETRIAL MOTIONS

LAW OFFICES OF ALAN J. SCHWARTZ, P.C.
Attorneys for Thomas DeLalla
_____

1010 Franklin Avenue, 2nd Floor
Garden City, New York 11530
(516) 248-6311

## **Preliminary Statement**

Pursuant to a superseding indictment filed on May 22, 2012, the defendant Thomas DeLalla, along with twenty co-defendants, has been charged with conspiracy to commit mail fraud, wire fraud and health care fraud under the first count of the indictment. Count II alleges a conspiracy to defraud the United States Railroad Retirement Board. The substantive counts of the indictment allege the filing of a false claim (Count III), health care fraud (Count IV) and mail fraud (Count V) with regard to the filing of a re-certification of physical condition form on March 15, 2011. Count 19 of the indictment alleges wire fraud with regard to the receipt of disability payments and the remainder of the indictment contains general forfeiture allegations relating to the criminal allegations. The present indictment now combines three distinct groups of individuals: two doctors and a medical employee, two alleged facilitators who assisted in the filing of multiple disability applications and fifteen (15) individual annuitants/retirees who are charged for filing a purportedly false individual application. Additionally, the Government has charged nine additionally former LIRR employees and unsealed the guilty plea of a tenth additional former LIRR employee on September 12, 2012.

Mr. DeLalla is a former Long Island Railroad employee of twenty -seven years and filed for disability pension benefits in December of 2008 approximately a month after he retired on November 1, 2008. Further, Mr. DeLalla, since at least March 2008, has had several documented orthopedic injuries and ailments including a disc herniation, degenerative disc disease of the cervical spine, chronic neck pain, a torn superior labram in his right shoulder, chronic right shoulder pain, carpal tunnel syndrome, a meniscus tear in his left knee, and chondromalacia in his knees. Most of these injuries were confirmed by numerous MRIs, X-Rays and other tests administered by both Mr. DeLalla's personal doctors, as well as the independent doctors he was referred to by the United

1

States Rail Road Retirement Board.

The Government has not specifically alleged that Mr. DeLalla utilized the services of any of the alleged facilitators. Additionally, Thomas DeLalla is the **only** annuitant the Government has **not** alleged utilized or paid for one of the so-called medical assessment and illness narratives.

The Government has never outlined which of the specific statements made by Mr. DeLalla are fraudulent. A bill of particulars is requested in this regard, particularly since, as a member of the second group of indicted defendants, there was no Criminal Complaint which may have specified which specific statements and medical conditions were falsified by Mr. DeLalla.

**I.     THE GOVERNMENT SHOULD BE REQUIRED TO FILE AN APPROPRIATE BILL OF PARTICULARS REGARDING THE SPECIFIC ALLEGATIONS OF FALSITY WITHIN DEFENDANT DELALLA'S DISABILITY APPLICATION AND THE RECERTIFICATION THEREOF, PARTICULARLY SINCE THE SECOND SET OF DEFENDANTS DID NOT RECEIVE A CRIMINAL COMPLAINT**

As per the Court's instructions regarding the cooperation of defense counsel to avoid duplicative motions, we are joining in Gregory Noone's request for a bill of particulars and Mr. Gentile's in Gregory Noone's memorandum of law in all respects as it applies to Thomas DeLalla with the following additions.

An order requiring the Government to file a bill of particulars is particularly appropriate to Mr. DeLalla since he is a member of the group of defendants which was charged in the superseding indictment on May 22, 2012. The second set of charged defendants has never been served with a Criminal Complaint which could have further elaborated the allegations made in the superseding indictment. Whereas the first group of defendants indicted received a small modicum of what constituted their allegedly fraudulent conduct in a seventy four page Criminal Complaint, the second

group of defendants was only presented with the thirty-three page indictment.

In this case, the Government has alleged that a false disability application dated December 9, 2008 was filed by Mr. DeLalla. On pages five and twenty-three of the indictment, the Government asserts, but fails to indicate precisely which parts of the RRB disability applications are falsified by Mr. DeLalla or the amounts paid to Dr. Peter Ajemian for his services. For example, in paragraph g on page 6 of the Superseding Indictment, the Government asserts that the doctors, facilitators, and other participants were aware that the LIRR employees were not unable to perform their jobs because of medical impairments, but the Government does not delineate which of the specific medical impairments Mr. DeLalla claimed were falsified. In addition, within the same paragraph, the Government alleges that the doctors, facilitators, and other participants were aware that the LIRR employees had pre-planned the date on which they would declare themselves disabled, and that this date was "contemporaneous with their projected retirement date," but fails to indicate when this date of alleged pre-planning occurred for Mr. DeLalla.

