UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA              :         S1 11 Cr. 01091 (VM)
                                      :
    - against -                       :
                                      :         (Electronically Filed)
PETER LESNIEWSKI, et al.,             :
                                      :
              Defendant.              :
------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DR. PETER LESNIEWSKI'S MOTION *IN LIMINE*

                      JOSHUA L. DRATEL
                      JOSHUA L. DRATEL, P.C.
                      29 Broadway, Suite 1412
                      New York, New York 10006
                      (212) 732-0707

                      THOMAS ANTHONY DURKIN
                      DURKIN & ROBERTS
                      2446 N. Clark Street
                      Chicago, Illinois 60614
                      (312) 981-0123

                      *Attorneys for Defendant Peter Lesniewski*

– Of Counsel –

Joshua L. Dratel
Thomas Anthony Durkin
Janis D. Roberts
Lindsay A. Lewis
Joshua G. Herman

TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I

THE GOVERNMENT SHOULD BE PRECLUDED
FROM INTRODUCING AT TRIAL ANY
EVIDENCE RELATING TO DR. AJEMIAN OR DR. PARISI. . . . . . . . . . . . . . . . . . . . . . . . . 1

A.  *Any Evidence Relating to Dr. Ajemian or Dr. Parisi Would
    Be Unfairly and Incurably Prejudicial to Dr. Lesniewski.* . . . . . . . . . . . . . . . . . . . . . . 2

B.  *Dr. Lesniewski Should Be Granted a Severance If Evidence
    Relating to Dr. Ajemian or Dr. Parisi Is Admitted At Trial.* . . . . . . . . . . . . . . . . . . . . 4

C.  *Any Evidence Regarding Dr. Ajemian or Dr. Parisi
    Should Be Precluded Because It Would Not Be Part of the
    Same Conspiracy Alleged Against Dr. Lesniewski* . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

D.  *The Court Should Require the Government to Provide a Formal Written
    Proffer of the Co-Conspirator Statements It Seeks to Offer At Trial.* . . . . . . . . . . . . . . 6

E.  *If the Evidence Relating to Dr. Ajemian and Dr. Parisi is Admitted,
    That Will Lengthen the Trial to the Extent that Only a Continuance
    Will Guarantee Dr. Lesniewski His Right to Present a Defense
    Within the Designated Time Frame.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Introduction

This Memorandum of Law is submitted on behalf of Defendant Dr. Peter J. Lesniewski in support of his motion *in limine* to preclude the government from offering any evidence – either through testimony or documents or other physical objects – relating to Dr. Peter Ajemian and/or Dr. Ralph F. Parisi.

As detailed below, the consolidation of the trial into a single group of defendants threatens to prejudice Dr. Lesniewski unfairly and overwhelmingly. If evidence relating to Dr. Ajemian is admitted, the distinct character of the cases against Dr. Ajemian and Dr. Lesniewski will be obscured by the nature and volume of the evidence against Dr. Ajemian. It will also lengthen the trial, perhaps substantially, and, ultimately, deny Dr. Lesniewski a fair trial. In addition, if the Court permits admission of such evidence, Dr. Lesniewski moves for severance.

Accordingly, it is respectfully submitted that the Court should preclude from trial any evidence relating to Dr. Ajemian or Dr. Parisi.

POINT I

**THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING AT TRIAL ANY <u>EVIDENCE RELATING TO DR. AJEMIAN OR DR. PARISI</u>**

The government's witness list (provided to the defense last Friday, June 15, 2013) indicates that it intends to elicit testimony and offer documents relating to the records, patients, and conduct of Dr. Ajemian and Dr. Parisi. However, for the reasons set forth below, it is respectfully submitted that such testimony and documents should be precluded at trial.

1

### A. *Any Evidence Relating to Dr. Ajemian or Dr. Parisi Would Be Unfairly and Incurably Prejudicial to Dr. Lesniewski*

As detailed below, the re-combination of the two groups of remaining defendants for purposes of a single trial has created the prospect of overwhelmingly unfair prejudice to Dr. Lesniewski in the form of evidence regarding Dr. Ajemian.

As the Court noted at Dr. Ajemian's sentencing, Dr. Ajemian's practice was for more than a decade predominated by Long Island Railroad ("LIRR") disability applicants, and Dr. Ajemian was the physician for an inordinate percentage of those LIRR employees seeking and/or receiving disability benefits.

That type of evidence creates substantial unfair prejudice to Dr. Lesniewski in the following fashion:

- it creates an unwarranted and unfair inference that a substantial percentage, if not the *entirety*, of the LIRR disability program was fraudulent;

- it creates an unwarranted and unfair inference that doctors who regularly treated LIRR employees and rendered conclusions that an LIRR retiree was disabled were deliberately engaged in fraud;

- it creates an unwarranted and unfair inference that any findings of a particular type of disability for an LIRR retiree were fraudulent, and that any doctor rendering such a finding was deliberately engaged in fraud;

- it creates an unwarranted and unfair inference that any doctor who was associated with, or in contact with, or referred patients by, certain "facilitators" (who were also associated with, in contact with, or referred patients to, Dr. Ajemian) was

    deliberately engaged in fraud in the course of treating LIRR employees/retirees, and/or rendering findings of disability on their behalf; and

-  it will improperly and unfairly enable the government to buttress its statistical analysis – inadmissible for other reasons as well – with data that simply are unrelated to, and therefore cannot be attributed to, Dr. Lesniewski.

