UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
UNITED STATES OF AMERICA
                                                       :
                        Plaintiff,          S14 11 Cr. 1091 (VM)
                                                       :
        - against -                         (Electronically Filed)
                                                       :
PETER LESNIEWSKI
                                                       :
                        Defendant.
-------------------------------------------------------X


**DEFENDANT PETER LESNIEWSKI'S MEMORANDUM OF LAW
IN OPPOSITION TO THE GOVERNMENT'S MOTIONS *IN LIMINE***


                        Joshua L. Dratel
                        JOSHUA L. DRATEL, P.C.
                        29 Broadway, Suite 1412
                        New York, New York 10006
                        (212) 732-0707
                        jdratel@joshuadratel.com

                        Thomas Anthony Durkin
                        DURKIN & ROBERTS
                        2446 N. Clark Street
                        Chicago, Illinois 60614
                        (312) 981-0123
                        tdurkin@durkinroberts.com

                        *Attorneys for Defendant Peter Lesniewski*

-Of Counsel-

Thomas Anthony Durkin
Joshua L. Dratel
Janis D. Roberts
Joshua G. Herman
Lindsay A. Lewis

TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I

THE GOVERNMENT'S MOTION FOR PRECLUSION
OF DEFENSE ARGUMENT OR EVIDENCE
SUGGESTING THE RAILROAD RETIREMENT
BOARD WAS NEGLIGENT SHOULD BE DENIED AS MOOT . . . . . . . . . . . . . . . . . . . . . . . 1

POINT II

THE COURT SHOULD DENY OR DEFER THE GOVERNMENT'S
MOTION TO PRECLUDE ANY REFERENCE TO THE RRB'S
"CONTINUING DISABILITY REVIEWS" AND ANY
FINDINGS MADE IN CONNECTION WITH SUCH REVIEWS . . . . . . . . . . . . . . . . . . . . . . . 1

POINT III

THE COURT SHOULD ALLOW ADMISSION OF CERTAIN
PORTIONS OF DR. LESNIEWSKI'S STATEMENTS TO LAW
ENFORCEMENT AGENTS THAT GO BEYOND WHAT THE
GOVERNMENT SEEKS TO INTRODUCE PURSUANT TO
RULE 106, FED.R.EVID. AND/OR AS EXCEPTIONS TO HEARSAY . . . . . . . . . . . . . . . . . 3

POINT IV

THE GOVERNMENT'S MOTION TO LIMIT CROSS-
EXAMINATION OF THE CASE AGENT EXPECTED
TO TESTIFY AS TO LESNIEWSKI'S ADMISSIONS,
TO THE SCOPE OF HIS DIRECT EXAMINATION
MUST BE DENIED AND/OR DEFERRED AS PREMATURE . . . . . . . . . . . . . . . . . . . . . . . 7

POINT V

DR. LESNIEWSKI JOINS IN ANY OPPOSITION BY
HIS CO-DEFENDANTS TO THE GOVERNMENT'S
MOTION FOR THE ADMISSION OF ALLEGEDLY
FRAUDULENT TAX RETURNS FILED BY
MARIE BARAN AND JOSEPH RUTIGLIANO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**Introduction**

This Memorandum of Law is submitted on behalf of Defendant Dr. Peter J. Lesniewski in opposition to the government's Motions *In Limine*.  As detailed below, most of the government's motions are either premature, not pertinent to Dr. Lesniewski, or present phantom issues that will not be relevant at trial.

Accordingly, it is respectfully submitted that the government's motions *in limine* as they relate to Dr. Lesniewski be either denied or deferred.

**POINT I**

**THE GOVERNMENT'S MOTION FOR PRECLUSION
OF DEFENSE ARGUMENT OR EVIDENCE
SUGGESTING THE RAILROAD RETIREMENT
BOARD WAS NEGLIGENT SHOULD BE DENIED AS MOOT**

The government moves for preclusion of defense argument or evidence suggesting that the Railroad Retirement Board (hereinafter "RRB") was allegedly negligent or careless in failing to stop the fraud.  Dr. Lesniewski will not be making any assertion, or presenting any evidence, suggesting that the RRB was allegedly negligent or careless in failing to stop the fraud alleged in the Indictment.  As a result, that portion of the government's motion is moot with respect to Dr. Lesniewski.

