UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -   X

UNITED STATES OF AMERICA   :

     - against -   :   S14 11 Cr. 1091 (VM)

PETER J. LESNIEWSKI,   :
MARIE BARAN, and
JOSEPH RUTIGLIANO,   :

  :

          Defendants.   :

- - - - - - - - - - - - - - - - -   X


**JOINT REQUESTS TO CHARGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -   X

UNITED STATES OF AMERICA                :

      - against -                        :     S14 11 Cr. 1091 (VM)

PETER J. LESNIEWSKI,                     :
MARIE BARAN, and
JOSEPH RUTIGLIANO,                       :

                                         :

                  Defendants.
- - - - - - - - - - - - - - - - - -   X


**JOINT REQUESTS TO CHARGE**

          The parties have conferred regarding requests to

charge, and have agreed on a number of proposed charges, which

are submitted herein as the parties' joint requests to charge.

The parties have also noted herein areas in which they agree on

the need for a charge on a particular topic, but disagree on the

language to be used for that charge, or where they disagree on

whether a charge is needed on a particular topic at all.  The

parties will separately submit charges that cover these areas.

Certain charges are necessarily dependent on the evidence

actually admitted at trial, and thus the parties anticipate

seeking revisions to certain of these requests at the close of

the case.

# Table of Contents

1.   General Requests ........................................ 1

2.   The Indictment: Consider Each Defendant Separately ..... 2

3.   Summary of the Indictment ............................. 3

4.   Conspiracy: Purpose of the Statutes ................... 4

5.   1349 Conspiracy - General Instructions ................ 5

6.   1349 Conspiracy: Elements of Conspiracy ............... 6

7.   1349 Conspiracy: First Element - Existence of Agreement  7

8.   1349 Conspiracy: First Element - Objects .............. 8

9.   1349 Conspiracy: First Element - Time Frame Alleged .... 9

10.  1349 Conspiracy: Second Element - Membership in the
     Conspiracy ............................................ 10

11.  Withdrawal ............................................ 11

12.  371 Conspiracy: Overview and Statute .................. 13

13.  371 Conspiracy: Elements ............................. 14

14.  Health Care Fraud - The Statute and the Indictment .... 15

15.  Health Care Fraud Elements ............................ 16

16.  Health Care Fraud - First Element - Scheme ........... 17

17.  Health Care Fraud - Second Element - Intent to Defraud  18

18.  Good Faith ............................................ 20

19.  Health Care Fraud - Third Element - Health Care Benefit
     Program ............................................... 21

20.  Mail Fraud - The Statute and the Indictment ........... 22

21.  Mail Fraud Elements ................................... 24

22.  Mail Fraud First Element - Existence of Scheme or
     Artifice to Defraud ................................... 25

23.  Mail Fraud Second Element - Participation in Scheme With
     Intent to Defraud ..................................... 26

24.  Mail Fraud Third Element - Use of the Mails ........... 27

25.  Wire Fraud - The Statute and the Indictment ........... 30

26.  Wire Fraud Elements ................................... 32

27.  Wire Fraud - First Element - Existence of Scheme or
     Artifice to Defraud ................................... 33

28.  Wire Fraud - Second Element - Participation in Scheme
     With Intent to Defraud ................................ 34

29.  Wire Fraud - Third Element - Interstate Wires ......... 35

30.  False Statements The Statute and the Indictment ....... 37

31.  False Statements - Purpose of the Statute ............. 38

32.  False Statements - False, Fictitious, or Fraudulent
     Statements - Elements ................................. 39

33.  False Statements - False, Fictitious, or Fraudulent
     Statements - First Element - Statement or Representation
     ...................................................... 40

34.  False Statements - False Statements - False, Fictitious,
     or Fraudulent Statements - Second Element - Materiality 41

35.  False Statements - False, Fictitious, or Fraudulent
     Statements - Third Element - False, Fictitious or
     Fraudulent ........................................... 42

36.  False Statements - False Statements - False, Fictitious,
     or Fraudulent Statements - Fourth Element - Knowing and
     Willful Conduct ...................................... 43

37.  False Statements - False, Fictitious, or Fraudulent
     Statements Fifth Element - Matter within the Jurisdiction
     of the U.S. .......................................... 44

38.  Negligence of Victim Not a Defense ................... 46

39.  Guilt of Substantive Offense - Pinkerton Charge ...... 47

40.  Aiding And Abetting .................................. 48

41.  Health Care Fraud, Mail Fraud and Wire Fraud - Conscious
     Avoidance ............................................ 51

42.  Venue ................................................ 53

43.  Limiting Instruction - Similar Act Evidence .......... 54

44.  Limiting Instruction - Expert Testimony .............. 56

45.  Limiting Instruction - Charts and Summaries .......... 58

46.  Persons Not on Trial ................................. 59

47.  Defendant's Testimony ................................ 60

48.  Defendant's Right Not To Testify ..................... 61

49.  Uncalled Witness - Equally Available ................. 62

50.  Redaction of Evidentiary Items ....................... 64

51.  Subpoenas Must Be Obeyed ............................. 65

52.  Accomplices Called by the Government ................. 67

53.  Particular Investigative Techniques Not Required ...... 68

54.  Stipulations ......................................... 69

55.   Law Enforcement And Government Employee Witnesses ..... 70

56.   Character Testimony .................................. 71

57.   Preparation Of Witnesses ............................ 72

58.   Sympathy - Oath As Jurors ........................... 73

59.   Punishment Not to be Considered by the Jury .......... 74

60.   Motive .............................................. 75

61.   Request No. 62 ...................................... 76

62.   Juror Notes ......................................... 76

63.   Conclusion .......................................... 78

## Request No. 1:
## General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury.

b. Indictment Not Evidence.

