UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -   X

UNITED STATES OF AMERICA                :

    - against -                          :   S14 11 Cr. 1091 (VM)

PETER J. LESNIEWSKI,                     :
MARIE BARAN,
JOSEPH RUTIGLIANO, and                   :
STEVEN GAGLIANO,
                                         :
              Defendants.
                                         :

- - - - - - - - - - - - - - - - -   X


**GOVERNMENT'S REQUESTS TO CHARGE**


PREET BHARARA
United States Attorney
Southern District of New York,
Attorney for the United States
    of America


JUSTIN S. WEDDLE
NICOLE FRIEDLANDER
DANIEL B. TEHRANI
Assistant United States Attorneys

    - Of Counsel -


July 8, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -   X

UNITED STATES OF AMERICA                :

    - against -                        :    S14 11 Cr. 1091 (VM)

PETER J. LESNIEWSKI,                     :
MARIE BARAN,
JOSEPH RUTIGLIANO, and                   :
STEVEN GAGLIANO,
                                         :
                  Defendants.
- - - - - - - - - - - - - - - - -   X


### GOVERNMENT'S REQUESTS TO CHARGE

       The Government respectfully requests that the Court include the following in its charge to the jury, in addition to the Joint Requests to Charge submitted by the parties.

## <u>Table of Contents</u>

Request No. 3: Summary of the Indictment .......................4

Request No. 4:  Conspiracy: Purpose of the Statute.............7

Request No. 6:  1349 Conspiracy: Elements of Conspiracy........9

Request No. 7:  1349 Conspiracy: First Element – Existence of
    Agreement..................................................10

Request No. 10:  1349 Conspiracy:  Second Element –
    Membership in the Conspiracy...............................14

Request No. 13:  371 Conspiracy:  Elements....................19

Request No. 16: Counts Five through Twelve:  Health
    Care Fraud – First Element – Scheme........................23

Request No. 18:  Good Faith...................................28

Request No. 38:  Negligence of Victim Not a Defense...........31

Request No. 39:  General Instructions: Guilt of Substantive
    Offense – Pinkerton Charge.................................32

Request No. 42:  General Instructions: Venue..................35

Request No. 52:  General Instructions: Accomplices Called
    by the Government..........................................37

Request No. 53:  Particular Investigative Techniques Not
    Required...................................................40

Request No. 58:  General Instructions:  Sympathy – Oath As
    Jurors.....................................................41

Request No. 61:  General Instructions:  Motive................42

Conclusion....................................................43

Charge on Occupational Disability.............................47

**Request No. 1:**
**Summary of the Indictment**

The defendants, PETER J. LESNIEWSKI, MARIE BARAN, and JOSEPH RUTIGLIANO, are formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  The Indictment contains Thirty-Three separate counts.

First, Count One of the Indictment charges all three defendants with conspiring to commit mail fraud, wire fraud, and health care fraud based on their alleged participation in a scheme to defraud the United States Railroad Retirement Board by obtaining disability benefits for Long Island Rail Road retirees by means of false and fraudulent applications and supporting material, and to defraud private health insurers by billing for unnecessary medical visits and tests.

Count Two charges defendants MARIE BARAN and JOSEPH RUTIGLIANO with participating in a conspiracy to commit mail fraud, wire fraud, and health care fraud with another doctor who is not on trial here – Peter Ajemian - based on their alleged participation in the same kind of scheme to defraud the United States Railroad Retirement Board, and private health insurers, using the same methods described in Count One.

Count Three charges all three defendants with conspiring to defraud the United States, and specifically the

3

U.S. Railroad Retirement Board, again through the same kind of scheme.

Count Four charges defendants MARIE BARAN and JOSEPH RUTIGLIANO with conspiracy, together with Peter J. Ajemian (who I remind you is not on trial here), to defraud the United States Railroad Retirement Board through the same kind of scheme.

Counts Five through Twelve charge different defendants or a combination of defendants with committing health care fraud in connection with the scheme. These defendants are also charged with aiding and abetting the commission of this crime.

Counts Thirteen through Twenty-One charge different defendants or a combination of defendants with committing mail fraud in connection with the scheme. These defendants are also charged with aiding and abetting the commission of this crime.

Counts Twenty-Two through Thirty-Two charge different defendants or a combination of defendants with committing wire fraud in connection with the scheme. These defendants are also charged with aiding and abetting the commission of this crime.

