UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                :
UNITED STATES OF AMERICA            S14 11 Cr. 1091 (VM)
                                                :
         Plaintiff,                 (Electronically Filed)
                                                :
    - against -
                                                :
PETER LESNIEWSKI
                                                :
         Defendant.
-------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT PETER LESNIEWSKI'S MOTION *IN LIMINE*


                                                    Joshua L. Dratel
                                                    JOSHUA L. DRATEL, P.C.
                                                    29 Broadway, Suite 1412
                                                    New York, New York 10006
                                                    (212) 732-0707
                                                    jdratel@joshuadratel.com

                                                    Thomas Anthony Durkin
                                                    DURKIN & ROBERTS
                                                    2446 N. Clark Street
                                                    Chicago, Illinois 60614
                                                    (312) 981-0123
                                                    tdurkin@durkinroberts.com

                                                    *Attorneys for Defendant Peter Lesniewski*

-Of Counsel-

Thomas Anthony Durkin
Joshua L. Dratel
Janis D. Roberts
Joshua G. Herman
Lindsay A. Lewis

**Introduction**

This Reply Memorandum of Law is submitted on behalf of defendant Dr. Peter Lesniewski in support of his motion *in limine* to preclude the government from offering any evidence relating to Dr. Peter Ajemian and/or Dr. Ralph F. Parisi. Much of the government's response in opposition was anticipated and addressed in Dr. Lesniewski's initial Memo of Law, and/or does not require rejoinder. As a result, this Reply will concentrate on certain aspects of the government's submission that illustrate its fundamental deficiencies.

**POINT I**

**THE EXCLUSION OF EVIDENCE RELATING TO DR. AJEMIAN AND/ OR DR. PARISI WILL SHORTEN THE LENGTH OF TRIAL**

The government asserts, at 14 of its Response to Dr. Lesniewski's motion *in limine*, that "the Ajemian and Parisi Evidence would not 'lengthen the trial,' as Lesniewski suggests" because "the evidence has always been contemplated as part of Lesniewski's trial." However, the government's anticipation of what it intends to offer is not what controls, and indeed, the fact that the government intended to include evidence relating to Dr. Ajemian and Dr. Parisi does not mean that such evidence would therefore necessarily be admissible at trial.

Plainly, introduction of the contested evidence will lengthen the trial, not only in terms of the time it would consume as part of the government's presentation, but also because it would require Dr. Lesniewski (and his co-defendants) to cross-examine witnesses and present testimony and evidence refuting it. If the Court precludes the government from offering evidence relating to Dr. Ajemian and/ or Dr. Parisi, it will necessarily reduce the length of the government's case and thus the length of the overall trial. Circumscribing the government's case will also ensure that Dr. Lesniewski will be afforded sufficient time to present his defense within

the time allotted for the entire trial.

## POINT II

**THE EVIDENCE THE GOVERNMENT SEEKS TO INTRODUCE REGARDING DR. AJEMIAN AND DR. PARISI IS NEITHER RELEVANT NOR NECESSARY TO PROVE THE CHARGES IN THIS CASE AND ITS ADMISSION WOULD DENY DR. LESNIEWSKI HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL**

The government claims, at 4 of its Response, that the evidence relating to Dr. Ajemian and Dr. Parisi should be admitted because it is "relevant and necessary to prove the charges against Lesniewski" and because "without the Ajemian and Parisi Evidence, the jury will be left with a prejudicially distorted view of the scheme and Lesniewski's role in it."

In key part, the government expresses concern, at 4-7 of its Response, that if it is not permitted to introduce the evidence related to Drs. Ajeimian and Parisi,

- "the evidence will . . . suggest that there was only one 'go to' disability doctor;"

- "testimony . . . will leave the impression that the witnesses went to numerous other independent doctors who otherwise had no involvement in the scheme, and were somehow duped and/or corrupted by their devious patients" and "that . . . is what happened to Lesniewski;"

- "the jury would be misled into thinking that . . . no widespread scheme existed as the Government otherwise alleges . . . [and that] any conspiracy was purely among the LIRR co-workers themselves;" and

- that either "the cooperating witnesses are lying because . . . it cannot be the case that so many doctors simply declared their patients disabled given such limited interactions with their patients . . . or . . . the cooperating witnesses are telling the truth and reasonable doctors could declare their patients disabled even where their

patients do not complain of substantial pain."

In fact, the danger to be avoided is not that the jury might draw these inferences – many of which are completely permissible (*e.g.,* that a reasonable doctor could declare his patient disabled even where the patient does not complain of substantial pain), some of which are entirely speculative and attenuated (and are therefore unlikely to surface at trial), and one of which the defense is not going to argue at trial (*i.e.*, that those LIRR patients who saw independent doctors were somehow duped and/or corrupted by their devious patients) – but, instead, that the inclusion of the evidence related to Dr. Ajemian will cause the jury to draw the *opposite* and wholly *improper* inference: that because one doctor (who is not on trial) committed fraud, *all* of the doctors involved in submitting disability forms to the RRB must have committed fraud.

Thus, the entirely speculative and unlikely prospect that exclusion of the evidence could generate an argument and corresponding inference favorable to Dr. Lesniewski does not justify admitting such evidence and thereby granting the government license to an improper inference – that Dr. Ajemian's and/or the LIRR disability system's propensity for fraud renders Dr. Lesniewski's participation in that system merely part of the fraud – that would be catastrophically prejudicial to Dr. Lesniewski, as it would in effect relieve the government of its burden to prove Dr. Lesniewski – rather than Dr. Ajemian or the system as a whole – committed fraud.

