USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

— against —

PETER LESNIEWSKI, et al.

Defendants.

11 Cr. 1091 (VM)

**ORDER**

**VICTOR MARRERO**, United States District Judge.

Defendant Peter Lesniewski ("Lesniewski") filed a motion and supporting declaration and memorandum for a juror questionnaire and individualized case-specific voir dire. (See. Dkt. Nos. 407, 408 & 409.) The Government subsequently filed a memorandum in opposition. (See Dkt. No. 420.)

Lesniewski argues that 1) the Court should order use of a written juror questionnaire and 2) the Court should order use of individualized case-specific voir dire. Driving both requests is the concern that the high profile nature of this case will otherwise make it impossible to select an unbiased jury. Lesniewski's counsel articulated these concerns during the Court's June 7, 2013 hearing in this matter. In response, the Court stated it did not believe that a jury questionnaire would be necessary because the venire for trials in the Southern District of New York extends well outside New York City, the case is

not as enormously high profile others, and such questionnaires tend to add length to the selection process without adding my corresponding value. (See Hr'g Tr. at 21:12-22:3).

The Court's review of the instant motion and supporting papers, as well as the Government's response opposing the motion, revealed nothing to alter its stated convictions. Although written jury questionnaires may be appropriate in some cases, the Court finds this is not one of them: the media coverage, while present, is not overwhelming, and the size and geographic scope of the pool are such that an unbiased jury can be assembled without use of a lengthy written questionnaire. Moreover, as the Court explained at the June 7, 2013 hearing, it is standard practice to ask potential jurors for more detail regarding any prior knowledge about the case in order to root out the type of bias animating Lesniewski's request. (See Hr'g Tr. at 15:17-22.)

As to Lesniewski's request for individualized voir dire, the Court already made clear in the June 7, 2013 hearing that it would be willing to consider questions tailored to this case. (See Hr'g Tr. at 15:22-25 ("Look at those questions in our standard voir dire and if there is

some supplementary question that you believe might give you greater comfort, by all means the court will consider that.").) The Court has received the proposed questions submitted by Lesniewski (see Dkt. 408 Ex. B), as well as the proposed questions submitted by the Government (see Dkt. No. 421) and will consider both accordingly. To the extent that Lesniewski suggests voir dire should be individualized so that each potential juror be removed from the courtroom to engage in questioning (see Dkt. No. 409 at 6 ("[A] remark by a single juror could irreparably taint an entire courtroom of potential jurors. . . .")), the Court rejects this procedure as unnecessary in the circumstances for the reasons stated above, as well as inconsistent with this Court's longstanding practice always carried out without incident, as well as the interests of judicial economy and efficiency.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Peter Lesniewski for a juror questionnaire and individualized case-specific voir dire is **DENIED in part** and **GRANTED in part**.

**SO ORDERED**:

Dated:   New York, New York
         11 July 2013

                                        /s/ Victor Marrero
                                        Victor Marrero
                                        U.S.D.J.