UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

   -v.-                                           :        S14 11 Cr. 1091 (VM)

PETER LESNIEWSKI,                      :
MARIE BARAN, and
JOSEPH RUTIGLIANO,              :

            Defendants.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LESNIEWSKI'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER PRECLUDING PORTIONS OF PROPOSED EXPERT TESTIMONY

 

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

JUSTIN S. WEDDLE
NICOLE FRIEDLANDER
DANIEL B. TEHRANI
Assistant United States Attorneys
   *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v.- | : S14 11 Cr. 1091 (VM) |
| PETER LESNIEWSKI, MARIE BARAN, and JOSEPH RUTIGLIANO, | : : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LESNIEWSKI'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER PRECLUDING PORTIONS OF PROPOSED EXPERT TESTIMONY**

The Government respectfully submits this memorandum in opposition to the motion of defendant Peter Lesniewski ("Lesniewski") for reconsideration of the Court's July 12, 2013 Order (the "Order") precluding portions of the expert testimony proffered by Lesniewski. The Court's Order was correct, and nothing in the motion justifies reconsideration, let alone any modification of the Court's decision that the precluded portions were either without foundation, irrelevant, matters of law that were not properly the subject of expert testimony, or matters that did nothing more than tell the jury the result to reach. Accordingly, the motion should be denied.

**Background**

In the Order, the Court precluded portions of the testimony of Julian Freeman, a witness proffered by Lesniewski as an expert, for the following reasons: (1) proposed testimony regarding definitions relating to disability constituted matters of law that are the province of the Court and would not be helpful to the jury (Order at 23-24); (2) proposed testimony on the

"mechanics" of the RRB was without foundation because Freeman had no apparent experience at the RRB (Order at 24); (3) proposed testimony about the materiality of Lesniewski's statements constituted legal matters that are the province of the Court (Order 24); (4) proposed testimony that Lesniewski's statements did not lead to errors of final decision by the RRB lacked foundation (given Freeman's lack of RRB experience) and constituted a matter of law that is the province of the Court (Order at 26); (5) proposed testimony that Lesniewski's records fall "within + or – 20 percentile in the median for orthopedists" is incomprehensible and not helpful to the jury (Order at 26); (6) proposed testimony opining on the validity of statistical analyses purportedly to be offered by the Government was without any apparent basis in Freeman's expertise, and lay opinion testimony on the matter was without apparent foundation (Order at 28).

## Applicable Law

> Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules expressly provide for reconsideration motions. As the Second Circuit has noted, however, motions for reconsideration in criminal cases have traditionally been allowed.

*United States* v. *Greenfield*, 2001 WL 1230538, at *1 (S.D.N.Y. Oct. 16, 2001) (citations omitted). Courts in this District have assumed that the Rule applicable to motions to reconsider in the civil context apply to motions to reconsider in the criminal context as well. *See, e.g.*, *id.* Under the civil rule, the movant must set forth "the matters or controlling decisions which counsel believes the court has overlooked." *Id.*

## Discussion

Nothing in the defense motion remotely changes the analysis. First, Lesniewski argues that Freeman's expertise extends to the RRB because Freeman has experience with the

Social Security Administration, but the only documents he cites in support of this incorrect arguments are RRB records noting that Social Security Listings were *not* applicable to the files at issue.  (*See* Mot. at 8).  Without exception, this case is not about any application of Social Security Listings, and Freeman is not qualified to testify about the mechanics of the RRB.  Moreover, even as argued by Lesniewski, Freeman's familiarity is with Code of Federal Regulations standards (Mot. at 7), and thus even if it were relevant here (which it is not), his proposed testimony concerns matters of law that would be the province of the Court.

    Second, although Lesniewski catalogues cases where expert testimony about the the jargon and code of the narcotics trade, *United States* v. *Nersesian*, 824 F.2d 1294, 1308 (2d Cir. 1987), the street operations of narcotics deals, *United States* v. *Brown*, 776 F.2d 397 (2d Cir. 1985), general background on securities regulation and the filing requirements of Schedule 13D, *United States* v. *Bilzerian*, 926 F.2d 1285, 1294-95 (2d Cir. 1991), and background information regarding Food and Drug Administration regulation, *In re Fosamax Prods. Liab. Litig*., 645 F. Supp. 2d 164 (S.D.N.Y. 2009), the proposed testimony excluded by the Court's Order here is entirely distinguishable and was properly excluded.  Thus, for example, Lesniewski discusses *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 191 (S.D.N.Y. 2009), in which Judge Keenan permitted expert testimony by an expert in Food and Drug Administration ("FDA") practices and regulations.  In *Fosamax*, however, the proposed expert had pertinent experience and expertise – she had been a medical officer for four years at the FDA and had worked as a regulatory and medical consultant.  *Id.* at 189.  In addition, the proposed testimony in *Fosamax* involved a regulatory scheme that was not itself at issue in the case and merely constituted background in which the conduct of the parties was to be considered under state law negligence

3

standards. *Id.* at 191 n.16. Here, by contrast, the case directly concerns the standard for occupational disability at the RRB (a matter of law that is the province of the Court), and the question of whether the defendants executed a scheme to defraud the RRB by means of false and fraudulent disability application materials (a question that is for the jury) – any proposed expert testimony on the falsity of application materials would do no more than tell the jury what result to reach, and therefore should be excluded, *see Nimely* v. *City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (expert opinion that "undertakes to tell the jury what result to reach" should be excluded).

Third, Lesniewski's motion implicitly concedes that Freeman's proposed testimony that the Court has excluded undertakes to instruct the jury on the law and to tell the jury what result to reach in applying law to the facts, and does so in a context (the RRB) in which Freeman has no experience. Thus, while Lesniewski notes that the parties have submitted a proposed *legal* instruction on the regulatory standards regarding occupational disability, he claims that the "instruction contains terms of art that are not defined," and for this reason and others argues that Freeman (and presumably not the Court) should define those terms for the jury and otherwise instruct the jury on legal concepts. This is nothing more than an attempt to usurp the Court's role, and there is nothing helpful in permitting expert testimony on such legal matters. In other words, if Freeman correctly articulates any necessary legal standards, his testimony is cumulative and not helpful, and if he articulates any necessary legal standards incorrectly, his testimony would only serve to confuse and mislead the jury about legal standards to be provided by the Court. *Hygh* v. *Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992); Fed. R. Evid. 403.

Finally, Lesniewski' claim that Freeman's testimony "will provide technical information from a physician's perspective" (Mot. at 14), is simply a disguised attempt to "tell the jury what result to reach" and nothing about that argument changes the Court's analysis in excluding the proffered testimony. *See Nimely* v. *City of New York*, 414 F.3d at 397. The standards applicable here to the ultimate issues are general standards that apply to all persons – that is, there is no special "physician's perspective" to deciding whether a physician is engaged in a scheme to defraud. *See United States* v. *Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991) (the district court should not admit testimony that is "directed solely to matters which a jury is capable of understanding and deciding without the expert's help"). Rather, a physician is subject to the same standards that apply to all persons, and should be judged by the jury based on those standards as the Court will instruct.

## Conclusion

The Court should deny Lesniewski's motion to reconsider in its entirety.

Dated: New York, New York
       July 24, 2013

                                                  Respectfully submitted,

                                                  PREET BHARARA
                                                  United States Attorney for the
                                                  Southern District of New York

                                     By:    /S/ Justin S. Weddle_____
                                                  Justin S. Weddle
                                                  Nicole Friedlander
                                                  Daniel B. Tehrani
                                                  Assistant United States Attorneys
                                                  Tel.: 212-637-0064