

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<em>The Silvio J. Mollo Building</em><br>
<em>One Saint Andrew's Plaza</em><br>
<em>New York, New York 10007</em>

July 22, 2013

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/13
```

**BY FACSIMILE**

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    **United States v. Lesniewski, 11 Cr. 1091 (VM)**

Dear Judge Marrero:

    The Government writes this letter to request that the Court take judicial notice, pursuant to Fed. R. Evid. 201, of the fact that the video and still shot of Joseph Rutigliano was published by the New York Times on its website on or about September 23, 2008.

    As the Court is aware, the Government intends to offer a brief clip of this video which shows Joseph Rutigliano playing golf, as well as a still-shot from this video showing a close-up of Joseph Rutigliano (thus confirming that the golfer is in fact he). We have requested from the defense that they stipulate to the authenticity of these portions of the video, but they have declined due to reasons unrelated to any dispute about authenticity. Rather, it appears from our interactions with defense counsel, from defense counsel's opening arguments (Tr. 133:9-16 ("That's what this case is about. There was a New York Times article several years ago . . . that proceeded to begin the revision of history"); 156:25-157:9 ("Now, there really would be no argument about this but for the fact that in September 2008 some enterprising reporters from the New York Times . . . ."), and from the questioning of witnesses (Tr. 262:5-7), that defense counsel have other evidence they intend to elicit from the New York Times.

    Thus, notwithstanding the arguments that the defendants wish to make, the fact of the video's authenticity is not subject to reasonable dispute, and can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned—the New York Times website itself. Accordingly, the Court should take judicial notice of these facts and admit the limited portions.[1] Pursuant to Rule 201, the Court can take judicial notice of "a fact that is

---

[1] Even if the Government called a witness to authenticate the video, it would not be required to call a witness from the New York Times, because materials can be authenticated by their appearance and by the circumstantial evidence. *See* Fed. R. Evid. 901(b)(4); *United States v. Bagaric*, 706 F.2d 42, 67 (2d Cir. 1983), *abrogated in part on other grounds by Nat'l Org. for*

not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Decisions both of the Second Circuit and the Southern District of New York have taken judicial notice of published materials indistinguishable from the materials at issue in this case. *See 23-34 94th St. Grocery Corp.* v. *New York City Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir. 2012) ("We take judicial notice of a poster recently published on TobaccoFreeNYS.org."); *United States* v. *Akinrosotu*, 637 F.3d 165, 168 (2d Cir. 2011) (taking judicial notice of the website of the Bureau of Prisons); *Cerasani* v. *Sony Corp.*, 991 F. Supp. 343, 354 n.3 (S.D.N.Y. 1998) (Chin, J.) (taking judicial notice of widespread newspaper coverage and collecting cases). The video in question is still available on the New York Times website at the following address: http://www.nytimes.com/video/2008/09/19/nyregion/long-island/1194817477585/the-most-dangerous-job.html?ref=nyregion. Moreover, the video itself at its start contains a mark showing that it is from September 2008. A photograph of Joseph Rutigliano published on or about the same date by the New York Times is available at http://www.nytimes.com/imagepages/2008/09/21/nyregion/21lirr.1.ready.html.

Because neither the authenticity nor the date of the video or photograph can reasonably be disputed and are readily verifiable on the website, the Court is within its discretion to take judicial notice of these facts, thus obviating the need to call a witness to authenticate the photograph or the brief portion of the video (a clip showing defendant Joseph Rutigliano playing golf and a still shot from the video showing a close-up of Joseph Rutigliano on the same day) that is relevant and admissible here.

For the reasons stated on the record at the trial of this case on 7-24-13, the Government's motion set forth above is DENIED without prejudice.

SO ORDERED.

7-24-13
DATE

VICTOR MARRERO, U.S.D.J.

Very truly yours,

PREET BHARARA
United States Attorney

By: /s/ Justin S. Weddle
JUSTIN S. WEDDLE
NICOLE FRIEDLANDER
DANIEL B. TEHRANI
Assistant United States Attorneys
212-637-2211/2312/2455

---

*Women, Inc.* v. *Scheidler*, 510 U.S. 249 (1994). Indeed, printed material from newspapers is self-authenticating. *See* Fed. R. Evid. 902(6). Even if the Government called a witness from the New York Times, the direct testimony would be limited to simple authentication, and any other facts the defense seeks to elicit from such a witness unrelated to the issue of authenticity would be outside the scope of direct. To the extent the defendants wish to elicit testimony from a New York Times witness (and to the extent any such testimony is relevant and admissible, which it likely is not), they can only do so on their direct case.

Page 3

Cc: Defense counsel (by email)