UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,                          S14 11 Cr. 1091 (VM)

                         Plaintiff,


     -*v.*-


PETER J. LESNIEWSKI,

                         Defendant.
------------------------------------------------------x


### DEFENDANT LESNIEWSKI'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE REGARDING RULE 404(B) EVIDENCE


JOSHUA L. DRATEL
DRATEL & MYSLIWIEC
2 Wall Street
3rd Floor
New York, New York 10005
(212) 732-0707

THOMAS ANTHONY DURKIN
DURKIN & ROBERTS
2446 N. Clark Street
Chicago, Illinois 60615
(312) 981-0123


*Attorneys for Defendant Peter Lesniewski*


—Of Counsel—

Thomas Anthony Durkin
Joshua L. Dratel
Joshua G. Herman
Janis D. Roberts
Lindsay A. Lewis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,                    S14 11 Cr. 1091 (VM)

                         Plaintiff,

        -*v.*-


PETER J. LESNIEWSKI,

                         Defendant.
------------------------------------------------------x


## DEFENDANT LESNIEWSKI'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE REGARDING RULE 404(B) EVIDENCE


        Defendant, **PETER LESNIEWSKI**, by and through his Attorneys, **JOSHUA L. DRATEL** and **THOMAS ANTHONY DURKIN,** respectfully submits this response to the Government's July 23, 2013, pleading captioned: "Government's Motion in Limine to Admit Evidence of Peter Lesniewski's Malpractice Records to Refute the Unfounded Assertion That Lesniewski was a "Respected Surgeon," and to Show His Motive to Commit The Charged Crimes." (Dkt. # 474)

        The motion should be denied for the following reasons: 1) It is untimely and in violation of this Court's December 27, 2012, pre-trial order regarding the production of Rule 404(b) evidence at least thirty days in advance of trial; 2) opening statements of counsel, as the Court correctly instructed the jury, are not evidence; 3) under Rule 403 the very minimal relevance of this purported "motive" evidence, if any, is grossly outweighed by the tremendous prejudice that would inure to the Defendant; and, 4) were this evidence to be admitted, this trial which counsel

and the Court have worked diligently to streamline for the convenience of the jury would be unconscionably prolonged by the presentation of evidence rebutting this 404(b) evidence.

First, as to timeliness, in its December 27, 2012, Decision and Order pertaining to the pre-trial motions, the Court ordered that the government provide notification of Rule 404(b) evidence thirty days prior to trial.  This order was based upon the government's very agreement to do so and at no time prior to trial was any such notice ever provided.  To permit the government at this late stage of the case to circumvent this order and the very notice Rule 404(b) requires would seriously violate Dr. Lesniewski's rights both to Due Process and Effective Assistance of Counsel under the Fifth and Sixth Amendments and effectively entitle Dr. Lesniewski to a mistrial which he does not seek.

This constitutional violation and need for a mistrial would be all the more intolerable in light of the fact that the Court correctly informed the jury prior to the beginning of the opening statements of counsel that the opening statements did not constitute evidence—as they, of course, do not.  While the government's motion or memorandum cites some boilerplate Second Circuit law with respect to the general introduction of  Rule 404(b) "other acts" evidence, not surprisingly, no authority is cited for the rather startling proposition that "other acts" evidence and the government's notice obligations rooted in fundamental due process case be circumvented by the opening statement of defense counsel.  Surely, other far less draconian alternatives are available to the government should it choose to chase an opening statement around the room.

Even more to the point, however, the relatively miniscule probative value this evidence would provide the government insofar as motive is concerned is so grossly outweighed by the undue prejudice that would inure to Dr. Lesniewski that it almost defies imagination to think that this is anything but a shot across Defendant's bow so as to warn him of the perils of taking the

3

witness stand as threatened.[1]  As such, the evidence should be readily precluded under Rule 403—a rule close to the government's heart in this case.

Finally, as to the unconscionable delay this would create after informing the jury that the case could conclude by next week is something counsel would ask leave to raise orally with the Court should it not accept the above propositions and deny the motion.  Suffice it to say for now, Dr. Lesniewski vigorously denies the scope of the malpractice allegations raised by the government, and would be forced to request a continuance to marshal the evidence necessary to rebut these charges as Rule 404(b) permits.  As but just one example, this afternoon the government provided counsel with a disc containing the underlying documentation upon which it bases its proffer.  This evening counsel printed out these materials and discovered that the documents themselves take up almost half of a Banker's Box. Even at a quick glance, some of the very documents from the Office of Professional Medical Conduct upon which the government relies contain strong denials and detailed explanations by Dr. Lesniewski as to the lack of merit of many of the allegations.  While the government may well represent it wishes only to use two witnesses, at most, to "introduce, in minutes, a very small set of documents," these few minutes will add weeks to this trial.  It simply should not be permitted at this very, very late stage of the trial.

---

[1] See, footnote 1, page 10.  ("Of course, if Lesniewski testifies, the Government intends to introduce not only this limited detail, but the additional evidence of the nature and extent of his medical malpractice and other misconduct.")

Dated: July 26, 2013
        New York, New York

                                        /S/ JOSHUA  L. DRATEL _____
                                        JOSHUA L. DRATEL
                                        JOSHUA L. DRATEL, P.C.
                                        29 Broadway, Suite 1412
                                        New York, New York 10006
                                        (212) 732-0707
                                        jdratel@joshuadratel.com

                                        THOMAS ANTHONY DURKIN
                                        DURKIN & ROBERTS
                                        2446 N. Clark Street
                                        Chicago, Illinois 60615
                                        (312) 981-0123
                                        tdurkin@durkinroberts.com

                                        *Attorneys for Defendant Peter Lesniewski*

—Of Counsel—

Thomas Anthony Durkin
Joshua L. Dratel
Joshua G. Herman
Janis D. Roberts
Lindsay A. Lewis