D86LLESF                    Verdict

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,                  New York, N.Y.

4              v.                              S14 11 Cr. 1091 (VM)

5   PETER LESNIEWSKI, MARIE BARAN
    and JOSEPH RUTIGLIANO,
6
               Defendants.
7
    ------------------------------x
8

9                                              August 6, 2013
                                               2:14 p.m.
10

11  Before:

12                      HON. VICTOR MARRERO,

13                                             District Judge

14
                        APPEARANCES
15
    PREET BHARARA
16       United States Attorney for the
         Southern District of New York
17  BY:  JUSTIN S. WEDDLE
         DANIEL BEN TEHRANI
18       NICOLE WARE FRIEDLANDER
         Assistant United States Attorneys
19
    LAW OFFICES OF JOSHUA L. DRATEL, P.C.
20       Attorneys for Defendant Peter Lesniewski
    BY:  JOSHUA LEWIS DRATEL
21       LINDSAY A. LEWIS

22  DURKIN & ROBERTS
         Attorneys for Defendant Peter Lesniewski
23  BY:  THOMAS ANTHONY DURKIN

24

25

D86LLESF                    Verdict

                    APPEARANCES CONTINUED

KOEHLER & ISAACS, LLP
        Attorneys for Defendant Marie Baran
BY:   JOEY JACKSON

JOSEPH W. RYAN, JR.
KEVIN MENEILLY
        Attorneys for Defendant Joseph Rutigliano

              - also present -

Annie Chen
Emma Larson, Government Paralegals


SA Frank LoMonaco, FBI

Yeni Yrizarry, Defendant Baran Paralegal

                          oOo

D86LLESF                      Verdict

 1                    (Trial resumed)

 2                    (Jury not present)

 3          THE COURT:  Thank you.  Be seated.  Good afternoon.

 4    Welcome back.

 5          The Court has been handed a jury note through the

 6    court security officer.  It's dated today at 1:30 p.m. and it

 7    reads:  We have a verdict.

 8          Would the court officer bring in the jury.

 9          The note will be marked Court Exhibit No. 6.

10          (Jury present; time noted:  2:15 p.m.)

11          THE COURT:  Good afternoon.  Welcome back.

12          The Court notes for the record that the 12 regular

13    members of the jury impaneled in this action have been returned

14    to the courtroom and are seated in the jury box in their proper

15    places.

16          Ms. Howe, please rise.

17          Has the jury unanimously agreed upon a verdict?

18          THE FOREPERSON:  Yes.

19          THE COURT:  Please hand your verdict form to the

20    clerk.

21          THE FOREPERSON:  Can I sit down?

22          THE COURT:  Yes.

23          (Pause)

24          THE COURT:  Ladies and gentlemen of the jury, your

25    verdict will now be published, that is, read out loud in open

1    court.  Pay close attention as the verdict is published.  You

2    may be asked individually whether the verdict as published

3    constitutes your individual verdict in all respects.

4              The clerk will now publish the verdict.

5              Ms. Howe, please rise again.

6              THE LAW CLERK:  Count One, conspiracy to commit mail

7    fraud, wire fraud, and healthcare fraud.

8              Ms. Foreperson, considering the elements of the crime

9    of conspiracy to commit mail fraud, wire fraud, and healthcare

10   fraud as described in the Court's instructions, do you find

11   that the government has proved beyond a reasonable doubt that

12   the defendant Peter Lesniewski is guilty as this crime as

13   charged in Count One of the indictment?

14             THE FOREPERSON:  Yes.

15             THE LAW CLERK:  So say you all.

16             Ms. Foreperson, considering the elements of the crime

17   of conspiracy to commit mail fraud, wire fraud, and healthcare

18   fraud as described in the Court's instructions, do you find

19   that the government has proved beyond a reasonable doubt that

20   the defendant Marie Baran is guilty of this crime as charged in

21   Count One of the indictment?

22             THE FOREPERSON:  Yes.

23             THE LAW CLERK:  So say you all.

24             Ms. Foreperson, considering the elements of the crime

25   of conspiracy to commit mail fraud, wire fraud, and healthcare

D86LLESF                    Verdict

1    fraud as described in the Court's instructions, do you find

2    that the government has proved beyond a reasonable doubt that

3    the defendant Joseph Rutigliano is guilty of this crime as

4    charged in Count One?