The Government states in paragraph number 10 on page 7 of the indictment that the total revenue for each of Dr. Ajemian and Dr. Lesniewski from September 2004 until September 2008 was at least hundreds of thousands of dollars, fostered by the defendants including Mr. DeLalla in paying for disability narratives and medical assessment forms, but fails to allege that Mr. DeLalla ever paid for or filed a disability narrative or medical assessment form to the RRB.

We respectfully request that the Court order the Government to provide a bill of particulars defining and specifying which statements were allegedly fabricated or falsified, as well as which specific medical conditions Mr. DeLalla exaggerated.

## II.   DEFENDANT DELALLA REQUESTS TO JOIN IN THE LEGAL APPLICATIONS OF SIMILARLY SITUATED CO-DEFENDANTS

As per the Court's directive that Defense Counsel submit motions in a joint fashion wherever possible, Mr. DeLalla respectfully requests permission to join in the following motions:

### A.   Severance

- Defendant Dr. Peter Ajemian's motion to sever the trial into three distinct groups.

- Defendant Gregory Noone's Rule 14 prejudicial spillover point regarding a severance of the individual annuitants from the doctors, their employees and the alleged facilitator.

### B.   Striking of Parts of the May 22, 2012 Superseding Indictment

- Defendant Regina Walsh's motion pursuant to Rule 7(c)(1) addressed to the prolixity of the Superseding Indictment as well as her motion to dismiss counts 3, 4, and 19 of the indictment.

- The Rule 8(a) motion filed by defendant Marie Rusin to dismiss Counts One and Two of the indictment on duplicity grounds.

- Defendant Dr. Peter Ajemian's rule 7 motion to strike the allegations of statistics referred to in paragraphs 22-26 in the May 22, 2012 Superseding Indictment, as well as the preclusion of the Government's use thereof.

- Defendant Steven Gagliano's motion to strike statistical surplusage in the indictment and the preclusion of the underlying evidence thereof.

### C.   Preclusion of Certain Evidence

- Defendant Noone's motion to preclude the Government from introducing empirical evidence of uncharged third party disability.

- The motion to preclude evidence acquired by the Government through its "amnesty" program filed by defendants Dr. Peter J. Lesniewski and Steven Gagliano.

### D.   Discovery

- The motions for disclosure of Brady material, particularly those filed by defendants Gregory Bianchini and Dr. Peter J. Lesniewksi.

4

- The motion for early disclosure of 18 U.S.C. § 3500 materials filed by defendant Richard Ehrlinger.

- The motion for disclosure pursuant to Fed. R. Evid. 1006 filed by defendant Dr. Peter J. Lesniewski.

- Defendants Dr. Peter Ajemian's, Gregory Noone's, Steven Gagliano's and the other defendants' requests that the Court direct the Government to file a bill of particulars.

### E. Miscellaneous

- The motion directed to the exclusion from the grand jury pool of individuals older than 70 filed by defendant Regina Walsh.

- Defendant Dr. Peter J. Lesniewski's EDNY motion.

Mr. DeLalla also requests to join in the other applications of our co-counsel and co-defendants who are similarly situated in terms of legal position regarding the motions being filed with the Court. Additionally, we respectfully request that the Court consider the supplemental arguments made in support of these various motions as made by the other defendants as they relate to Mr. DeLalla.

### CONCLUSION

For the reasons outlined in this memorandum, it is requested that the Court grant the relief sought herein as well as the relief sought in the motions Mr. DeLalla is requesting to join.

DATED:    September 14, 2012
          Garden City, New York

                              Respectfully submitted,

                              _____
                              By:   ALAN J. SCHWARTZ
                              LAW OFFICES OF ALAN J. SCHWARTZ, P.C.
                              Attorneys for Defendant THOMAS DELALLA
                              1010 Franklin Avenue, 2nd floor
                              Garden City, New York 11530-2900
                              (516) 248-6311
                              alan@ajslaw.com

5