 Indeed, the government's evidence about Dr. Ajemian threatens to constitute "other crimes, wrongs, or acts" evidence akin to that admitted pursuant to Rule 404(b) – *but about another defendant, and not the defendant(s) on trial*.  In effect, it is "propensity" evidence about the *disability process itself*, and not about Dr. Lesniewski's allegedly fraudulent participation in that process.  Dr. Lesniewski's trial is not an exercise in probabilities; rather, it is a determination of *his* conduct, and not that of other physicians.

 In that context, the "tail" – the evidence regarding Dr. Ajemian and Dr. Parisi – will surely wag the "dog" – the very limited evidence regarding Dr. Lesniewski, which should be the sole focus of the jury's attention and deliberation.  Nor is Dr. Lesniewski equipped – or obliged, as a matter of law – to rebut such evidence about Dr. Ajemian or Dr. Parisi.

 Nevertheless, he will be required to confront that evidence, and the conduct of Dr. Ajemian and Dr. Parisi will constitute a "mini-trial" that is eminently avoidable.  Indeed, both the government and the Court have expressed the desire – shared as well by Dr. Lesniewski – to streamline the trial.

 For example, in making its initial proposal to split the initial indictment in two trial groups, the government accurately acknowledged that such division "would result in the greatest judicial efficiency[,]" and reduce the length of any trial occurring after the larger group of

3

defendants, involved with Dr. Ajemian either as patients or "facilitators," was tried. *See* Government's Response to PreTrial Motions, at 25-26.

Similarly, at the most recent pretrial conference, conducted June 7, 2013, the government repeated that aspiration. *See* Transcript, June 7, 2013, at 7. In response, the Court emphasized that "it is very critical for us to do everything conceivable to make sure that we remain within the time frame that will allow us to conclude the trial by the scheduled time of the middle of August." *Id*.

However, permitting the government to introduce evidence related to Dr. Ajemian or Dr. Parisi will most certainly derail that objective, and require additional time not only for the government's case, but also for the defense's efforts to counter it. Nor would it be tolerable for the government's evidence about Dr. Ajemian and/or Dr. Parisi somehow to result in an expenditure of time that would circumscribe in any fashion Dr. Lesniewski's ability either to meet that evidence, or present evidence relevant to *his own conduct*, within the prescribed time frame envisioned by the Court.

Accordingly, a trial in which Dr. Lesniewski was compelled to defend not only himself, but Dr. Ajemian and Dr. Parisi as well, would be inherently and manifestly unfair. As a result, such evidence should be precluded.

### B. *Dr. Lesniewski Should Be Granted a Severance If Evidence Relating to Dr. Ajemian or Dr. Parisi Is Admitted At Trial*

In his Reply Memo of Law in support of pretrial motions, Dr. Lesniewski agreed with the government's proposal to divide the defendants in two groups for purposes of trial: those associated with Dr. Ajemian, and those (a much smaller group) associated with Dr. Lesniewski.

*See* Dr. Lesniewski's Reply Memo of Law, at 10.

As a result, if the Court intends to admit any evidence relating to Dr. Ajemian and/or Dr. Parisi, Dr. Lesniewski moves for a severance in order to eliminate from his trial any evidence relating to Dr. Ajemian and/or Dr. Parisi.

C. *Any Evidence Regarding Dr. Ajemian or Dr. Parisi Should Be Precluded Because It Would Not Be Part of the Same Conspiracy Alleged Against Dr. Lesniewski*

It is anticipated that the government will attempt to premise admission of evidence relating to Dr. Ajemian and/or Dr. Parisi on the ground that it is part of the same conspiracy alleged against Dr. Lesniewski. However, that argument is without merit. The Memo of Law in support of the pretrial motions filed by Defendant Maria Rusin (Dkt. #236) included as POINT I the following claim:

> Counts One and Two of the S-1 Indictment Improperly Charge Multiple Conspiracies In Single Counts and Should Be Dismissed On Grounds of Facial Duplicity. In the Alternative, the Court Should Order the Government to Elect Which Conspiracy It Will Attempt to Prove and Strike the Other.

Dr. Lesniewski joined in that motion as well, and while it may not have been ripe for decision as a motion to dismiss, the government essentially adopted its formulation in its division of the defendants into two trial groups. Also, the motion cogently sets forth the reasons why the conspiracies alleged against Dr. Ajemian and Dr. Lesniewski are distinct, and that applies far more powerfully as an evidentiary matter than it did as a motion to dismiss and/or elect. As a result, Dr. Lesniewski respectfully incorporates by reference herein Ms. Rusin's motion in that respect.

In addition, the government's position, stated at Dr. Ajemian's sentencing, that the

5

doctors served as the "gatekeepers" for the alleged fraud provides further evidence that the alleged conspiracies are separate, as there is not any evidence that Dr. Ajemian and Dr. Lesniewski were in contact, or together devised any aspect of the alleged fraudulent scheme. *See* Transcript, May 24, 2013, at 5.