**POINT II**

**THE COURT SHOULD DENY OR DEFER THE GOVERNMENT'S
MOTION TO PRECLUDE ANY REFERENCE TO THE RRB'S
"CONTINUING DISABILITY REVIEWS" AND ANY
FINDINGS MADE IN CONNECTION WITH SUCH REVIEWS**

The government also moves to preclude any reference to the RRB's "continuing disability reviews" and any findings made in connection with such reviews.  As discussed below,

1

that motion should be denied and/or deferred.

As a threshold matter, much of the government's concern is mooted by the fact that Dr. Lesniewski will not be asserting that the RRB should have discovered the alleged fraud during such reviews, or is at fault for any losses that occurred.  Regarding the government's additional argument – that the defendants should not be permitted to adduce evidence that RRB's reconfirmation of the disability determination demonstrates that Dr. Lesniewski did not commit fraud in the applications, or to the extent the applications did "exaggerate," it is Dr. Lesniewski's position that the occupational disability standard was so low that any "exaggerations" were immaterial – any subsequent ratification of an annuitant's disability claim is certainly relevant to Dr. Lesniewski's intent.

Indeed, it is manifestly relevant whether RRB ultimately confirmed that the annuitants were occupationally disabled as Dr. Lesniewski suggested.  Medical diagnostics and testing are interpretative, and not absolute.  If further review of a particular patient's condition resulted in RRB concluding that patient/annuitant was occupationally disabled, such review certainly supports Dr. Lesniewski's defense that he did not intend to defraud the RRB, and rendered findings of disability only for those patients who met the criteria, has he understood it, for occupational disability.

Thus, if a patient were genuinely disabled, that would provide powerful circumstantial evidence that Dr. Lesniewski would not need to create a false narrative or provide bogus conclusions.  Also, materiality is an essential element of the frauds charged;  thus, evidence that would negate that element is extremely relevant.

In addition, the government's reference to "continuing disability review" is unclear

because the operative term the government uses, 'significant medical improvement,' does not appear in the RRB regulatory scheme.  Thus, the government cannot rely on a standard that it has created for purposes of this case to fit its theory of prosecution.

In that context, the government's motion *in limine* is transparent in purpose:  merely to preclude evidence that is contrary to the government's theory of the case.  Moreover, the government's motion *in limine* is premature because the government's case itself will make such evidence relevant.  Nor should the government be permitted under the guise of a motion *in limine* to preclude valid cross-examination should certain government testimony elicit the same.

**POINT III**

**THE COURT SHOULD ALLOW ADMISSION OF CERTAIN PORTIONS OF DR. LESNIEWSKI'S STATEMENTS TO LAW ENFORCEMENT AGENTS THAT GO BEYOND WHAT THE GOVERNMENT SEEKS TO INTRODUCE PURSUANT TO <u>RULE 106, FED.R.EVID. AND/OR AS EXCEPTIONS TO HEARSAY</u>**

The government moves to preclude admission of those portions of Dr.  Lesniewski's statements to law enforcement agents beyond those the government seeks to introduce.  The government is incorrect in making the blanket contention that any parts of Dr. Lesniewski's statements that are not offered by the government constitute hearsay and/or are inadmissible.  Certain portions beyond what the government seeks to admit may be admissible pursuant to Rule 106, Fed.R.Evid. ("Remainder of or related writings or recorded statements").  Other portions may not constitute hearsay at all, or be admissible pursuant to an exception to hearsay as embodied in Rules 803 & 804, Fed.R.Evid.

For example, in two instances the government has designated certain sentences in a

paragraph, but not a single sentence in between.  Rule 106[1] would clearly require admission of

that sentence in each paragraph for contextual purposes, particularly since the subject matter is

precisely the same:  Dr. Lesniewski's narratives completed on behalf of his patients seeking

disability benefits from the RRB.

Rule 106 would also apply to sentences preceding or following a passage the government

seeks to introduce.  Otherwise, the jury will be misled and Dr. Lesniewski's statements stripped

of their proper context.  Rule 106's "fairness" standard demands that the government not be

permitted to selectively edit sentence-by-sentence in an attempt to cherry-pick segments of the

statements.  *See United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("[w]e have interpreted

this Rule to require that a statement be admitted in its entirety when this is necessary to explain

the admitted portion, to place it in context, or to avoid misleading the trier of fact, . . . or to

ensure a 'fair and impartial understanding' of the admitted portion"), *quoting United States v.