c. Statements of Court and Counsel Not Evidence.

d. Burden of Proof and Presumption of Innocence.

e. Reasonable Doubt.

f. Government Treated Like Any Other Party.

g. Definitions, Explanations and Example of Direct and Circumstantial Evidence.

h. Credibility of Witnesses.

i. Guilt Is Personal.

j. Improper Considerations.

k. Duty to Base Verdict on Evidence.

l. Verdict of Guilt or Innocence Must Be Unanimous.

m. Sympathy of Jurors.

**Request No. 2:**
**The Indictment: Consider Each Defendant Separately**

The defendants are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains thirty-three counts, and names four defendants who are on trial together. In reaching a verdict, however, you must bear in mind that you must consider each defendant individually with respect to whether the government has proved its case beyond a reasonable doubt. Your verdict as to each defendant must be determined separately with respect to him or her, solely on the evidence, or lack of evidence, presented against him or her without regard to whether anyone else is guilty or not guilty.

In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

I will first summarize the offenses charged in the Indictment.  Then I will explain in detail the elements of the offenses.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-1 and 3-5.

2

**Request No. 3:**
**Summary of the Indictment**

[The parties disagree about the proper content of this charge]

<u>**Request No. 4:**</u>
<u>**Conspiracy: Purpose of the Statutes**</u>

[The Parties disagree about the proper content of this charge.]

<u>**Request No. 5:**</u>
<u>**Count One and Two:**</u>
<u>**1349 Conspiracy - General Instructions**</u>

Count One the Indictment charges that all four defendants violated Section 1349 of Title 18 of the United States Code, and Count Two of the Indictment charges that the defendants MARIE BARAN and JOSEPH RUTIGLIANO violated that same Section, together with Dr. Ajemian and others. Specifically, Count One charges that:

[The Court is respectfully requested to read paragraphs 27-30 of the Indictment.]

And Count Two charges that:

[The Court is respectfully requested to read paragraphs 37-40 of the Indictment.]

5

### Request No. 6:
### 1349 Conspiracy: Elements of Conspiracy

[The parties disagree about the proper content of this charge].

## Request No. 7:
## 1349 Conspiracy: First Element - Existence of Agreement

[The parties disagree about the proper content of this charge.]

**Request No. 8:**
**1349 Conspiracy: First Element - Objects**

In Count One and in Count Two, the defendants charged in that Count are charged with conspiring to accomplish three different illegal objectives.  The first object the defendants are alleged to have agreed to accomplish is to commit mail fraud.  The second object the defendants are alleged to have agreed to accomplish is to commit wire fraud, and the third object is to commit health care fraud.

It is <u>not</u> necessary for you to find that a charged conspiracy embodied <u>all</u> of these unlawful objectives.  It is sufficient if you find the government has proved beyond a reasonable doubt that conspirators agreed, expressly or impliedly, on <u>any one of the four objectives</u> -- to commit mail fraud, to commit wire fraud, <u>or</u> to commit health care fraud.

An agreement to accomplish any one of these objectives is sufficient.  However, in order to find the defendant you are considering guilty you must all agree on at least one specific unlawful object charged, and you all must agree on the *same* object .

8

**Request No. 9:**
**1349 Conspiracy: First Element – Time Frame Alleged**

One final note on the existence of the conspiracy. The Indictment alleges, both with respect to Count One and Two, which we've been discussing, and with respect to Counts Three and Four, which I will get to, that the conspiracy existed from at least in or about the 1990s up to and including in or about 2011. It is not essential that the Government prove that the conspiracy started and ended at those specific times. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence. Furthermore, as to any defendant, it is sufficient if you find the government has proved beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the Indictment for some time within that period.

Sanders charge, Tr. 1318.

9

**Request No. 10:**
**1349 Conspiracy: Second Element - Membership in the Conspiracy**

[The parties disagree about the proper content of this charge.]

**Request No. 11:**
**Withdrawal**
**[If Applicable]**

A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members.

A defendant withdraws from a conspiracy when he or she abandons the agreement. But, since it is all too easy after the fact for a defendant to claim that he or she withdrew from the plot, the law requires the taking of some affirmative action on the part of the defendant who contends to have withdrawn from the conspiracy.

Simply stopping to participate in the conspiracy is not sufficient to demonstrate a withdrawal from a conspiracy. Unless a conspirator produces affirmative evidence of withdrawal, his or her participation in a conspiracy is presumed to continue until the last overt act by any of the conspirators. In order to withdraw from a conspiracy, the defendant must either "make a clean breast of it" and report his or her illegal acts to law enforcement, or clearly explain to his or her co-conspirators that he or she no longer wishes to be part of the conspiracy.  The burden of establishing withdrawal lies on the defendant.