Count Thirty-Three charges JOSEPH RUTIGLIANO with making a false and fraudulent statement to the United States, namely, RUTIGLIANO is charged with falsely informing the U.S. Railroad Retirement Board that he had not worked or been self-employed while he was receiving disability benefits.

4

### Request No. 2:
### Conspiracy: Purpose of the Statutes

As I said, Counts One through Four each charge a conspiracy to violate the law of the United States.  A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy is an independent offense.  It is separate and distinct from the violation of any specific federal laws, which the law refers to as "substantive crimes."

If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.  Indeed, you may find a defendant guilty of conspiracy to commit an offense even though the substantive crimes which were the object of the conspiracy were not actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 19-1, 19-2; See United
> States v. Labat, 905 F.2d 18, 21 (2d Cir.
> 1990) ("Since the essence of conspiracy is
> the agreement and not the commission of the
> substantive offense that is its objective,
> the offense of conspiracy may be established

5

even if the collaborators do not reach their
goal."). <u>See</u> <u>also</u> <u>United States v. Tejada</u>,
956 F.2d 1256, 1264 (2d Cir. 1992) (quoting
<u>Labat</u>).

### Request No. 3:
### 1349 Conspiracy: Elements of Conspiracy

In order for you to find a particular defendant guilty of conspiracy in violation of 1349, the Government must prove beyond a reasonable doubt each of the following essential elements as to that defendant:

First, that the conspiracy charged in the Indictment existed; that is, that there was an agreement or understanding to commit a federal crime.

Second, that the defendant knowingly and willfully became a member of that conspiracy.

Now let us separately consider the two elements.

Adapted from the charge given by the Honorable John F. Keenan in United States v. Rasheen Jordan, 03 CR 399 (JFK) (2004), Hon. Shira A. Scheindlin in United States v. Vasilevsky, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); and from Sand, Modern Federal Jury Instructions, Instr. 19-3; see also United States v. Svoboda, 347 F.3d 471, 476-77 (2d Cir. 2003) (discussing three elements of conspiracy).

**Request No. 4:**
**1349 Conspiracy: First Element - Existence of Agreement**

Now let me talk separately about each of the two elements.  The Government must first prove the existence of the conspiracy.  In other words, it must prove an unlawful agreement by two or more people to commit at least one of the three objectives charged in the Indictment.  The conspiracies alleged in Counts One and Two are agreements to commit mail fraud, wire fraud, and health care fraud.  I'm going to talk first about what the Government must show to prove an agreement.  Then I'll talk to you about those objectives.

You need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or in writing, what the scheme was, its object or purpose, or every precise details of the scheme or the means by which its object or purpose were to be committed or accomplished.  What the Government must prove is that there was a mutual understanding, whether spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  But since a conspiracy, by its very nature, often is characterized by secrecy, you may also infer its

8

existence from the circumstances of the case and the conduct of the parties allegedly involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to have been participants as proof that there was a common design on the part of the persons charged to act together to accomplish an unlawful purpose.

As I mentioned to you before, if the elements of conspiracy are established, it is immaterial whether the conspirators successfully accomplished their purpose.  On the other hand, proof that the objects of an alleged conspiracy were accomplished may be the most persuasive evidence of the existence of the conspiracy itself.  In other words, success of the venture, it you believe it was successful, and how that success was achieved, may be the best proof of the venture itself.

Usually, the only evidence available is that of disconnected acts on the part of the alleged individual conspirators, which, when taken together in connection with each other and with the reasonable inferences flowing from them, may show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

In sum, if, upon consideration of all the evidence, direct or circumstantial, you find beyond a reasonable doubt that at least two of the alleged conspirators agreed to work together in furtherance of the unlawful scheme alleged in the Indictment, then the first element is established.

Adapted from the Sanders charge, Tr. 1313-14, and the Hundley charge, Tr. 8783, 84. See Sand, Modern Federal Jury Instructions, Instr. 19-4; United States v. Perez, 144 F.3d 204, 208 (2d Cir. 1998) ("In order to prove a charge of conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice."); United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997) ("The existence of -- and a particular defendant's participation in -- a conspiracy may be established entirely by circumstantial evidence.  Moreover, the conspiratorial agreement itself may be established by proof of a tacit understanding among participants, rather than proof of an explicit agreement . . . ." (Citations omitted)); United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes." (citations omitted)); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal." (citations omitted)); United States v. Rubin, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

**Request No. 5:**
**1349 Conspiracy: Second Element - Membership in the Conspiracy**

As to each conspiracy count, if you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, you should next determine the second question, and that is whether the defendant you are considering participated in the conspiracy in furtherance of its unlawful objectives.