Similarly, the government's arguments, at 3-5, that the evidence related to Dr. Ajemian, including "numerical analyses of all three of these doctors" is "necessary to explain the scheme" and must therefore be admitted, is a transparent attempt by the government to prove its case by

3

establishing a statistical probability that Dr. Lesniewski is guilty based on data about another doctor's conduct (who is not on trial), whom he did not have contact with professionally or otherwise, and, again, by mere bootstrapping.

Accordingly, if the government is permitted to introduce testimonial and statistical evidence about Dr. Ajemian, his role as a "go to" doctor, and the alleged breadth of the scheme involving other physicians, the evidence would undoubtedly create unwarranted, unfair, and highly prejudicial inferences that Dr. Lesniewski would be forced to defend in what would essentially be a "mini-trial" involving Dr. Ajemian's patients. Thus, to preserve Dr. Lesniewski's right to a fair trial, to hold the government to its burden, and to avoid unnecessarily elongating an already lengthy trial, the Court should preclude the evidence relating to Drs. Ajemian and Parisi.

## POINT III

### THE EVIDENCE AS TO DR. AJEMIAN AND DR. PARISI IS NOT ADMISSIBLE AS BACKGROUND EVIDENCE

The government also asserts, at 12-13 of its Response, that "[e]ven at a trial with Lesniewski as the sole defendant, evidence about Ajemian and Parisi would be admissible to show the existence and background of the widespread conspiracies in which Lesniewski himself is charged[.]"

Contrary to the government's contentions, such evidence – which includes both witness testimony and numerical analysis of all three doctors – does not meet the requirements for admission as "background evidence," because evidence can only be considered relevant and admissible as "background" if it "arose of the same transaction or series of transactions as the charged offense, . . . [was] inextricably intertwined with the evidence regarding the charged

4

offense, or if it is necessary to complete the story of the crime [on] trial." *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989).

Here, as set forth in Dr. Lesniewski's initial Memo of Law, at 5, as well as the Memo of Law in support of the pretrial motions filed by Defendant Maria Rusin (Dkt. #236), at POINT I, despite the government's desire to link Dr. Lesniewski to Dr. Ajemian on the basis that there existed some overarching scheme, the conspiracies alleged against Dr. Ajemian and Dr. Lesniewski are distinct, as were their medical practices.

Consequently, the evidence as to Dr. Ajemian did not arise out of the "same transaction or series of transactions" as the charged offenses. Nor is the evidence regarding Dr. Ajemian's practice and patients therefore "inextricably intertwined" with the charges against Dr. Lesniewski.

Nor is the evidence of fraud in Dr. Ajemian's practice necessary to "complete the story" of the charges against Dr. Lesniewski. As set forth in Dr. Lesniewski's initial Memo of Law, at 6, the Ajemian "story" is completely separate from Dr. Lesniewski's story. As the Court, in sentencing Dr. Ajemian, noted, the alleged conspiracy flowed downward from the top (the doctors), and not horizontally across their medical practices, as the government here seeks to assert. *See* Transcript, May 24, 2013, at 17.

Thus, introducing Dr. Ajemian's "story" to the jury – which describes (in the Court's words) how Dr. Ajemian "through his fraudulent procedures, . . . facilitated the conversion of many Long Island Railroad employees into convicted felons" – would be to encourage the jury to convict Dr. Lesniewski on the improper basis of the (separate and distinct) acts of his co-defendant, and not Dr. Lesniewski's conduct and intent. *Id*.

5

Accordingly, the Ajemian and Parisi evidence should be excluded because it is irrelevant and inadmissible as "background" evidence, and is therefore merely "propensity evidence in sheep's clothing," akin to inadmissible "other acts" evidence under Rule 404(b), Fed.R.Evid. *See United States v. McCallum*, 584 F.3d at 471, 477 (2d Cir. 2009) ("[o]ur review of the record thus leads us to conclude that the District Court received the convictions as propensity evidence in sheep's clothing and did so with insufficient regard for the unfair prejudice that surely would result from their admission"). *See also* Dr. Lesniewski's Motion *In Limine*, at 3.

## Conclusion

Accordingly, for all the reasons set forth above, it is respectfully submitted that any evidence regarding Dr. Ajemian and/or Dr. Parisi be precluded from trial.

Dated: 10 July 2013
      New York, New York

                                    Respectfully submitted,

                                     /s/Joshua L. Dratel
                                    Joshua L. Dratel
                                    JOSHUA L. DRATEL, P.C.
                                    29 Broadway, Suite 1412
                                    New York, New York 10006
                                    (212) 732-0707
                                    jdratel@joshuadratel.com

                                    /s/Thomas Anthony Durkin
                                    Thomas Anthony Durkin
                                    DURKIN & ROBERTS
                                    2446 N. Clark Street
                                    Chicago, Illinois 60614
                                    (312) 981-0123
                                    tdurkin@durkinroberts.com

                                    *Attorneys for Defendant Peter Lesniewski*

-Of Counsel-

Joshua L. Dratel
Thomas Anthony Durkin
Janis D. Roberts
Lindsay A. Lewis
Joshua G. Herman