5             THE FOREPERSON:  Yes.

6             THE LAW CLERK:  So say you all.

7             Count Two, conspiracy to commit mail fraud, wire

8    fraud, and healthcare fraud.

9             Ms. Foreperson, considering the elements of the crime

10   of conspiracy to commit mail fraud, wire fraud, and healthcare

11   fraud as described in the Court's instructions, do you find

12   that the government has proved beyond a reasonable doubt that

13   the defendant Marie Baran is guilty of this crime as charged in

14   Count Two of the indictment?

15            THE FOREPERSON:  Yes.

16            THE LAW CLERK:  So say you all.

17            Ms. Foreperson, considering the elements of the crime

18   of conspiracy to commit mail fraud, wire fraud, and healthcare

19   fraud as described in the Court's instructions, do you find

20   that the government has proved beyond a reasonable doubt that

21   the defendant Joseph Rutigliano is guilty of this crime as

22   charged in Count Two of the indictment?

23            THE FOREPERSON:  Yes.

24            THE LAW CLERK:  So say you all.

25            Count Three, conspiracy to defraud the United States

D86LLESF                        Verdict

1    Railroad Board.

2              Considering, Ms. Foreperson, considering the elements

3    of the crime of conspiracy to defraud the United States

4    Railroad Board or RRB as described in the Court's instructions,

5    do you find that the government has proved beyond a reasonable

6    doubt that the defendant Peter Lesniewski is guilty of this

7    crime as charged in Count Three of the indictment?

8              THE FOREPERSON:  Yes.

9              THE LAW CLERK:  So say you all.

10             Ms. Foreperson, considering the elements of the crime

11   of conspiracy to defraud the United States RRB as described in

12   the Court's instructions, do you find that the government has

13   proved beyond a reasonable doubt that the defendant Marie Baran

14   is guilty of this crime as charged in Count Three of the

15   indictment?

16             THE FOREPERSON:  Yes.

17             THE LAW CLERK:  So say you all.

18             Ms. Foreperson, considering the elements of the crime

19   of conspiracy to defraud the United States RRB as described in

20   the Court's instructions, do you find that the government has

21   proved beyond a reasonable doubt that the defendant Joseph

22   Rutigliano is guilty of this crime as charged in Count Three of

23   the indictment?

24             THE FOREPERSON:  Yes.

25             THE LAW CLERK:  So say you all.

D86LLESF                        Verdict

1         Count Four, conspiracy to defraud the United States

2    RRB.

3         Ms. Foreperson, considering the elements of the crime

4    of conspiracy to defraud the United States RRB as described in

5    the Court's instructions, do you find that the government has

6    proved beyond a reasonable doubt that the defendant Marie Baran

7    is guilty of this crime as charged in Count Four of the

8    indictment?

9         THE FOREPERSON:  Yes.

10        THE LAW CLERK:  So say you all.

11        Ms. Foreperson, considering the elements of the crime

12   of conspiracy to defraud the United States RRB as described in

13   the Court's instructions, do you find that the government has

14   proved beyond a reasonable doubt the defendant Joseph

15   Rutigliano is guilty of this crime as charged in Count Four of

16   the indictment?

17        THE FOREPERSON:  Yes.

18        THE LAW CLERK:  Count Five, healthcare fraud.

19        Ms. Foreperson, considering the elements of the crime

20   of healthcare fraud as described in the Court's instructions,

21   do you find that the government has proved beyond a reasonable

22   doubt that the defendant Peter Lesniewski is guilty of this

23   crime as charged in Count Five of the indictment?

24        THE FOREPERSON:  Yes.

25        THE LAW CLERK:  So say you all.

1           Count Six, healthcare fraud.

2           Ms. Foreperson, considering the elements of the crime

3     of healthcare fraud as described in the Court's instructions,

4     do you find that the government has proved beyond a reasonable

5     doubt that the defendant Peter Lesniewski is guilty of this

6     crime as charged in Count Six of the indictment?

7           THE FOREPERSON:  Yes.

8           THE LAW CLERK:  Count Seven, healthcare fraud.

9           Ms. Foreperson, considering the elements of the crime

10    of healthcare fraud as described in the Court's instructions,

11    do you find that the government has proved beyond a reasonable

12    doubt that the defendant Marie Baran is guilty of this crime as

13    charged in Count Seven of the indictment?