Indeed, the Court, in sentencing Dr. Ajemian, also constructed a conspiracy that flowed downward from the top (the doctors), stating that Dr. Ajemian, "through his fraudulent procedures, . . . facilitated the conversion of many Long Island Railroad employees into convicted felons." *Id.*, at 17. According to the Court, "[a] large number of the disability benefits applicants who employed Dr. Ajemian's services went to him as healthy, misguided patients, and came out as indicted co-conspirators." *Id*. *See also id.*, at 19 (noting "the lengths to which [Dr. Ajemian] went *to devise* an elaborate and sophisticated scheme to exploit [the] flaws [in the Railroad Retirement Board's disability benefits review process]") (emphasis added).

**D.**     ***The Court Should Require the Government to Provide a Formal Written Proffer of the Co-Conspirator Statements It Seeks to Offer At Trial***

In his pretrial motions, in POINT V (Dkt. #234, at pp. 41-51), Dr. Lesniewski asked the Court to "require a formal written proffer by the government that permits the Court to determine preliminarily, and prior to the impaneling of the jury or the swearing of the first witness, the admissibility of co-conspirator statements against Dr. Lesniewski so as to . . . insure him a fair trial."

Dr. Lesniewski renews that request in light of the consolidation of defendants in the single upcoming trial. It is imperative that neither Dr. Lesniewski nor the Court be blindsided by introduction of purported co-conspirator statements that ultimately will not be sufficiently

connected to the specific conspiracy charged against Dr. Lesniewski to warrant admission in evidence. The parallel – rather than unitary – nature of the alleged conspiracies involving Dr. Ajemian and Dr. Lesniewski, respectively, creates an unusually grave danger that statements offered pursuant to Rule 801(d)(2(E), Fed.R.Evid., will not pass muster upon review at the close of the government's case.

However, in this case, given the statements' extraordinarily prejudicial nature (for the reasons set forth **ante**, at 2-4), simply admonishing the jury to disregard them, or providing any type of limiting instruction, will be insufficient to overcome their prejudicial effect on Dr. Lesniewski.

In addition, such a preview of alleged co-conspirator statements will serve the Court's purposes as well, as it will enable the parties and the Court to consider them efficiently *en masse* absent the presence of the jury, rather than *in*efficiently *seriatim* during trial – a practice the Court directed with respect to exhibits the parties intend to offer. *See* Transcript, June, 7, 2013, at 8-9. Again, this time-saving technique will further ensure that the trial can conclude within the anticipated time frame.[1]

E. *If the Evidence Relating to Dr. Ajemian and Dr. Parisi is Admitted, That Will Lengthen the Trial to the Extent that Only a Continuance Will Guarantee Dr. Lesniewski His Right to Present a Defense Within the Designated Time Frame*

As stated at the June 7, 2013, pretrial conference, Dr. Lesniewski is prepared and committed to proceed to trial July 15, 2013. As explained above, admission of the evidence related to Dr. Ajemian and Dr. Parisi would increase the length of the trial, as it would require

---

[1] Moreover, as noted in his initial motion papers, Dr. Lesniewski is not financially capable of enduring a second trial should the government successfully introduce statements that fail to qualify under Rule 801(d)(2)(E).

not only the government's presentation, but also the necessity for the defense to meet it. At the June 7, 2013, pretrial conference, the Court expressed concern with respect to the ability to try this case to conclusion within the allotted time frame. If the evidence relating to Dr. Ajemian and Dr. Parisi is admitted it would threaten to deprive Dr. Lesniewski of the ability to present his defense *to the charges against him* – as opposed to the charges against Dr. Ajemian – which would be untenable, and would deprive him of his Fifth and Sixth Amendment rights.

Thus, if that evidence is admitted, the only recourse that would preserve Dr. Lesniewski's rights to present a defense would be a continuance. Dr. Lesniewski does not want a continuance, but makes this application on a contingent basis should it serve as the only means of insuring his right to present a defense.

**Conclusion**

Accordingly, for all the reasons set forth above, it is respectfully submitted that any evidence regarding Dr. Ajemian and/or Dr. Parisi be precluded from trial.

Dated: 17 June 2013
       New York, New York

                                                            Respectfully submitted,

                                                            /s/Joshua L. Dratel
                                                           Joshua L. Dratel
                                                           JOSHUA L. DRATEL, P.C.
                                                           29 Broadway, Suite 1412
                                                           New York, New York 10006
                                                           (212) 732-0707
                                                           jdratel@joshuadratel.com

                                                           /s/Thomas Anthony Durkin
                                                           Thomas Anthony Durkin
                                                           DURKIN & ROBERTS
                                                           2446 N. Clark Street
                                                           Chicago, Illinois 60614
                                                           (312) 981-0123
                                                           tdurkin@durkinroberts.com

                                                           *Attorneys for Defendant Peter Lesniewski*

-Of Counsel-

Joshua L. Dratel
Thomas Anthony Durkin
Janis D. Roberts
Lindsay A. Lewis
Joshua G. Herman