Capaldo*, 402 F. 2d 821, 824 (2d Cir. 1968).

Moreover, those and other portions of Dr. Lesniewski's statements that the government

would not offer plainly are admissible under Rule 803(3), Fed.R.Evid., which exempts from

exclusion (as hearsay) "[a] statement of the declarant's then existing state of mind, emotion,

sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and

---

[1]  Rule 106 reads as follows:

> When a writing or recorded statement or part thereof is introduced
> by a party, an adverse party may require the introduction at that
> time of any other writing or recorded statement which ought in
> fairness to be considered contemporaneously with it.

4

bodily health) . . ."[2]

Thus, many of Dr. Lesniewski's statements the government seeks to preclude are admissible.  Those statements include the following:

    (a)    "[t]he statement [in a particular patient narrative] was inserted based on guidance I received and lack of knowledge of the independent oversight of the process.  I was advised that this is the language that was needed for the patient to be considered for the disability[;]"

    (b)    "I was told to put this information on the form by Michael Flynn [an attorney who was an expert in the field of occupational disability law] [;]"  and

    (c)    "I would be willing to sit down with the Special Agents and/or officials at the U.S. RRB to review all the narratives and Medical Assessments that I prepared to identify the forms and narratives that were highlighted for disability purposes."

Those statements manifest Dr. Lesniewski's state of mind and intent, thereby qualifying for admission under Rule 803(3).  For instance, in *United States v. DiMaria*, 727 F.2d 265 (2d Cir. 1984), the Court reversed the District Court's preclusion of the defendant's statement, uttered upon his arrest for possession of stolen and contraband cigarettes, that "I thought you guys were just investigating white collar crime; what are you doing here?  I only came here to get some cigarettes real cheap."  *Id.*, at 270.

In so doing, the Court in *DiMaria* agreed with the appellant that "the statement thus tended to disprove the state of mind required for conviction under" both substantive and

---

    [2]  Rule 803(3) nevertheless excludes as hearsay "a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will."

conspiracy offenses charged in the indictment.  *Id.  See also United States v. Lawal*, 736 F.2d 5, 8 (2d Cir. 1984);  *United States v. Taveras*, 570 F. Supp.2d 481, 489 (E.D.N.Y. 2008).

Nor does the credibility of the statement matter when assessing admissibility under Rule 803(3).  As the Court added in *DiMaria* – in response to the government's argument that the defendant's remark should be excluded as a "classic false exculpatory statement" – "[f]alse it may well have been but if it fell within Rule 803(3), as it clearly did if the words of that Rule are read to mean what they say, its truth or falsity was for the jury to determine."  *Id*., at 271.

Similarly, in *Lawal*, the Court reiterated that

> *DiMaria* held that relevant declarations which fall within the parameters of Rule 803(3) are *categorically* admissible, even if they are self-serving and made under circumstances which undermine their trustworthiness.  The truth or falsity of such declarations is for the jury to determine, and their "self-serving nature" goes only to their weight.

736 F.2d at 8 (emphasis in original), *citing and quoting DiMaria*, 727 F.2d at 271.  *See also United States v. Shakur*, 82 Cr. 312 (CSH) 1988 WL 31745, at *2 (S.D.N.Y. March 22, 1988) ("in resisting the admissibility of a defendant's out-of-court statements the government cannot argue to the trial judge that the statement is untrustworthy or lacks probable credibility").

Thus, the government's motion should be denied because various portions the government does not seek to offer are nevertheless admissible.  And, again, consistent with the Fifth Amendment, the government should not be permitted to use a motion *in limine* to force the defense to take a position one way or another at this point in time as to how the defense case – or cross-examination – should be presented.  Experienced counsel are quite aware of their obligations under the Rules of Evidence and these are not such pressing admissibility questions that they need to be resolved now.