11

See Smith v. United States, 133 S. Ct. 714, 718–21 (2013) (defendant has burden to prove withdrawal from the conspiracy); United States v. Greenfield, 44 F.3d 1141, 1150 (2d Cir. 1995) ("A defendant withdraws from a conspiracy when he or she abandons the combination and agreement. But, since it is all too easy after the fact for a defendant to claim that he or she withdrew from a plot, the law generally requires the taking of some 'affirmative action,' Indeed, [u]nless a conspirator produces affirmative evidence of withdrawal, his participation in a conspiracy is presumed to continue until the last overt act by any of the conspirators.").

## Request No. 12:
## 371 Conspiracy: Overview and Statute

That finishes the elements of the conspiracies charged in Counts One and Two.  As I told you earlier, Counts Three and Four are also conspiracy counts, but they involve a conspiracy to defraud the United States and an agency thereof, in violation of Title 18, United States Code, Section 371.  The statute provides that it is a crime:

> If two or more persons conspire . . . to
> defraud the United States, or any agency
> thereof, in any manner or for any purpose,
> and one or more of such persons do any act
> to effect the object of the conspiracy . . .

As I mentioned, Count Three charges all four defendants with conspiring to defraud the United States Railroad Retirement Board, and Count Four charges defendants MARIE BARAN and JOSEPH RUTIGLIANO with conspiring with Dr. Ajemian and others to defraud the United States Railroad Retirement Board.  Count Three alleges as follows:

[The Court is respectfully requested to read

paragraph 42 of the Indictment.]

Count Four alleges as follows:

[The Court is respectfully requested to read

paragraph 45 of the Indictment.]

13

**Request No. 13:**
**371 Conspiracy: Elements**

[The parties disagree on the proper content of this charge.]

**Request No. 14:**
**Counts Five through Twelve:**
**Health Care Fraud - The Statute and the Indictment**


Counts Five through Twelve of the Indictment charge health care fraud in violation of Section 1347 of Title 18 of the United States Code.  The statute reads as follows, in pertinent part:

> Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice---
>     (1) to defraud any health care benefit program; or
>     (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,
> in connection with the delivery of or payment for health care benefits, items, or services, shall be [guilty of a crime].

The Indictment charges as follows:

> [The Court is respectfully requested to read paragraph 48 of the Indictment.]

Following this allegation, the Indictment contains a chart listing which defendant or defendants are charged in each particular Count, and indicates the LIRR retiree to whom the Count relates.


15

**Request No. 15:**
**Counts Five through Twelve:**
**Health Care Fraud Elements**

In order to prove a defendant guilty of health care fraud, the Government must establish beyond a reasonable doubt each of the following elements as to that defendant.

First, that there was a scheme to defraud or a scheme to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises in connection with the delivery of or payment for health care benefits, items or services, as charged in the Indictment;

Second, that the defendant knowingly and willfully executed or attempted to execute that scheme with the intent to defraud; and

Third, that the target of the scheme was a health care benefit program, as I will define that phrase for you.

Adapted from Sand, Modern Federal Jury Instructions,
Instr. 44-14.

16

**Request No. 16:**
**Counts Five through Twelve:**
**Health Care Fraud - First Element - Scheme**

[The parties disagree about the proper content of this charge.]

**Request No. 17:**
**Counts Five through Twelve:**
**Health Care Fraud - Second Element - Intent to Defraud**

The second element that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the scheme to defraud knowingly and willfully and with the intent to defraud.

The words "devised" and "participated" are words that you're familiar with and I don't need to spend much time defining them for you.  To devise a scheme to defraud is simply to concoct or to plan it.  To participate in a scheme to defraud means to associate one's self with it knowingly and willfully, with the intent to make it succeed. While a mere onlooker is not a participant in a scheme to defraud, it's not necessary that a participant be someone who personally and visibly executes the scheme to defraud.  Moreover, it's not necessary for the government to establish that the defendant originated the scheme.

I have already explained to you what the words "knowingly" and "willfully" mean in the course of instructing you on the elements of conspiracy.  They have the same meaning here.

18

To act with intent to defraud means to act willfully and with the specific intent to deceive for the purpose of causing some financial loss to another.

Intent to defraud, therefore, is a fact question for you to decide that involves a person's state of mind. As I've already instructed you, direct proof of knowledge or fraudulent intent is not required. The ultimate facts of a person's state of mind, such as intent to defraud, may be established by circumstantial evidence, based on a person's outward manifestations, his or her words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the government has proved that the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did, and all the evidence or lack of evidence.

I instructed you already that the success of the scheme is not an element of the crime.

19

**<u>Request No. 18:</u>**
**<u>Good Faith</u>**
**<u>[If Applicable]</u>**

[The parties disagree about the proper content of this charge.]

**Request No. 19:**
**Counts Five through Twelve:**
**Health Care Fraud - Third Element - Health Care Benefit Program**

The third element that the Government must establish beyond a reasonable doubt is that the target of the scheme was a health care benefit program.  The phrase "health care benefit program" means any public or private plan or contract under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.  Thus, the term "health care benefit program" can include an insurance company that pays medical providers to provide medical treatments pursuant to an insurance contract.  In order to qualify as a "health care benefit program" the program must affect interstate commerce. This means that the program must have had some effect on the movement, transportation, or flow of goods, merchandise, money and individuals between or among the states.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
> Instr. 44-18; <u>see</u> <u>United States v. Lucien</u>, 347 F.3d
> 45, 52 (2d Cir. 2003) (private insurers -- bound by
> contracts purchased by vehicle owners pursuant to the
> No-Fault Act's requirement that vehicle owners
> maintain a liability insurance policy that provides
> coverage for automobile accident injuries regardless
> of fault-reimbursed various medical providers for
> fraudulently billed medical expenses that were
> incurred on behalf of Yves Baptiste and the other two
> defendants.").