The Government must prove beyond a reasonable doubt that he or she knowingly and willfully entered into the agreement and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective or objectives.

### "Willfully," and "Knowingly" Defined

An act is done "knowingly" if it is done voluntarily and deliberately rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you evidence of certain acts and conversations alleged to have taken place with the defendants, certain records alleged to relate to the defendants, and other physical and testimonial evidence. The Government contends that these acts, conversations and pieces of physical evidence show

11

beyond reasonable doubt that the defendants knew of the unlawful purposes of the conspiracy.

It is not necessary that a defendant you are considering be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his or her part.  To have knowledge sufficient to join a conspiracy, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that a defendant knew every other member of the conspiracy, nor is it necessary that a defendant receive any monetary benefit from his or her participation or that he or she had a financial stake in the outcome.  While proof of a financial interest in the outcome of a scheme is not essential, if you find that a defendant did have such an interest, that is a factor you may consider in determining whether he or she was a member of the conspiracy.

If you find that the defendant you are considering had some underlying motive, not in itself criminal, for any or all of his or her acts, you may nevertheless conclude that his or her conduct was willful, so long as he or she also acted with the intent to aid or bring about the success of one or more of the alleged objects of the conspiracy.  While motive is something you may consider, the Government is not required to prove motive, that is, a defendant's ultimate goal or reason for

engaging in a particular course of conduct.  It is often very difficult, if not impossible, to ascertain why someone did something.  Here, it is important not to confuse motive with intent.  Motive is what prompts a person to act or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.  If the guilt of a defendant is proven beyond a reasonable doubt, it is immaterial what the motive for the crime may be.

I want to caution you, however, that the knowledge requirement is <u>not</u> satisfied by demonstrating that the defendant was merely negligent, foolish, or mistaken.

The duration and extent of a defendant's participation has no bearing on the issue of the defendant's guilt.  A defendant need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he or she will still be held responsible for all that was done before the defendant joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor roles in the scheme. An equal role is not what the law requires.  In fact, even a single knowing and willful act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  Similarly, mere association in a business or otherwise with a conspirator does not by itself make one a member of the conspiracy, although a conspiracy may exist between persons who are also associated in lawful business activities.  What is necessary is that the government prove beyond a reasonable doubt that a defendant you are considering participated in the conspiracy with knowledge of at least some of its illegal objects and with an intent to aid in the accomplishment of those objects.

In sum, to satisfy this element, the defendant you are considering, with an understanding of at least some of the objects of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering at least one of those unlawful objects.  Only then does a defendant become a knowing participant in the agreement -- that is to say, a conspirator.

Adapted from the Sanders charge, Tr. 1318-23, and the Hundley charge, Tr. 8790-96, and from Sand, Modern Federal Jury Instructions, Instr. 3A-1, 3A-2, 3A-3, 6-18.  On the second element generally, see United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997) (presence is not enough; nor is knowledge; membership

14

requires participation).  On the types of proof
required to satisfy the second element, and the scope
a defendant's responsibility, see United States v.
Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The
defendants' knowledge of the conspiracy and
participation in it with the requisite criminal intent
may be established through circumstantial evidence.  A
defendant need not have joined a conspiracy at its
inception in order to incur liability for the unlawful
acts of the conspiracy committed both before and after
he or she became a member.") (citations omitted).  On
the existence of a relationship as circumstantial
evidence of conspiracy, see United States v. Furkin,
119 F.3d 1276, 1279 (7th Cir. 1997) ("The parties'
intent, as well as their agreement, may be inferred
from circumstantial evidence concerning the
relationship of the parties, their overt acts, and the
totality of their conduct.").

**Request No. 6:**
**371 Conspiracy: Elements**

In order for you to find a particular defendant guilty of conspiracy to defraud the United States, the Government must prove beyond a reasonable doubt each of three elements.  The first two elements are the same as they were for the conspiracies charged in Counts One and Count Two.  That is, the first element is the existence of the conspiracy, although of course here the charged object of the conspiracy is to defraud the United States, and the second element is the defendant's knowing and willful participation in the conspiracy.  You should apply the same instructions and definitions I've already given you regarding those two elements when you are considering Counts Three and Four as well.