14          THE FOREPERSON:  Yes.

15          THE LAW CLERK:  So say you all.

16          Count Eight, healthcare fraud.

17          Ms. Foreperson, considering the elements of the crime

18    of healthcare fraud as described in the Court's instructions,

19    do you find that the government has proved beyond a reasonable

20    doubt that the defendant Marie Baran is guilty of this crime as

21    charged in Count Eight of the indictment?

22          THE FOREPERSON:  Yes.

23          THE LAW CLERK:  So say you all.

24          Count Nine, mail fraud.

25          Ms. Foreperson, considering the elements of the crime

D86LLESF                    Verdict

1    of mail fraud as described in the Court's instructions, do you

2    find that the government has proved beyond a reasonable doubt

3    that the defendant Marie Baran is guilty of this crime as

4    charged in Count Nine of the indictment?

5              THE FOREPERSON:  Yes.

6              THE LAW CLERK:  Count Ten, mail fraud.

7         Ms. Foreperson, considering the elements of the crime

8    of mail fraud as described in the Court's instructions, do you

9    find that the government has proved beyond a reasonable doubt

10   that the defendant Joseph Rutigliano is guilty of this crime as

11   charged in Count Ten?

12             THE FOREPERSON:  Yes.

13             THE LAW CLERK:  So say you all.

14        Count Eleven, mail fraud.

15        Ms. Foreperson, considering the elements of the crime

16   of mail fraud as described in the Court's instructions, do you

17   find that the government has proved beyond a reasonable doubt

18   that the defendant Marie Baran is guilty of this crime as

19   charged in Count Eleven of the indictment?

20             THE FOREPERSON:  Yes.

21             THE LAW CLERK:  So say you all.

22        Count Twelve, mail fraud.

23        Ms. Foreperson, considering the elements of the crime

24   of mail fraud as described in the Court's instructions, do you

25   find that the government has proved beyond a reasonable doubt

1    that the defendant Peter Lesniewski is guilty of this crime as

2    charged in Count Twelve of the indictment?

3              THE FOREPERSON:  Yes.

4              THE LAW CLERK:  So say you all.

5              Ms. Foreperson, considering the elements of the crime

6    of mail fraud as described in the Court's instructions, do you

7    find that the government has proved beyond a reasonable doubt

8    that the defendant Joseph Rutigliano is guilty of this crime as

9    charged in Count Twelve of the indictment?

10             THE FOREPERSON:  Yes.

11             THE LAW CLERK:  So say you all.

12             Count Thirteen, mail fraud.

13             Ms. Foreperson, considering the elements of the crime

14   of mail fraud as described in the Court's instructions, do you

15   find that the government has proved beyond a reasonable doubt

16   that the defendant Peter Lesniewski is guilty of this crime as

17   charged in Count Thirteen of the indictment?

18             THE FOREPERSON:  Yes.

19             THE LAW CLERK:  Ms. Foreperson, considering the

20   elements of the crime of mail fraud as described in the Court's

21   instructions, do you find that the government has proved beyond

22   a reasonable doubt the defendant Joseph Rutigliano is guilty of

23   this crime as charged in Count Thirteen of the indictment?

24             THE FOREPERSON:  Yes.

25             THE LAW CLERK:  Count Fourteen, wire fraud.

D86LLESF                    Verdict

1          Ms. Foreperson, considering the elements of the crime

2     of wire fraud as described in the Court's instructions, do you

3     find that the government has proved beyond a reasonable doubt

4     that the defendant Peter Lesniewski is guilty of this crime as

5     charged in Count Fourteen of the indictment?

6          THE FOREPERSON:  Yes.

7          THE LAW CLERK:  Ms. Foreperson, considering the

8     elements of the crime of wire fraud as described in the Court's

9     instructions, do you find that the government has proved beyond

10    a reasonable doubt that the defendant Joseph Rutigliano is

11    guilty of this crime as charged in Count Fourteen of the

12    indictment?