**POINT IV**

**THE GOVERNMENT'S MOTION TO LIMIT CROSS-
EXAMINATION OF THE CASE AGENT EXPECTED
TO TESTIFY AS TO LESNIEWSKI'S ADMISSIONS,
TO THE SCOPE OF HIS DIRECT EXAMINATION
<ins>MUST BE DENIED AND/OR DEFERRED AS PREMATURE</ins>**

The government moves to limit the cross-examination of the case agent – who is

expected to testify for the limited purpose of eliciting Dr. Lesniewski's admissions – to the scope

of his direct examination in accordance with Rule 611(b), Fed.R.Evid.

Again, that motion is premature because the defense does not yet know the scope of the

agent's direct testimony, much less that of cross-examination.  The government has yet to

produce material pursuant to 18 U.S.C. §3500 (hereinafter "3500 material") for its witnesses.  As

a result, the contours of cross-examination cannot yet be determined.

Also, it is axiomatic that Rule 611(b), Fed.R.Evid., applies to *all* cross-examinations, and

that the Court possesses discretion, within the boundaries created by the Rules of Evidence and

the Constitution, to control the nature and scope of examination.  Thus, a motion *in limine* is

entirely superfluous.  Moreover, the government cannot circumscribe certain subject matter –

demonstrating such fundamentally relevant areas of cross-examination as credibility, or bias –

simply by attempting to limit the scope of direct on such as important issue as purported

"admissions" by Dr. Lesniewski.

This is further complicated by the fact that the defense has been provided several

documents in discovery pertaining to the so-called "admissions" the government seeks to

introduce.  First, the government has provided a memorandum of interview.  Second, the

government has tendered purported agents' notes of the same interview.  Finally, the government

7

has also tendered what it purports to be a signed "statement" ostensibly prepared by the agents for Dr. Lesniewski's signature.  Suffice it to say for now, this signed "statement" differs materially from both the memorandum of interview and the agents' notes.

In addition, in this instance if Dr. Lesniewski decides to call the case agent as a defense witness (because of the limited scope of the government's direct), it would be far more efficient – particularly given the time constraints the length of trial might impose – to permit that information to be elicited on cross-examination rather than require the case agent to appear again during the defense case.  Consequently, Dr. Lesniewski respectfully reserves the right to make that application at the appropriate time.

## POINT V

### DR. LESNIEWSKI JOINS IN ANY OPPOSITION BY HIS CO-DEFENDANTS TO THE GOVERNMENT'S MOTION FOR THE ADMISSION OF ALLEGEDLY FRAUDULENT TAX RETURNS FILED BY MARIE BARAN AND JOSEPH RUTIGLIANO

The government also moves for admission of evidence of fraudulent tax returns filed by defendants Marie Baran and Joseph Rutigliano in connection with the charged scheme.  While such evidence will not be offered against Dr. Lesniewski – and should be the subject of a limiting instruction, at the time it is offered, to that effect – it may nevertheless prejudice him by providing Rule 404(b), Fed.R.Evid., against a co-defendant.  *See United States v. Figueroa*, 618 F. 2d 934, 944- 47 (2d Cir. 1980) (Rule 404(b) evidence establishing guilt of one defendant could be unfairly prejudicial to another defendant).

Such prejudice certainly affects, and supports, Dr. Lesniewski's motion for severance. *See id*., at 944-45.  Accordingly Dr. Lesniewski joins any opposition to that motion filed by

8

defendants Baran and Rutigliano.

### Conclusion

Accordingly, for all the reasons set forth above, it is respectfully submitted that the Court

should deny or defer the government's motions *in limine*.

Dated: June 24, 2013
       New York, New York

Respectfully submitted,

 /s/Joshua L. Dratel
Joshua L. Dratel
JOSHUA L. DRATEL, P.C.
29 Broadway, Suite 1412
New York, New York 10006
(212) 732-0707
jdratel@joshuadratel.com

/s/Thomas Anthony Durkin
Thomas Anthony Durkin
DURKIN & ROBERTS
2446 N. Clark Street
Chicago, Illinois 60614
(312) 981-0123
tdurkin@durkinroberts.com

*Attorneys for Defendant Peter Lesniewski*

-Of Counsel-

Thomas Anthony Durkin
Joshua L. Dratel
Janis D. Roberts
Joshua G. Herman
Lindsay A. Lewis

9