21

**Request No. 20:**
**Counts Thirteen through Twenty-One:**
**Mail Fraud - The Statute and the Indictment**

Counts Thirteen through Twenty-One charge various defendants with the substantive crime of mail fraud in violation of Section 1341 of Title 18 of the United States Code.  I will also remind you that Counts One and Two charged conspiracies that had among their objects to commit mail fraud, so you should consider the elements of mail fraud that I am about to explain to you in connection with your consideration of Counts One and Two as well.

The mail fraud statute prohibits the use of the mails or commercial interstate carriers in connection with a scheme to defraud.  The statute reads, in pertinent part, as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, . . . knowingly causes to be delivered by mail or [commercial interstate] carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall [be guilty of a crime].

The Indictment charges as follows:

22

[The Court is respectfully requested to read paragraph 50 of the Indictment.]

Following this allegation, the Indictment contains a chart listing which defendant or defendants are charged in each particular mail fraud Count, and indicates the disability annuitant the charge relates to, as well as the date of the mailing that is alleged to be in furtherance of the scheme.

**Request No. 21:**
**Counts Thirteen through Twenty-One:**
**Mail Fraud Elements**

In order to sustain a charge of mail fraud against a defendant you are considering, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that at or around the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully participated in the scheme or artifice with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of that scheme, the defendant used, or caused the use of, the mails as specified in the Indictment.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-3, and Sanders charge, Tr. 1294-95.

24

**<u>Request No. 22:</u>**
**<u>Counts Thirteen through Twenty-One:</u>**
**<u>Mail Fraud First Element – Existence of Scheme or Artifice to</u>**
**<u>Defraud</u>**

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

I have already defined these terms for you, and you should rely on the instructions I gave you with respect to the first element of health care fraud.

25

**Request No. 23:**
**Counts Thirteen through Twenty-One:**
**Mail Fraud Second Element – Participation in Scheme With Intent to Defraud**

The second element the Government must prove beyond a reasonable doubt is the that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

I have already defined these terms for you, and you should rely on the instructions I gave you with respect to the second element of health care fraud.

26

**Request No. 24:**
**Counts Thirteen through Twenty-One:**
**Mail Fraud Third Element – Use of the Mails**

The third element of mail fraud that the Government must establish beyond a reasonable doubt is the use of the mails or commercial interstate carriers in furtherance of the fraudulent scheme.  The use of the mails or commercial interstate carriers can be from one state to another, or just within a state or even a single city; it doesn't matter, as long as the United States mails or commercial interstate carriers were used.

The mailed matter does not itself have to contain a fraudulent representation or a request for money.  It must, however, further or assist in carrying out the scheme in some way.  It is not necessary for the defendant to have been directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable to  that defendant in the execution of the scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant you are considering caused the mailing in furtherance of the scheme by somebody else.  This does not mean that the defendant must specifically have authorized others to

27

do the mailing.  When a person does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen by that person, even if not actually intended, then a person causes the mails to have been used.

With respect to this element, the Government must prove beyond a reasonable doubt that the scheme involved the use of the mails.  However, the Government does not have to prove that any particular use of the mails was made on the exact date charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the Indictment.

> Adapted from Sanders charge, Tr. 1302-03, Sand et al., Modern Federal Jury Instructions, Instr. 44-3, 44-6, of the Honorable Michael B. Mukasey in United States v. Harding, 91 Cr. 43 (MBM) (S.D.N.Y. 1991) and in United States v. Uccio, 88 Cr. 906 (MBM) (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990) (wire fraud).  See also United States v. Rodolitz, 786 F.2d 77, 80 (2d Cir. 1986) (discussing elements of mail fraud violation); Neder v. United States, 119 S. Ct. (1999) (materiality element of bank, mail and wire fraud statutes); United States v. Bortnovsky, 879 F.2d 30, 36-41 (2d Cir. 1989) (extended discussion of "in furtherance" requirement; holding that letter mailed two years after fraud by innocent third party was reasonably foreseeable and in furtherance of fraud); Pereira v. United States, 347 U.S. 1, 8-9

28

(1954) (defendant causes mailing so long as he "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such can reasonably be foreseen"); United States v. Lane, 474 U.S. 438, 451–52 (1986) (communications "occurring after receipt of the goods obtained by fraud are within the [mail fraud] statute if they 'were designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place.'") (quoting United States v. Maze, 414 U.S. 395, 403 (1974)).

**Request No. 25:**
**Counts Twenty-Two through Thirty-Two:**
**Wire Fraud - The Statute and the Indictment**

Counts Twenty-Two through Thirty-Two charge various defendants with the substantive crime of wire fraud in violation of Section 1343 of Title 18 of the United States Code.  I will also remind you that Counts One and Two charged conspiracies that had among their objects to commit wire fraud, so you should consider the elements of wire fraud that I am about to explain to you in connection with your consideration of Counts One and Two as well.

The wire fraud statute prohibits the use of interstate wire or radio transmissions in connection with a scheme to defraud.  The statute reads, in pertinent part, as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall [be guilty of a crime].

The Indictment charges as follows:

> [The Court is respectfully requested to read
>
> paragraph 52 of the Indictment.]