There is a third element of the conspiracy to defraud the United States charge that was not an element of the Count One and Count Two conspiracies.  To establish the third element, the Government must prove that any one of the conspirators, not necessarily the defendant you are considering, but any one of the parties involved in the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

Just as with the Counts One and Two conspiracies, it is not necessary that the United States suffer a loss in order to establish the existence of a conspiracy to defraud the United

16

States.   And, I instruct you that the United States Railroad Retirement Board is an agency of the United States under the meaning of this conspiracy statute.

Now, let me explain in more detail the overt act element that applies to Counts Three and Four.   Under the statute criminalizing conspiracies to defraud the United States, there has to be something more than an agreement, some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.   In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.   For Count Three, a number of overt acts are alleged in the Indictment in paragraph 43.   Similarly for Count Four, a number of overt acts are alleged in the Indictment in paragraph 46.   I will not read them to you now, but you will have the Indictment with you in the jury room.

But, in order for the Government to satisfy the overt act element, it is not required to prove all of the particular overt acts alleged in the Indictment.   Nor is it required that the overt act proven be alleged in the Indictment.   It is enough if the Government proves that at least one overt act was knowingly committed by a conspirator in furtherance of the conspiracy.   In addition, to satisfy this element, you must

17

unanimously agree that some overt act was committed, but you
need not agree unanimously on any particular overt act.

Similarly, it is not necessary for the Government to
prove that each member of the conspiracy committed or
participated in an overt act. It is sufficient if you find that
at least one overt act was knowingly committed by at least one
conspirator, whether the defendant you are considering or
another co-conspirator to further the conspiracy. Remember the
act of any one of the members of a conspiracy done in
furtherance of the conspiracy becomes the act of all the other
members.

The overt act must have been knowingly done by at
least one conspirator in furtherance of some unlawful object of
the conspiracy as charged in the Indictment. In this regard,
you should bear in mind that the overt act standing alone may
be an innocent, lawful act. Frequently, however, an apparently
innocent act sheds its harmless character if it is a step in
carrying out, promoting, aiding or assisting the conspiratorial
scheme. You are, therefore, instructed that the overt act does
not have to be an act which in and of itself is criminal or
constitutes an objective of the conspiracy.

Adapted from the Hundley charge, Tr. 8797-98.

The jury need not be unanimous as to the factual
theories underlying a guilty verdict. See United
States v. Richardson, 526 U.S. 813, 817 (1999) ("[A]
federal jury need not always decide unanimously which

18

of several possible sets of underlying brute facts
make up a particular element, say, which of several
possible means the defendant used to commit an element
of the crime."); <u>Schad v. Arizona</u>, 501 U.S. 624, 631-
32 (1991) (plurality opinion) ("[D]ifferent jurors may
be persuaded by different pieces of evidence, even
when they agree upon the bottom line. Plainly there is
no general requirement that the jury reach agreement
on the preliminary factual issues which underlie the
verdict."); <u>United States v. Kozeny</u>, 667 F.3d 122,
131-32 (2d Cir. 2011) ("brute facts" need not be
proven unanimously, so the jury need not be unanimous
about which overt act was committed, just that an
overt act was committed); <u>United States v. Hernandez-
Albino</u>, 177 F.3d 33, 40 (1st Cir. 1999) ("Although
Federal Rule of Criminal Procedure 31(a) requires that
a criminal conviction be unanimous, the jury need not
necessarily agree on the facts underlying that
conviction."; internal citations omitted).

19

**Request No. 7:**
**Counts Five through Twelve:**
**Health Care Fraud - First Element - Scheme**

The first element that the Government must establish beyond a reasonable doubt is that there was a scheme to defraud, or a scheme to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, in connection with the delivery of or payment for health care benefits, items, or services, as charged in the Indictment.

A scheme to defraud is defined as a pattern or course of conduct concerning a material matter designed to deceive. You may find the existence of such a scheme if you find that the defendant conducted himself or herself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

A pretense, representation, statement, or promise is fraudulent if it was made falsely and with intent to deceive. To show such a scheme to defraud, however, the Government need not prove that any specific representation standing by itself was literally false. That is because a representation, statement, claim or document may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive. Likewise, the expression of an opinion

20

not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.

A scheme to defraud or a fraudulent representation only satisfies this element if it relates to a material fact or matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts necessary to make the statements that were made not materially misleading.