13         THE FOREPERSON:  Yes.

14         THE LAW CLERK:  So say you all.

15         Count Fifteen, wire fraud.

16         Ms. Foreperson, considering the elements of the crime

17    of wire fraud as described in the Court's instructions, do you

18    find that the government has proved beyond a reasonable doubt

19    that the defendant Joseph Rutigliano is guilty of this crime as

20    charged in Count Fifteen of the indictment?

21         THE FOREPERSON:  Yes.

22         THE LAW CLERK:  So say you all.

23         Count Sixteen, wire fraud.

24         Ms. Foreperson, considering the elements of the crime

25    of wire fraud as described in the Court's instructions, do you

D86LLESF                    Verdict

1    find that the government has proved beyond a reasonable doubt

2    that the defendant Peter Lesniewski is guilty of this crime as

3    charged in Count Sixteen of the indictment?

4            THE FOREPERSON:  Yes.

5            THE LAW CLERK:  So say you all.

6            Ms. Foreperson, considering the elements of the crime

7    of wire fraud as described in the Court's instructions, do you

8    find that the government has proved beyond a reasonable doubt

9    that the defendant Joseph Rutigliano is guilty of this crime as

10   charged in Count Sixteen of the indictment?

11           THE FOREPERSON:  Yes.

12           THE LAW CLERK:  So say you all.

13           Count Seventeen, wire fraud.

14           Ms. Foreperson, considering the elements of crime of

15   wire fraud as described in the Court's instructions, do you

16   find that the defendant Peter Lesniewski is guilty of this

17   crime as charged in Count Seventeen of the indictment?

18           THE FOREPERSON:  Yes.

19           THE LAW CLERK:  So say you all.

20           Count Eighteen, wire fraud.

21           Ms. Foreperson, considering the elements of crime of

22   wire fraud as described in the Court's instructions, do you

23   find that the government has proved beyond a reasonable doubt

24   that the defendant Marie Baran is guilty of this crime as

25   charged in Count Eighteen of the indictment?

D86LLESF                         Verdict

1              THE FOREPERSON:  Yes.

2              THE LAW CLERK:  So say you all.

3              Count Nineteen, wire fraud.

4              Considering the elements of the crime of wire fraud as

5     described in the Court's instructions, do you find that the

6     government has proved beyond a reasonable doubt that the

7     defendant Peter Lesniewski is guilty of this crime as charged

8     in Count Nineteen of the indictment?

9              THE FOREPERSON:  Yes.

10             THE LAW CLERK:  So say you all.

11             Count Twenty, wire fraud.

12             Ms. Foreperson, considering the elements of the crime

13    of wire fraud as described in the Court's instructions, do you

14    find that the government has proved beyond a reasonable doubt

15    that the defendant Marie Baran is guilty of this crime as

16    charged in Count Twenty of the indictment?

17             THE FOREPERSON:  Yes.

18             THE LAW CLERK:  So say you all.

19             Count Twenty-One, false statement.

20             Ms. Foreperson, considering the elements of the crime

21    of false statement as described in the Court's instructions, do

22    you find that the government has proved beyond a reasonable

23    doubt that the defendant Joseph Rutigliano is guilty of this

24    crime as charged in Count Twenty-One of the indictment?

25             THE FOREPERSON:  Yes.

3024

D86LLESF                        Verdict

1              THE LAW CLERK:  So say you all.

2              THE COURT:  Please hand the verdict to the clerk.  You

3    may be seated.

4              Does any party wish the jury to be polled?

5              MR. RYAN:  Yes, your Honor.  Thank you.

6              THE COURT:  The clerk will poll the jury.

7              THE LAW CLERK:  When I call your name, please indicate

8    whether the verdict as published constitutes your individual

9    verdict.  You may answer yes or no.

10             (Jury polled; each juror answered in the affirmative)

11             THE LAW CLERK:  Members of the jury, you have heard

12   your verdict as it stands recorded.  The jury has been polled

13   and the verdict is unanimous.

14             THE COURT:  The clerk shall file and record the

15   verdict.

16             Do either side or any counsel object to the discharge

17   of the jury in this case No. 11 CR 1091?

18             MR. WEDDLE:  On behalf of the United States, we do

19   not, your Honor.