30

Following this allegation, the Indictment contains a chart listing which defendant or defendants are charged in each particular wire fraud Count, and indicates the LIRR retiree the charge relates to, as well as the beginning date of that retiree's disability pension.

**Request No. 26:**
**Counts Twenty-Two through Thirty-Two:**
**Wire Fraud Elements**

In order to sustain a charge of wire fraud against a defendant, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises, as alleged in the Indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of that scheme, the defendant used, or caused the use of interstate wire or radio as specified in the Indictment.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-3.

32

**Request No. 27:**
**Counts Twenty-Two through Thirty-Two:**
**Wire Fraud - First Element – Existence of Scheme or Artifice to Defraud**

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

I have already defined these terms for you, and you should rely on the instructions I gave you with respect to the first element of health care fraud.

33

**Request No. 28:**
**Counts Twenty-Two through Thirty-Two:**
**Wire Fraud - Second Element – Participation in Scheme With**
**Intent to Defraud**

The second element the Government must prove beyond a reasonable doubt is the that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

I have already defined these terms for you, and you should rely on the instructions I gave you with respect to the second element of health care fraud.

34

**Request No. 29:**
**Counts Twenty-Two through Thirty-Two:**
**Wire Fraud - Third Element - Interstate Wires**

The third element of wire fraud that the Government must establish beyond a reasonable doubt is the use of an interstate or international wire or radio communication in furtherance of the fraudulent scheme.

The wire or radio communication must pass between two or more states, as for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London.  A wire communication also includes an electronic transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant you are considering is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that

the defendant caused the wires to be used by others.  This does not mean that the defendant must specifically have authorized others to make the call or transfer the funds.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used.

With respect to the use of the wires, the Government must establish beyond a reasonable doubt the particular use charge in the Indictment.  The wires charged are the regular electronic payments of disability payments to annuitants.  The Government need not prove all of these wire transmissions, so long as the Government proves at least one of these transmissions for the wire fraud count you are considering.  In other words, the Government must prove beyond a reasonable doubt one interstate wire transmission for Count Twenty-Two, and at least one interstate wire transmission for Count Twenty-Three, and so on.

[The parties disagree on whether a unanimity instruction is required regarding the specific wiring satisfying this element.]

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-7.

36

**Request No. 30:**
**Count Thirty-Three:**
**False Statements The Statute and the Indictment**

Count Thirty-Three charges the defendant JOSEPH RUTIGLIANO with making a false statement in a Disability Recertification Form filed with the RRB, in violation of Section 1001 of Title 18 of the United States Code.   The statute reads as follows, in pertinent part:

> Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully –
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; or
> (2) makes any materially false, fictitious, or fraudulent statement or representation
> Shall be [guilty of a crime].

The Indictment charges as follows:

> [The Court is respectfully requested to read
>
> paragraph 54 of the Indictment.]

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 36-1.

37

**Request No. 31:**
**Count Thirty-Three:**
**False Statements - Purpose of the Statute**

The purpose of Section 1001 is to protect the authorized functions of the various governmental departments from any type of misleading or deceptive practice and from the adverse consequences that might result from such deceptive practices.

To establish a violation of Section 1001, it is necessary that the Government prove certain elements, which I will describe to you, beyond a reasonable doubt. However, I want to point out now that it is not necessary for the Government to prove that the government agency was, in fact, misled as a result of the defendant's action. It does not matter whether the agency was actually misled, or even that it knew of the misleading or deceptive act, should you find that the act occurred. These circumstances would not excuse or justify a concealment undertaken, or a false, fictitious or fraudulent statement made, willfully and knowingly about a matter within the jurisdiction of the Government of the United States.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 36-2.

38

**Request No. 32:**
**Count Thirty-Three:**
**False Statements – False, Fictitious, or Fraudulent Statements - Elements**

We now turn to the second theory alleged in the Indictment.  As I already instructed you, the Government need only prove one of the two theories, but you must unanimously find that any one of the theories is proven beyond a reasonable doubt.  It is also possible to find that the same proof satisfies both theories.  The elements of the second theory are as follows:

First, that on or about the date specified, the defendant made a statement or representation;

Second, that this statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in an matter within the jurisdiction of the government of the United States or federal funds were involved.

Sand, Modern Federal Jury Instructions, 36-9.

39

**Request No. 33:**
**Count Thirty-Three:**
**False Statements – False, Fictitious, or Fraudulent Statements -**
**First Element – Statement or Representation**

The first element that the Government must prove beyond a reasonable doubt is that the defendant made a statement or representation.  In this regard, the Government need not prove that the defendant physically made or otherwise personally prepared the statement in question.  It is sufficient if the defendant caused the statement charged in the Indictment to have been made.  Under the statute there is no distinction between written and oral statements.

Sand, Modern Federal Jury Instructions, Instr. 36-10.

<u>**Request No. 34:**</u>
<u>**Count Thirty-Three:**</u>
<u>**False Statements – False Statements – False, Fictitious, or**</u>
<u>**Fraudulent Statements - Second Element – Materiality**</u>

The second element the Government must prove beyond a reasonable doubt is that the fact falsified or concealed or covered up was material.  A fact is material if it is capable of influencing the Government's decisions or activities.  However, proof of actual reliance on the statement by the Government is not required.

Sand, Modern Federal Jury Instructions, Instr. 36-5.