While the Government must show that the false or fraudulent statement was material as I have just explained, it is unimportant whether a victim might have discovered the fraud if it had probed further.  The alleged victim of the health care fraud counts is the health insurer, and the alleged victims of

21

the mail and wire fraud counts are the RRB and private disability insurers.  If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that any of the victims involved in this case were careless, gullible, or even negligent.  Furthermore, if a person provides false information about material facts, it is not a defense to fraud that the person would have obtained the money or property that is the target of the scheme had they provided entirely truthful information.

The Government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the Government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.  But, the goal of the scheme must be to obtain money or property.  In this case, it so happens that the Government does contend that the proof establishes that victims were defrauded and that the defendants profited.  Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed. A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 44-15, 44-4, <u>Hundley</u> charge, Tr. 8825-26, and
<u>Sanders</u> charge, Tr. 1298.

<u>See</u> <u>Id.</u> Instr. 44-15 comment ("it will generally be
less confusing to charge the jury more along the lines
of a mail fraud case"); <u>United States v. Lucien</u>, 347
F.3d 45, 51 (2d Cir. 2003) ("broad language of § 1347
shows that Congress intended for this statute to
include within its scope a wide range of conduct so
that all forms of health care fraud would be
proscribed, regardless of the kind of specific schemes
unscrupulous persons may concoct.").

<u>See also</u> <u>United States v. Trapilo</u>, 130 F.3d 547, 550
n.3 (2d Cir. 1997) (finding that smuggling scheme,
without representations, constitutes a scheme to
defraud under the wire fraud statute; "The term
'scheme to defraud' is measured by a '"nontechnical
standard.  It is a reflection of moral uprightness, of
fundamental honesty, fair play and right dealing in
the general [and] business life of members of society.
. . . The scheme exists although no misrepresentation
of fact is made"'") (alterations in original) (quoting
<u>United States v. Von Barta</u>, 635 F.2d 999, 1005 n.12
(2d Cir. 1980), which in turn quoted <u>Gregory v. United
States</u>, 253 F.2d 104, 109 (5th Cir. 1958)); <u>United
States v. Ragosta</u>, 970 F.2d 1085, 1089-90 (2d Cir.
1992) (bank fraud statute; "[t]he term 'scheme to
defraud,' . . . is not capable of precise definition.
Fraud instead is measured in a particular case by
determining whether the scheme demonstrated a
departure from fundamental honesty, moral uprightness,
or fair play and candid dealings in the general life
of the community" (quoting <u>United States v. Goldblatt</u>,
813 F.2d 619, 624 (3d Cir. 1987)); <u>see also</u> <u>McNally v.
United States</u>, 483 U.S. 350, 358 (1987) ("the words
'to defraud' commonly refer 'to wronging one in his
property rights by dishonest methods or schemes,' and
'usually signify the deprivation of something of value
by trick, deceit, chicane or overreaching.'") (quoting
<u>Hammerschmidt v. United States</u>, 265 U.S. 182, 188
(1924)).

<u>See</u> <u>United States v. Davis</u>, 490 F.3d 541, 546-47 (6th
Cir. 2007) (materiality of false statements in
required forms submitted by defendant was not affected
by whether true forms would have demonstrated that

patients were in fact entitled to oxygen treatment
under Medicare; the integrity of the forms is "the
crux of the issue," not the "medical necessity of the
service ultimately obtained").

**Request No. 8:**
**Good Faith**
**[If Applicable]**

Since an element of the crimes charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of health care fraud or mail fraud or wire fraud.  A defendant, however, has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.  If a defendant believed in good faith that the representations were true, no matter how inaccurate they may turn out to be, there would be no crime.

However, if a defendant knew that his or her representations were false and material, it is not a defense that he or she believed that the victim would recognize their falsity and decide not to rely on those statements.  In other words, a belief by a defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not mean that the defendant acted in good faith. No amount of honest belief on the part of a defendant that the scheme would result only in payments that were deserved will excuse fraudulent actions or false representations made by that defendant, if the defendant had the specific intent to harm his or her victims by depriving them of accurate information that