20             MR. DURKIN:  No, Judge.

21             MR. RYAN:  No objection.

22             MR. JACKSON:  No, your Honor.

23             THE COURT:  Thank you.

24             Ladies and gentlemen, you have completed your duties

25   as jurors, but before discharging you I have just a few

D86LLESF                         Verdict

1      comments to make.

2              You have just performed one of the most important

3      activities of being a United States citizen.  As you know, our

4      system of government is divided into three branches:  the

5      executive, the legislative, and judicial branches.  As a

6      citizen, in most cases your only participation with the

7      executive branch of government is when you cast your vote for

8      President.  In the legislative branch, you vote for your

9      senators and members of Congress who represent your interests.

10             But your participation as jurors in the judicial

11     branch goes to the very heart of making our judicial system

12     work and making it one of the most successful and fair systems

13     in the world.  So you can see the importance of the task you

14     have just completed for us for all of us, the Court, the

15     lawyers, and the parties.

16             We thank you for having performed your duty in an

17     exemplary fashion.

18             The law clerk will escort you from the jury box to the

19     jury room.  Please collect your belongings, return all copies

20     of exhibits to the clerk and all the papers that you have and

21     the notes, notebooks.

22             You're excused.  However, before you go, I will like

23     to join you in the jury room for just one moment to thank you

24     each individually for the service that you performed.

25             Thank you.  You're excused.

D86LLESF                        Verdict

 1              (Jury discharged)

 2              THE COURT:  Set a date for sentencing roughly 90 to a

 3    hundred days out.

 4              THE LAW CLERK:  Friday, November 15, 3 o'clock in the

 5    afternoon.

 6              THE COURT:  November 15.  Government.

 7              MR. WEDDLE:  That's good for the government, your

 8    Honor.

 9              We have an application with respect to bail.

10              MR. DURKIN:  Judge, would you have a date in December

11    like the 6th or the 13th?

12              THE LAW CLERK:  3 o'clock Friday, December 6.

13              MR. DURKIN:  Thank you.

14              THE COURT:  Mr. Jackson, is that date suitable for

15    you?

16              MR. JACKSON:  Yes, Judge.

17              THE COURT:  Mr. Ryan.

18              MR. RYAN:  Yes, your Honor.

19              THE COURT:  December 6.

20              MR. RYAN:  I'm sorry, Judge.  That is a problem.  I'll

21    be out of the country on December 6 due to a preexisting

22    engagement.

23              THE LAW CLERK:  13th at three, Friday the 13th.

24              MR. RYAN:  Yes, I believe that's correct.  Thank you.

25              MR. DURKIN:  That's fine.  Thank you.

D86LLESF                    Verdict

1          THE COURT:  All right.  December 13.

2          Mr. Weddle, you had a motion?

3          MR. WEDDLE:  Yes, your Honor.  In light of the

4    defendants' conviction, the burden of proof now shifts to the

5    defendants to prove by clear and convincing evidence that

6    they're not likely to flee.

7          The government believes that with respect to two

8    defendants, Dr. Lesniewski and Joseph Rutigliano, a substantial

9    increase in their bail conditions should be made.  And with

10   respect to defendant Baran, who testified and perjured herself

11   during this trial, the government seeks detention.

12         MR. RYAN:  On behalf of Mr. Rutigliano, he's appeared

13   at every court proceeding.  He asked for a speedy trial two

14   years ago.  He's not going anywhere.  He has his family here in

15   the courtroom with all of his friends.  His roots are on Long

16   Island.  He's surrendered his passport, if that gives any

17   comfort to the government.

18         There are substantial issues arising out of this trial

19   concerning many issues that your Honor is aware of.  So I

20   respectfully urge that the bail be continued to sentencing.

21         MR. WEDDLE:  With respect to Mr. Rutigliano, the

22   current bail conditions are $100,000 personal recognizance bond

23   with one cosigner, travel restricted to the continental United

24   States.  He's already been ordered to surrender travel

25   documents and to make no new application.

D86LLESF                         Verdict

          We would request home confinement, an increase in the

bond to $1 million.  We'd seek cash security of a hundred

thousand dollars and security with respect to that bond by

Mr. Rutigliano's two pieces of real property, and travel

restricted to the Southern and Eastern Districts of New York.

          MR. RYAN:  I respectfully submit that's an

unreasonable request, Judge.