**Request No. 35:**
**Count Thirty-Three:**
**False Statements – False, Fictitious, or Fraudulent Statements -**
**Third Element – False, Fictitious or Fraudulent**

The third element that the Government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious or fraudulent. A statement is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

Sand, Modern Federal Jury Instructions, Instr. 36-12.

<u>**Request No. 36:**</u>
<u>**Count Thirty-Three:**</u>
<u>**False Statements – False Statements – False, Fictitious, or**</u>
<u>**Fraudulent Statements - Fourth Element – Knowing and Willful**</u>
<u>**Conduct**</u>

The fourth element that the Government must prove beyond reasonable doubt is that the defendant acted knowingly and willfully.  I have already defined these terms for you, in discussing the conspiracy charges in this case, and you should rely on those definitions.

**Request No. 37:**
**Count Thirty-Three:**
**False Statements – False, Fictitious, or Fraudulent Statements**
**Fifth Element – Matter within the Jurisdiction of the U.S.**

The fifth element that the Government must establish beyond a reasonable doubt is that statement or concealment be made or undertaken with regard to a matter within the jurisdiction of the government of United States.  I charge you that the Railroad Retirement Board is a department of United States government.  There is no requirement that the document be actually directed to or given to the Railroad Retirement Board. All that is necessary is that you find that it was contemplated that the document was to be utilized in a matter that was within the jurisdiction of the government of the United States or that federal funds were involved.  To be within the jurisdiction of the government of United States means the statement must concern an authorized function of that department or agency.

It is not necessary for the Government to prove that the defendant had actual knowledge that the false statement was to be utilized in a matter that was within the jurisdiction of the government of the United States.  It is sufficient to satisfy this element if you find that the false statement was

44

made with regard to a matter within the jurisdiction of the government of United States.

Sand, Modern Federal Jury Instructions, Instr. 36-8.

## **Request No. 38:**
## **Negligence of Victim Not a Defense**

[The parties disagree on whether a charge on victim negligence is proper.]

**Request No. 39:**
**General Instructions:**
**Guilt of Substantive Offense - Pinkerton Charge**

[The parties disagree on whether a Pinkerton charge

is proper.]

**Request No. 40:**
**General Instructions:**
**Aiding And Abetting**

With respect to Counts Five through Thirty-Two, the
Indictment also charges the defendants with what is called
"aiding and abetting."  The aiding and abetting statute, section
2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the
> United States or aids, abets, counsels,
> commands, induces or procures its
> commission, is punishable as a principal.

Under the aiding and abetting statute, it is not
necessary for the Government to show that the defendant you are
considering himself or herself physically committed the crime
with which he or she is charged in order for you to find the
defendant guilty.  Thus, if you do not find the government has
proved beyond a reasonable doubt that a particular defendant
himself or herself committed the crime charged, you may, under
certain circumstances, still find that defendant guilty of that
crime as an aider or abettor if the government has proved
certain elements beyond a reasonable doubt.

A person who aids or abets another to commit an
offense is just as guilty of that offense as if he or she
committed it himself or herself.  Accordingly, you may find a
particular defendant guilty of the substantive crime if you find
beyond a reasonable doubt that the Government has proved that

48

another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant you are considering aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself or herself in some way with the crime, and that he or she willfully and knowingly seek by some act to help make the crime succeed.

I have already defined the concepts of knowingly and willfully for you. You should apply those same definitions here.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.

49

An aider and abettor must have some interest in the criminal venture.

To determine whether a the government has proved beyond a reasonable doubt that the defendant you are considering aided or abetted the commission of the crime with which he or she is charged, ask yourself these questions:

-- Did he or she participate in the crime charged as something he or she wished to bring about?

-- Did he or she associate himself or herself with the criminal venture knowingly and willfully?

-- Did he or she seek by his or her actions to make the criminal venture succeed?

If the government has proved beyond a reasonable doubt that he or she did all three of them, then that defendant is an aider and abettor, and therefore guilty of the offense you are considering.  If he or she did not, then the defendant is not an aider and abettor, and is not guilty of that offense.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 11- 1 and 11-2, and from the charge approved in <u>United States v. Stanchich</u>, 550 F.2d 1294 (2d Cir. 1977).  <u>See</u> <u>United States v. Labat</u>, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); <u>United States v. Clemente</u>, 640 F.2d 1069 (2d Cir. 1981) (same)

50

### Request No. 41:
### Counts Five through Thirty-Two:
### Health Care Fraud, Mail Fraud and Wire Fraud - Conscious Avoidance
### [If Applicable]

As I have explained to you, in determining whether a defendant acted knowingly, you may consider whether he or she deliberately closed his or her eyes to what otherwise would have been obvious. Thus, with regard to Counts Five through Thirty-Two, if you find the government has proved beyond a reasonable doubt that the defendant was aware that there was a high probability that a scheme to defraud existed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he and his associates were acting in a lawful manner. However, let me emphasize again that the necessary knowledge cannot be established by a showing that the defendant was careless, negligent, or even foolish.

Even if you find the government has proved such deliberate avoidance beyond a reasonable doubt, that applies only to the element of knowledge. It cannot provide evidence that the defendant acted intentionally or willfully.

> Adapted from the charge upheld in United States
> v. Mang Sun Wong, 884 F.2d 1537, 1541-43 (2d Cir.
> 1989); see also United States v. Jacobs, 117 F.3d
> 82 (2d Cir. 1997) (conscious avoidance charge in

bank fraud case proper where defendant claimed
ignorance).