25

was material to their discretionary decisions about whether to

pay benefits.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-16, 44-5, <u>Sanders</u> charge, Tr. 1298-99, and <u>Hundley</u> charge Tr. 8822-24. <u>See Neder v. United States</u>, 527 U.S. 1, 16 (1999) (materiality is an objective test that looks only at whether the false statement has "'a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.'" (quoting <u>United States v. Gaudin</u>, 515 U.S.506, 509 (1995))); <u>United States v. Neder</u>, 197 F.3d 1122, 1128 (11th Cir. 1999) ("a false statement can be material even if the decision maker actually knew or should have known that the statement was false"); <u>Neder v. United States</u>, 527 U.S. at 24-25 ("The common-law requirement[] of 'justifiable reliance' . . . plainly ha[s] no place in the federal fraud statutes"; "[b]y prohibiting the 'scheme to defraud,' rather than the completed fraud, the elements of reliance and damage would clearly be inconsistent with the statutes Congress enacted."); <u>Brogan v. United States</u>, 522 U.S. 398, 410 (1998) (Ginsburg, J., concurring) (stating that when agents already "had in hand the records indicating that [the defendant's] answer was false" before asking him questions about his conduct, that "[t]hus, when the interview ended, a federal offense had been completed – even though, for all we can tell, [defendant]'s unadorned denial misled no one"); <u>United States v. LeMaster</u>, 54 F.3d 1224, 1230-31 (6th Cir. 1995) ("A false statement can be material even if the agent to whom it is made knows that it is false."); <u>United States v. Whitaker</u>, 848 F.2d 914, 916 (8th Cir. 1988) (same); <u>United States v. Goldfine</u>, 538 F.2d 815, 820- 21 (9th Cir. 1976) (same); <u>United States v. Pereira</u>, 463 F. Supp. 481, 486-87 (E.D.N.Y. 1978) (same).
>
> <u>See also</u> <u>United States ex rel. Antidiscrimination Ctr. of Metro N.Y., Inc. v. Westchester County</u>, 668 F. Supp. 2d 548, 569 (S.D.N.Y. 2009) ("Conversely, an individual government employee's decision to approve or continue such funding, even with full access to all relevant information or knowledge of the falsity of the . . . certification does not demonstrate that the falsity was not material"); <u>United States v. Whitaker</u>, 848 F.2d 914, 916 (8th Cir. 1988) (rejecting claim

that defendant's statements could not be material
where victim government agency allegedly had
information that would cause it to "discount"
defendant's statements, and stating: "materiality
involves only the *capability* of influencing an
agency's governmental functions. . . The issue is
whether the statements, viewed alone, were capable of
influencing the function of the FDIC.  It is
irrelevant what the agent who heard the statement knew
at the time the statement was made."); <u>United States
v. Gole</u>, 158 F.3d 166, 170 (2d Cir. 1998) (lying on
income form to affect pension calculation fraudulent
even if defendant believed he deserved the higher
pension amount anyway).

On negligence of victim not a defense, <u>see</u> <u>United
States v. Thomas</u>, 377 F.3d 232, 241-42, 241 n.5 (2d
Cir. 2004) (there is no requirement that a victim act
as a reasonably prudent person would); <u>United States
v. Amico</u>, 486 F.3d 764, 780 (2d Cir. 2007) (affirming
district court's rejection of a defendants' proposed
jury instruction stating that the victim could have
discovered false representations in the defendant's
mortgage applications, and that the victim's failure
to do so constituted a defense, and noting that "[t]he
majority of circuits to address the issue have
rejected this defense, holding that a victim's lack of
sophistication is not relevant to the intent element
of mail or wire fraud").

**Request No. 9:**
**Negligence of Victim Not a Defense**

It is also unimportant whether a victim might have discovered the fraud had it probed further.  If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.

Here, the Government alleges that the defendants were involved in a scheme to defraud the United States Railroad Retirement Board by obtaining disability benefits for Long Island Rail Road retirees by means of false and fraudulent applications and supporting material.

Negligence, carelessness, or gullibility on the part of the victim is no defense to a charge of such fraud.

Adapted from the charge of the Honorable Kimba M. Wood
in United States v. Shvartsman, 04 Cr. 1368 (KMW)
(2006).

28

**Request No. 10:**
**General Instructions:**
**Guilt of Substantive Offense - Pinkerton Charge**

There is another method by which you may evaluate the possible guilt of a defendant for Counts Five through Thirty-Two, even if you do not find that the Government has satisfied its burden of proof with respect to each element of each of those substantive crimes.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant you are considering was a member of one of the conspiracies charged in Counts One through Four, and thus, guilty on that conspiracy count, then you may also, but you are not required to, find him or her guilty of a substantive crime charged against him or her in Counts Five through Thirty-Two, provided you find, beyond a reasonable doubt, each of the following elements:

First, that the substantive crime charged in the count you are considering was in fact committed;

Second, that the person or persons who actually committed the crime were members of the conspiracy you found existed;

Third, that the substantive crime you are considering was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant you are considering was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his or her co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant you are considering guilty of the substantive crime charged against him or her, even though he or she did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements with respect to any of the charged conspiracies, then you may not find the defendant guilty of the substantive crime, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted or caused the commission of, the substantive crime charged.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-13; <u>see also</u> <u>United States v. Gallerani</u>, 68 F.3d 611, 620 (2d Cir. 1995).