          Mr. Rutigliano is looking forward to sentencing and

pursuing this case in the Court of Appeals for the Second

Circuit.  He has no intention of going anywhere.  He's fully

secured to appear here today and will continue in these

proceedings, pursue his appeal.

          MR. WEDDLE:  Your Honor, our quick look at the

guidelines this morning indicates that all defendants are

facing likely in excess of 15 years on a guidelines

calculation.

          And so we think that given the conviction and the

likelihood that they're going to be serving substantial time in

prison -- with respect to two of the defendants, we're not

seeking detention, but we do think that it is appropriate to

increase the conditions of their confinement.

          THE COURT:  I'm going to make a reference of the bail

dispute to the magistrate court where I think the parties would

be in better position to argue it out.

          MR. DURKIN:  Judge, could I be heard on that issue?

D86LLESF                        Verdict

1          THE COURT:  Yes.  Whatever the magistrate judge

2     decides, you can bring it here on appeal.

3          MR. DURKIN:  Judge, I'd really like you to do that if

4     you don't mind.  You've heard all the evidence here.  If this

5     weren't so serious, I'd think it was a joke.

6          Dr. Lesniewski has been aware of being investigated by

7     the federal government since the Eastern District of New York

8     began this in 2008 and he's been aware of that grand jury.  He

9     was aware of this grand jury.  He has appeared in every

10     proceeding.  All his connections are here.  He's borderline

11     penniless at this point.  He has nowhere to go to begin with,

12     and I really think that this is vindictiveness for the exercise

13     of his trial rights.

14          I do not understand how the government can say that he

15     would have a motive to flee after being -- after waiting five

16     years to come here for his day in court.

17          We too intend to challenge this in the Second Circuit,

18     but that's neither here nor there right now.  He has appeared

19     every time.  There should be no cloud hanging over his head

20     today.  This is bad enough news.  The bond conditions are

21     plenty good enough.

22          It's my understanding, and Mr. Weddle can correct me

23     if I'm wrong, I believe he's already surrendered his passport.

24     I think he has $750,000 bond.  It's absolutely unnecessary to

25     refer this to the magistrate judge and I would ask you, please,

1    this is bad enough without having to do that.

2            If the government has --

3            THE COURT:  Mr. Durkin, as you can see, the issue is

4    very intensely argued on both sides.  This is not something

5    that the Court should short shrift.

6            MR. DURKIN:  When would we have that argument?

7            THE COURT:  I'm sorry?

8            MR. DURKIN:  When would we have that argument?

9            THE COURT:  Well, what I was suggesting is you have

10   the argument first before the magistrate judge, and if there's

11   any disagreement there, then you can bring it here.  The

12   magistrate judge conceivably may agree with you and that could

13   be the end of it, or if he does not, then you could come back

14   here.

15           I would suggest that you do that early part of next

16   week.  That's the earliest opportunity that the government and

17   the parties are available for a magistrate court.

18           Mr. Weddle.

19           MR. WEDDLE:  Your Honor, I think that with respect to

20   Dr. Lesniewski, the government is also not seeking detention,

21   but we do think that an increase in the conditions of his bail

22   is warranted.

23           Our information is that he has approximately $500,000

24   in an account as liquid assets and approximately another

25   $400,000 in an individual retirement account and I believe that

1     he has equity in his home as well.

2               We think that this issue should be resolved right

3     away.  We could go directly from here to magistrate's court.

4               I also believe that your Honor is best situated to

5     decide with respect to Ms. Baran because our application with

6     respect to her depends in part on the fact that in our view she

7     lied on the stand here.  And I think that if the prosecution

8     provided her enough incentive to commit an additional crime

9     here during trial, then it certainly provides enough incentive

10    for her to flee, and/or at the very least the facts here

11    indicate that she cannot show by clear and convincing evidence

12    that she is unlikely to flee.

13              So with respect to her, we believe that your Honor is

14    best situated to decide the issue.  But if we're going to the

15    magistrate court, we would suggest that we go directly to the

16    magistrate court.

17              THE COURT:  I think you can do that directly.

18              The question of whether or not Ms. Baran committed

19    perjury, again, Mr. Weddle, is not one about which the Court

20    could make a snap judgment.  The government would have to

21    itemize exactly where in the proceedings the government

22    believes the perjury occurred, and that is something that I

23    doesn't believe the government can do any more on a snap

24    judgment than I could.