**Request No. 42:**
**General Instructions:**
**Venue**

[The parties disagree about the proper content of this charge.]

**Request No. 43:**
**General Instructions:**
**Limiting Instruction - Similar Act Evidence**
[To be tailored to the evidence at trial]

Certain evidence that was admitted at trial related to acts that are not themselves part of the charged crime.  In particular, I am referring to the evidence admitted about whether certain defendants properly reported on their tax returns income that they received from the charged crimes.  This evidence was admitted for a limited purpose, and may be considered by you only as it bears upon a defendant's intent, knowledge, motive, opportunity, absence of mistake or accident, as to the acts that are alleged in the Indictment.

Let me remind you that the defendants are not on trial for anything relating to tax returns.  Accordingly, you may not consider evidence relating to their tax returns as a substitute for proof that a defendant committed the crimes charged.  Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character.  The evidence of the other, similar acts has been admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that a defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, that defendant acted knowingly and

54

intentionally and not because of some mistake, accident or other innocent reason.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because a defendant committed the other act or acts, he must also have committed the acts charged in the Indictment.

Adapted from <u>Hundley</u> charge, Tr. 8893-95.

**Request No. 44:**
**General Instructions:**
**Limiting Instruction - Expert Testimony**
[To be tailored to the evidence at trial]

You have heard testimony from Dr. Alton Barron, who testified as an expert.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept any of these witnesses' testimony merely because they are experts.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.  In addition, you must follow my instructions on the law.  To the extent my instructions differ from an expert's view of the law, you should disregard the expert's view of the law and follow my instructions.

56

Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 7-21.

**Request No. 45:**
**General Instructions:**
**Limiting Instruction - Charts and Summaries**

Some of the exhibits in this case are charts and summaries.  These charts and summaries were admitted merely as analyses and summaries of documents previously admitted or certain testimony previously heard, and in some instances, to set forth in detail the conclusions and calculations that witnesses such as Robert Murray or Natasha Marx summarized orally.  These charts and summaries are offered to assist you as visual or organizational aids.  They are not themselves, however, direct evidence of the transactions.  They are graphic demonstrations of the underlying testimony and documents.  Thus it is the underlying evidence that determines what weight, if any, these charts and summaries deserve.  It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and exhibits upon which they are based.  It is also for you to decide what weight to give the underlying evidence.  You are entitled to consider the charts and summaries if you find that they assist you in analyzing and understanding the evidence.

Adapted from <u>Hundley</u> charge, Tr. 8897-98, and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

58

**<u>Request No. 46:</u>**
**<u>General Instructions:</u>**
**<u>Persons Not on Trial</u>**


If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, towards the Government or the defendants, from the fact that such persons were not named as defendants in the Indictment.  Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the four defendants on trial.  Your task is limited to considering the charges contained in the Indictment and the four defendants before you.


Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-4.

59

**Request No. 47:**
**General Instructions:**
**Defendant's Testimony**
**[Requested only if a defendant testifies]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from the charge approved in United States v. Brutus, 505 F.3d 80, 88 n.7 (2d Cir. 2007); and the charge of the Honorable Jed S. Rakoff in United States v. Boyd, 09 Cr. 347 (S.D.N.Y. 2009).

## Request No. 48:
## General Instructions:
## Defendant's Right Not To Testify
## [If Requested]

The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that a defendant did not testify.  No adverse inference against him or her may be drawn because he or she did not take the witness stand.  You may not consider this against a defendant in any way in your deliberations in the jury room.

Adapted from Sand, Modern Federal Jury Instructions,
Instr. 5-21; charge of the Honorable Victor Marrero in
United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y.
Nov. 5, 2007)

61

**Request No. 49:**
**General Instructions:**
**Uncalled Witness - Equally Available**
**[If Appropriate]**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and as to whom there was no stipulation about what they would testify to if they appeared.  I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

Thus, for example, you have heard testimony regarding Peter Ajemian.  I instruct you that he was not available as a witness to any party.  You should not speculate about why he was unavailable.  Nor should you draw any inference, favorable or unfavorable, towards the Government or the defendants because he did not testify.  You must decide the case based upon the evidence before you, not based on speculation.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.  See United States v. Super, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no

62

inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

**Request No. 50:**
**Redaction of Evidentiary Items**
**[If Applicable]**

We have, among the exhibits received in evidence, some documents that are redacted.  "Redacted" means that part of the document or tape was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

### Request No. 51:
### General Instructions:
### Subpoenas Must Be Obeyed
[If Applicable]

You have heard that various documents were produced to the Government in response to subpoenas. Failure to comply with a subpoena can be punished with a fine or imprisonment as contempt of court. In addition when documents are requested pursuant to subpoena, the term document includes such things as handwritten notes that may be on the document in addition to the typewritten portion of the document. Documents required to be produced must be produced in the form that they are maintained in the ordinary course of business. Further, willful withholding or destruction of documents required by subpoena may be criminally prosecuted as obstruction of justice.