## Request No. 11:
## General Instructions:
## Venue

I have now told you the elements of each charge in the Indictment.  In addition to the elements I have described to you, as to each charge the Government must prove that some act in furtherance of the charge you are considering occurred in the Southern District of New York.  You are instructed that the Southern District of New York includes the following counties: the Bronx, Manhattan or New York County, Dutchess, Orange, Putnam, Rockland, Sullivan, and Westchester Counties.  In addition, the Southern District of New York includes the water surrounding Long Island and Manhattan, as well as the airspace above the District or the waters in the District.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged in each count occurred in the Southern District of New York.  If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant you are

considering of the charge you are considering, because he or she

has a right to be tried only in a district where the venue is

proper.

> Hundley charge Tr. 8909-10, and from Sand, Modern
> Federal Jury Instructions, Instr. 3-11. See 28 U.S.C.
> § 112(b); see also United States v. Ramirez-Amaya, 812
> F.2d 813, 816 (2d Cir. 1987) (venue proper in Southern
> District of New York based on flight path over the
> narrows en route to LaGuardia airport); United States
> v. Brennan, 183 F.3d 139, 145 (2d Cir. 1999) (venue in
> mail fraud satisfied if mail underlying the indictment
> is caused to be delivered to the district in
> question); accord United States v. Sutton, 13 F.3d
> 595, 599 (2d Cir. 1994).

**Request No. 12:**
**General Instructions:**
**Accomplices Called by the Government**

You have heard from witnesses who testified that they were actually involved in carrying out the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice witness in the summations of counsel regarding whether or not you should believe them.

The Government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others, and that without such witnesses it would often be difficult or impossible to detect or prosecute wrongdoers.

For those very reasons, the law allows the use of accomplice testimony, and such testimony is properly considered by the jury.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony established guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with special caution.  Like the testimony of any other witness, an accomplice's testimony should be given weight as it deserves in light of all the facts and circumstances.

34

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

The fact that a witness is an accomplice should be considered by you as bearing on his or her credibility.  However, it does not follow that simply because a person has admitted participation in one or more crimes he or she is incapable of giving a truthful version of what happened.  You should of course consider whether the testimony was motivated by reward or self-interest or hostility to the defendant.

You should ask yourselves whether the so-called accomplice would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that a particular witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

You should reject the testimony if you find it was false.  However, if, after a cautious and careful examination of

35

the testimony and the witness's demeanor, you are satisfied that the testimony is true, you should accept it as credible and act on it accordingly.  You may also accept parts and reject other parts of an accomplice's, or <u>any</u> witness's, testimony.

One final note in this regard:  you have heard testimony and arguments regarding agreements between the Government and certain witnesses.  It is no concern of yours why the Government made an arrangement with a witness.  Your sole concern is whether a witness has given truthful testimony in this Court before you.

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to an accomplice witness.

<u>Hundley</u> charge, Tr. 8904-07.  See also, Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-5.

### Request No. 13:
### Particular Investigative Techniques Not Required
### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were used by the Government and certain other investigative techniques were not used.  There is no legal requirement that the Government prove its case through any particular means.  While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charges of the Honorable Loretta A. Preska in United States v. Ronald Davidson, 97 Cr. 490 (LAP) (1998); the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (1992); and the charge of the Honorable John F. Keenan in United States v. Medina, 912 Cr. 894 (JFK) (1992).

37

**<u>Request No. 14:</u>**
**<u>General Instructions:</u>**
**<u>Sympathy - Oath As Jurors</u>**

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 2-12, and from the charge of the Honorable Irving Kaufman in <u>United States v. Davis</u>, <u>aff'd</u>, 353 F.2d 614 (2d Cir. 1965).

## Request No. 15:
## General Instructions:
## Motive
## [If Applicable]

Proof of motive is not a necessary element of the crimes with which the defendants are charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that a defendant is not guilty.  If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's the motive for the crime may be, or whether his or her motive was shown at all.  The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of a defendant.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-18.