25              So to the extent that you're persuaded that that is

D86LLESF                        Verdict

1     the case, you have to gather your evidence and present it in a

2     way that would be compelling.  I don't believe that here right

3     off the cuff we're in a position for you to make that argument

4     or for the Court to decide it so promptly.

5                MR. WEDDLE:  Again, your Honor, I would just reiterate

6     that the burden is on Ms. Baran to prove by clear and

7     convincing evidence that she's likely to follow the Court's

8     orders and appear as required.

9                THE COURT:  That may be, but I'm sort of putting the

10    issue of whether or not -- you've raised the issue of perjury.

11    I'm saying to you that you would have to muster your case

12    because part of your argument is for that result is that

13    according to you she committed perjury, but you would have to

14    muster the evidence and present it in a compelling way.  And

15    I'm just questioning whether that's something that could be

16    done right here right now.

17               If you believe that you can, I think that the best

18    thing to do would be to take the issue to the magistrate court

19    even now and see if you can resolve it there.  If you cannot,

20    we'll give you the earliest opportunity next week in which we

21    can get together again.

22               MR. RYAN:  May I make a suggestion, your Honor?

23               THE COURT:  Yes.

24               MR. RYAN:  That we continue this until Monday for

25    magistrate availability because right now I think we have to go

 1   down to the probation department.  We have enough to contend

 2   with in a bail proceeding.

 3          THE COURT:  Mr. Weddle, is the government prepared to

 4   adjourn until Monday in magistrate's court?

 5          MR. WEDDLE:  May I just have a moment, your Honor.

 6          THE COURT:  Mr. Durkin.

 7          MR. DURKIN:  Judge, I can't appear on Monday.

 8          THE COURT:  If one of you is not available Monday,

 9   then I would suggest you should proceed directly today to

10   magistrate court.

11          Mr. Ryan, I understand your concern, but there is

12   urgency on everybody's part to get this matter resolved.

13          MR. DURKIN:  Judge, let me speak to my cocounsel

14   because Mr. Dratel may.

15          THE COURT:  In the meantime, I don't want to keep the

16   jury waiting any longer.  I'm going to step in there for just a

17   moment.

18          MR. WEDDLE:  Your Honor, we'd like to go to magistrate

19   court now and we can find some transcript cites on the way.

20          MR. DURKIN:  Judge, Mr. Dratel can be here Monday, so

21   that's fine with us.  I believe that's fine with all three.

22          MR. WEDDLE:  Your Honor, we're here today.  I think we

23   should do this right now, go directly to magistrate's court and

24   resolve this right now.  There's a flight risk right now, your

25   Honor, and your Honor should simply send us directly to

1   magistrate's court.  We've all blocked out today to work on

2   this case.  Rather than returning on Monday, we should do it

3   right now.

4           MR. DURKIN:  There's no urgency.

5           THE COURT:  Mr. Weddle, I think I agree there's no

6   compelling urgency that I see to make a material difference

7   between today and Monday.  So the parties should arrange for

8   magistrate court first thing Monday, as soon as everybody can

9   agree to a convenient time.

10          Thank you.

11          MR. RYAN:  Thank you, Judge.

12          MR. WEDDLE:  Your Honor, could I just ask for one

13  modification, or I guess it's not a modification of bail, but

14  could your Honor just order Dr. Lesniewski not to liquidate the

15  assets that he holds at LPL Financial, which includes his IRA

16  account and the other account that he has there?

17          MR. DURKIN:  We'll agree not to liquidate anything

18  other than perhaps for legal fees or legal expenses, but the

19  recitation you have I don't believe is accurate.  But we will

20  agree --

21          THE COURT:  I think that it goes without saying that

22  any party, any of the defendants who takes any steps at this

23  point that creates even the possible suspicion of flight risk

24  or liquidation of any assets may face severe consequences.  So

25  I think --

D86LLESF                    Verdict

1            MR. DURKIN:  Not a problem.

2            THE COURT:  -- proceed at your risk.

3            MR. DURKIN:  Not a problem.

4            THE COURT:  Thank you.

5            MR. WEDDLE:  Thank you, your Honor.

6            (Trial concluded)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25