> Hundley charge, Tr. 8904. See 18 U.S.C. §§
> 401(3) (criminal contempt statute), 1503
> (obstruction of justice); 28 U.S.C. § 1826
> (court may summarily order a contumacious
> witness's confinement); United States v. De
> Simone, 267 F.2d 741, 744 (2d Cir. 1959)
> ("The failure to respond to a Grand Jury
> subpoena is therefore to be tried without a
> jury, as a criminal contempt under 18 U.S.C.
> § 401(3)."); Braswell v. United States, 487
> U.S. 99, 112 (1988) ("'This Court has . . .
> time and again allowed subpoenas against the
> custodian of corporate documents or those
> belonging to other collective entities such
> as unions and partnerships and those of
> bankrupt businesses over claims that the
> documents will incriminate the custodian
> despite the fact that producing the
> documents tacitly admits their existence and

65

their location in the hands of their
possessor.'") (alteration in original)
(quoting <u>Fisher v. United States</u>, 425 U.S.
391, 411-12 (1976)); <u>United States v.
Dionisio</u>, 410 U.S. 1, 9 (1973) ("'[c]itizens
generally are not constitutionally immune
from grand jury subpoenas . . . .'")
(alterations in original) (quoting <u>Branzburg
v. Hayes</u>, 408 U.S. 665, 682 (1972)).

**Request No. 52:**
**General Instructions:**
**Accomplices Called by the Government**

[The parties disagree about the proper content of this charge.]

**Request No. 53:**
**Particular Investigative Techniques Not Required**
**[If Applicable]**

[The parties disagree about the proper content of this
charge.]

**Request No. 54:**
**General Instructions:**
**Stipulations**
**[If Applicable]**

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the weight to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

Adapted from charge of the Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007); and from Sand, Modern Federal Jury Instructions, Instr. 5-6 and 5-7.

69

**Request No. 55:**
**General Instructions:**
**Law Enforcement And Government Employee Witnesses**

You have heard the testimony of law enforcement officials and of employees of the Government.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, or lack of evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16; and from the charge of the Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007).  See United States v. Ouimette, 798 F.2d 47, 49 (2d Cir. 1986) (as a general rule, "it is inappropriate to charge that police officers testifying at trial are specially interested in the outcome of a case").

**Request No. 56:**
**General Instructions:**
**Character Testimony**
**[If Applicable]**

You have heard testimony that the defendant has a good reputation for honesty in the community where he lives and for truthfulness.

Along with all the other evidence you have heard, you may take into consideration the evidence and testimony about the honesty and truthfulness of the defendant when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crimes with which he or she has been charged.

> Adapted from the charge approved in <u>United States v.</u>
> <u>Pujana-Mena</u>, 949 F.2d 24, 27–31 (2d Cir. 1991) (A
> defendant is not entitled to a charge that character
> evidence "standing alone" is enough for acquittal;
> such a charge is "potentially misleading and
> confusing").  The Second Circuit notes that "[I]t
> might be helpful in some cases to instruct the jury as
> to the purpose or purposes for which [character
> evidence] is admitted.  Character evidence is
> admissible principally to show that, because of his or
> her good reputation, the defendant is less likely to
> have committed the charged crime.  In cases where the
> defendant testifies, character evidence may also be
> used by the jury to help it determine whether the
> defendant was truthful on the stand."  <u>Id.</u> at 30.
> (citations omitted).

71

**Request No. 57:**
**General Instructions:**
**Preparation Of Witnesses**
**[If Applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adopted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (S.D.N.Y. 1999).

72

**<u>Request No. 58:</u>**
**<u>General Instructions:</u>**
**<u>Sympathy - Oath As Jurors</u>**

[The parties disagree about the proper content of this charge.]

**<u>Request No. 59:</u>**
**<u>General Instructions:</u>**
**<u>Punishment Not to be Considered by the Jury</u>**


Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence and to determine whether the government has proved beyond a reasonable doubt that defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Honorable Vincent L. Broderick in <u>United States v. Drucker</u> (S.D.N.Y.), Tr. 3151; the Honorable Edward Weinfeld in <u>United States v. Bruswitz</u>, <u>aff'd</u>, 219 F.2d 59, 62-63 (2d Cir.), cert. denied, 349 U.S. 913 (1955).

**Request No. 60:**
**General Instructions:**
**Motive**
**[If Applicable]**

[The parties disagree on whether a charge on motive is proper.]

**Request No. 62**
**Juror Notes**

If you want to take notes during the course of the
trial, you may do so.  You are not required to take notes, and
it is entirely up to you whether you take notes.  However, if
you do decide to take notes, be sure that your note-taking does
not interfere with listening to and considering all the
evidence.  Also, remember that your notes are only for you.  You
may not share your notes or discuss your notes with anyone
before or during deliberations.

In addition, notes that you take may only be used to
assist you, and are not a substitute for your recollection of
evidence in the case. Keep in mind that just because you've
written a note does not necessarily mean it is accurate.  Along
the same lines, the fact that a particular juror has taken notes
does not entitle that juror's views to any greater weight than
the views of any other juror.  Again, you are not required to
take notes, but if you decide to do so, you may not discuss or
share your notes with anyone else before or during
deliberations.  Any notes you take are for you alone.

> Adapted from 1 L. Sand, et. al., Modern Federal Jury
> Instructions, Instr. 1-3 (2009), and from the charge
> of the Honorable Sidney H. Stein in United States v.
> Mondher Bejaoui 10 Cr. 553 (S.D.N.Y. 2010). See also

76

United States v. Bertolotti, 529 F.2d 149 (2d Cir. 1975).

## **Conclusion**

[The parties disagree on the proper content of this charge.]