39

## **Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt of the defendants with respect to the charges of the Indictment.

You must not be influenced by any assumption, conjecture or sympathy or any inference not warranted by the facts.  Your concern is to determine whether or not, with respect to each count on the evidence before you, guilt of the defendants has or has not been proved beyond a reasonable doubt.

If you fail to find beyond a reasonable doubt that the law has been violated by the defendants, you should not hesitate for any reason to return a verdict of acquittal, that is, of not guilty.  But, on the other hand, if you should find beyond a reasonable doubt that the law has been violated as charged, you should not hesitate because of sympathy or for any other reason to render a verdict of guilty.

I remind you, as I have on numerous occasions during the course of my instructions to you, in considering the case in its entirety, you must carefully consider the evidence as to each count with respect to each defendant.

40

When you retire to the jury room, your first order of business will be to elect a foreperson.  If during your deliberations you wish to see any exhibit, the procedure is as follows:  You'll be in the jury room and a United States Marshal will be immediately outside the jury room.  If you wish to see an exhibit, the foreperson should simply write a note, knock on the door, hand it to the marshal, and the court will respond by sending in the requested exhibit.  All notes from the jury should be signed by the foreperson.   Similarly, if in the course of your deliberations, your recollection on any part of the testimony should fail, or you should find yourselves in doubt concerning my instructions to you on the law, you should simply write a note, knock on the door, and hand it to the marshal.  Please try to be as precise and descriptive as possible when asking for materials.

Now, in the course of writing to the court, you should not disclose how you stand or what your vote on any issue may be.  In other words, sometimes the jurors send in a note which indicates how they are divided in their votes.  That is a matter for you and for you alone, and so I ask that you not disclose that information in any note to the court.

41

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement. You may only deliberate when all jurors are present.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced it is erroneous.

Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.

Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be most in accordance with the truth.

Finally, I say this not because I believe it is necessary, but because it is a tradition in our court, I advise the jurors to be polite and respectful to each other so that in the course of your discussions in the jury room each juror may have his or her positions made clear.  The manner in which you conduct your deliberations is wholly in your discretion.  You

42

may follow any procedure you choose, provided that each juror is given an ample opportunity to express his or her views and that you only deliberate as a full jury.  In that way, when you do reach a verdict, you will know that it is a just one, made with the full participation of all jurors, and that you have faithfully discharged your oath, which is to decide the case without fear or favor, solely in accordance with the evidence and the law.

I will add, ladies and gentlemen, that your foreperson will be given a verdict form on which you are to record your verdict.  I caution you that the short descriptions of the charges here are merely for your convenience and they're not in any way to take the place of these very detailed instructions that we've just been through.  So that will be sent in to you as soon as you start.

Ladies and gentlemen, now would you give me a moment or two to consult with the lawyers to be sure that there aren't any other items that I forgot or otherwise read incorrectly.

Hundley charge, Tr. 8912-15.

## Charge on Occupational Disability

The Indictment in this case alleges fraud relating to disability programs administered by the United States Railroad Retirement Board under the Railroad Retirement Act.  Under the Railroad Retirement Act, There are two disability standards that are relevant here.  First, there is what is known as "total and permanent disability," means that a person "is unable to do any substantial gainful activity because of a medically determinable physical or mental impairment" which is permanent or lasts at least one year.  The second standard is what is known as "occupational disability."  To be occupationally disabled, a person must be "disabled for work in his or her regular railroad occupation because of a permanent physical or mental impairment."  20 C.F.R. § 220.10(a).

To determine what the person's "regular railroad occupation" is, the RRB relies on the person's description of his or her job, 20 C.F.R. § 220.13(b)(1), and in determining the demands of that job, the RRB is directed to consider the applicant's own description of his or her regular railroad occupation, as well as the employer's description and generic job descriptions that are maintained by the RRB.  20 C.F.R. § 220.13(b)(2)(iv)(E).

44

In applying these standards, the RRB is required to give extra weight to a treating physician's findings about the nature and severity of the impairment, 20 C.F.R. § 220.112(d), and if a treating physician's opinion on the nature and severity of the impairment is fully supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other medical evidence in the record, those opinions are conclusive.  20 C.F.R. § 220.112(b).


Date:        New York, New York
             July 8, 2013

                        Respectfully submitted,

                        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the United States
                             of America


                    By:  _____/s/ Justin S. Weddle_____
                         Justin S. Weddle
                         Nicole Friedlander
                         Daniel B. Tehrani