E2LBLESS                        Sentence

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4          v.                              11 CR 1091

5  PETER J. LESNIEWSKI,

6             Defendant.

7  ------------------------------x

8                                    New York, N.Y.
                                     February 21, 2014
9                                    11:37 a.m.

10
   Before:
11
                        HON. VICTOR MARRERO,
12
                                     District Judge
13

14                          APPEARANCES

15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   DANIEL TEHRANI
17 NICOLE FRIEDLANDER
        Assistant United States Attorneys
18
   DURKIN & ROBERTS
19      Attorneys for Defendant
   THOMAS ANTHONY DURKIN
20
   JOSHUA L. DRATEL, P.C.
21      Attorneys for Defendant
   LINDSAY A. LEWIS
22

23

24

25

E2LBLESS                          Sentence

1          (In open court)

2          THE COURT:  Good morning.  Please be seated.  This is

3     a proceeding in the matter of *United States v. Lesniewski*.

4     It's docket number 11 CR 1091.  And we'll schedule as the set

5     defendant in this matter.

6          Counsel, please enter your appearances for the record.

7          MR. TEHRANI:  Good morning, your Honor.  Daniel

8     Tehrani and Nicole Friedlander for the government.

9          THE COURT:  Good morning.

10         MR. DURKIN:  Good morning, Judge.  Tom Durkin and

11    Lindsay Lewis on behalf of Dr. Lesniewski, who's present.

12         THE COURT:  Good morning.  The Court notes that the

13    defendant is present in the courtroom seated next to his

14    attorneys.

15         I have read and reviewed the presentence investigation

16    report dated December 5, 2013, prepared in connection with

17    today's sentencing of Dr. Lesniewski.  I have also read the

18    memorandum from defense counsel dated February 14th, 2014, and

19    the memorandum from the government dated February 20, 2014.

20         Mr. Tehrani, has the government read and reviewed the

21    presentence report?

22         MR. TEHRANI:  Yes, your Honor.

23         THE COURT:  Does the government have any objections to

24    the report to raise at this point?

25         MR. TEHRANI:  No, your Honor.

E2LBLESS                    Sentence

1                THE COURT:  Thank you.

2                Mr. Durkin, have you read and reviewed the presentence

3     report?

4                MR. DURKIN:  Yes, Judge.

5                THE COURT:  Have you had an opportunity to discuss it

6     with Dr. Lesniewski?

7                MR. DURKIN:  We have.

8                THE COURT:  Do you have any objections to the report

9     that you wish to raise at this point?

10                MR. DURKIN:  Nothing other than what we previously

11     filed, Judge, which is attached to our sentencing submission.

12     I think probation responded to it and we have nothing further

13     on that.

14                THE COURT:  Thank you.

15                I'll ask Dr. Lesniewski to please rise.

16                Have you read and reviewed the presentence report?

17                THE DEFENDANT:  Yes.

18                THE COURT:  Have you had an opportunity to discuss it

19     with your attorney?

20                THE DEFENDANT:  Yes, sir.

21                THE COURT:  Thank you.  You may be seated.

22                On August 6, 2013, Dr. Lesniewski was found guilty by

23     a jury verdict of Counts One, Three, Seven, Eight, Nineteen,

24     Twenty, Twenty-two, Twenty-six, Twenty-seven and Thirty of

25     Indictment No. 11 Cr. 1091, which charged him with conspiracy

1   to commit mail fraud, wire fraud, and health care fraud in

2   violation of 18 U.S.C. 1349, a Class C felony; conspiracy to

3   defraud the United States Railroad Retirement Board in

4   violation of 18 U.S.C. Section 371, a Class D felony; health

5   care fraud in violation of 18 U.S.C. 1347, a Class C felony;

6   and mail fraud in violation of 18 U.S.C. 1341, a Class C

7   felony.

8         Mr. Tehrani, does the government have any additional

9   comments for the Court's consideration in connection with

10  sentencing?

11        MR. TEHRANI:  Your Honor, just very briefly.  As the

12  trial evidence in this case showed, Dr. Lesniewski and the

13  other disability doctors in this case were the linchpins of a

14  massive disability fraud at the Long Island Railroad.  The

15  losses attributable to Dr. Lesniewski alone were nearly $100

16  million.  And without the participation of Dr. Lesniewski and

17  other corrupt doctors, who were willing to subvert their

18  medical licenses in the cause of fraud, a fraud of this type, a

19  fraud of this scale, simply could not exist.

20        And for those reasons, your Honor, and for the reasons

21  set out in much more length in the government's submission, the

22  government respectfully believes that a guidelines sentence is

23  appropriate in this case.

24        THE COURT:  All right.  Thank you.

25        Mr. Durkin, do you have any additional comments for

E2LBLESS                         Sentence

1   the Court's consideration in connection with sentencing?

2           MR. DURKIN:  Judge, I have one housekeeping matter

3   that Ms. Lewis could address regarding the financials.  We have

4   them and we've sent a copy to probation.

5           MS. LEWIS:  Your Honor, I just wanted to let you know

6   that we prepared the financial affidavits that are typically

7   required as part of the PSR, although at the time we did note

8   that it would probably take us considerably longer than usual

9   to prepare them.  And we actually did so after receiving the

10  final PSR.

11          And so in light of that, we don't expect that they

12  would be incorporated into the PSR in any way unless of course

13  the Court wanted them to be.  So we just have a copy here for

14  the Court today as a courtesy if the Court does want them and,

15  also, we have e-mailed a copy to probation.  I've also reached

16  out to probation, to Mr. Kapitansky asking whether he would

17  like a copy by hand -- there are about 35 exhibits to this --

18  and have not heard back.  So I'm prepared to provide that.

19          But for today we were just providing them here, if the

20  Court wants them, and not with any expectation that they'll

21  factor into sentencing in any way beyond that.

22          THE COURT:  Thank you.

23          The Court will direct that the materials be included

24  as part of the record of this proceeding.

25          MR. DURKIN:  Thank you, Judge.  And we're not

1   suggesting we change anything.

2              THE COURT:  Fine.

3              MR. DURKIN:  Judge, I have a couple of comments,

4   briefly.  First, there are 16 people here that wrote letters.

5   They are seated here.  I can introduce them to you

6   individually.  They are willing to testify if you wanted them

7   to, but I don't imagine there will be any --

8              THE COURT:  If the letters are already in the record,

9   the Court has considered them.

10             MR. DURKIN:  Yes.  Thank you.

11             I did not get a chance to respond to the government's

12  filing, and I'm not complaining about that.  There was a bit of

13  a mixup.  We delivered a copy to Mr. Weddle.  It turned out Mr.

14  Weddle was out of town.  So in fairness to Ms. Friedlander and

15  Mr. Tehrani, they didn't get it until Tuesday.  So I'm not

16  complaining in any way.  We addressed it to Mr. Weddle and we

17  forgot to put their names on it.  I don't know whether it would

18  have gotten there anyway because it would have gone to Weddle

19  first.

20             I made the suggestion that I thought from a

21  proportionality standpoint, my recommendation of two and a half

22  years, which I know is far from the guidelines, did make

23  certain sense.  The government says it doesn't make any sense.

24  But it seemed to me they had two arguments for that.  One was

25  that Dr. Ajemian had accepted responsibility, which I would

1   only note the government took a different position in in its

2   pleadings.  And I think the Court itself commented on it in

3   your sentencing comments.

4           I would only refer the Court to the government's

5   sentencing memorandum in the Ajemian case, pages, 17, 20, and

6   14, where they essentially argued that he was blaming the

7   victims and not accepting responsibility.  And your Honor

8   pointed that out in your sentencing comments.  And I don't say

9   this to disparage Dr. Ajemian or anyone else, but I believe

10  that there may well be a significant difference between

11  somebody who simply exercises his due process right to go to

12  trial -- as you know, we put on no evidence.  We did not

13  challenge it.  We're accepting of the verdict and we are not

14  taking any positions contrary.

15          So I think it's a little incongruous that somehow

16  Dr. Ajemian accepted responsibility.  Maybe he did, maybe he

17  didn't.  That's not my point.  But my point is I think there

18  is, from a proportionality standpoint and from the standpoint

19  of individual sentencing, I think the suggestion that I make to

20  you, that if 46 percent of this fraud, which the government

21  argued for Dr. Ajemian was almost half of the fraud, merits

22  eight years, then I think there is some substance to the

23  suggestion that Dr. Lesniewski's sentence of 30 months, as I've

24  suggested, is not unreasonable, or something close to that.

25          I think there should be some proportionality and I

think the individualized factors should make a difference.  And

I certainly don't think -- and I certainly trust that your

Honor won't hold it against him for going to trial.  I

understand that that raises our guideline level, but

nonetheless we're still talking about 3553(a).

        The second point the government argued is that somehow

you heard the trial evidence.  And while I understand you heard

the trial evidence, I think that the trial evidence-- and

that's why I submitted two exhibits.  The government's

percentage exhibit, but I also significantly pointed out to

you, and I think it's significant, that this was not

Dr. Lesniewski's sole practice.

        And that's not to deprecate the seriousness of the

offense in any way, shape or form.  And I hope I made that

clear throughout my pleading.  I'm only talking in mitigation.

I'm not talking in any way that this isn't serious or that the

doctor doesn't bear a certain responsibility based on the

verdict.  There's no question about that.  We're not fighting

that.

        But what I'm suggesting is that if you take all the

3553(a) factors and you combine it with the, I think,

relatively small portion of money that he was receiving, which

is set forth-- and I know your Honor paid careful attention to

it at trial because we had so many arguments over it, defendant

Exhibit L24.  But if you compare $286,000 to $4,391,000, that's

1    an awfully small percentage.

2           And, again, it's not to deprecate the seriousness of

3    the offense, but Dr. Lesniewski did have more than just the

4    Long Island Railroad practice.  He had a substantial surgery

5    practice.  I know the government quarrels with that, over the

6    malpractice insurance issue, but we've argued that to you and I

7    don't think we need to revisit that again today.  You've heard

8    all the evidence.  There's no doubt this is a serious offense.

9    No doubt punishment is in order.  No doubt a prison sentence is

10   in order.

11          But the real question becomes:  What do we do

12   proportionately and comparatively in a scheme like this where

13   there's various different levels of participation?  And what do

14   you do to a man who's 63 years old, has some health problems.

15   They're not debilitating, but I think to suggest that 30 months

16   even would be a slight sentence is inaccurate as far as I'm

17   concerned.  I always count three Christmases away from your

18   family when you're 63 years old is significant punishment.

19          I understand there's deterrents.  There's general

20   deterrents and there's individual deterrents.  I certainly

21   don't think that in any way, shape or form a sentence of close

22   to three years would be a sentence that wouldn't deter.  I

23   don't think there's anybody out there that's going to start

24   calculating and decide, well, you know, I'm going to

25   participate in this type of fraud just for the sake of if I

E2LBLESS                        Sentence

1    only get three years versus six or eight or whatever.

2             So with that, Judge, I would simply ask you to temper

3    your sentence with mercy.  You gave us-- I know how carefully

4    you followed this trial.  I think you saw the evidence.

5    Dr. Lesniewski has great respect for you, for the Court, and we

6    accept the verdict and he will accept your sentence.  He's a

7    man of great faith, as all the letters indicate.  He will

8    accept your sentence.  I would simply ask you to temper it with

9    mercy.

10            Thank you.

11            THE COURT:  Thank you.

12            Dr. Lesniewski, please rise.  Is there anything you

13   would like to say on your behalf before the Court imposes

14   sentence?

15            THE DEFENDANT:  No at this time, sir.

16            THE COURT:  Thank you.  You may be seated.

17            In accordance with the decision by the United States

18   Supreme Court in the *United States v. Booker*, while the United

19   States Sentencing Guidelines are not mandatory, the Court

20   nonetheless must consult those guidelines and take them into

21   account while sentencing.  Therefore, this Court has considered

22   the findings of fact stated in the presentence report, as well

23   as the guidelines analysis and recommendations contained

24   therein.  The Court has weighed this information along with the

25   factors listed in 18, United States Code, 3553(a) in coming to

E2LBLESS                        Sentence

1    its final sentencing decision.

2            The Court adopts the factual recitation in the

3    presentence investigation report.  Therefore, the Court finds

4    that under the guidelines, Dr. Lesniewski's offense level

5    amounts to 33 and his criminal history falls into category 1.

6    The recommended range of imprisonment for that offense level

7    and criminal history category is 135 to 168 months'

8    imprisonment.

9            Dr. Lesniewski was found guilty of conspiracy to

10   commit mail fraud, wire fraud, and health care fraud,

11   conspiracy to defraud the United States Railroad Retirement

12   Board, health care fraud and mail fraud.  The probation office

13   has recommended that the Court impose a sentence of 135 months

14   on Counts One, Twenty-six, Twenty-seven and Thirty to be served

15   concurrently.

16           Subsection (A)(1) of 18 U.S.C. 3553 requires that

17   courts take into consideration the nature and circumstances of

18   the offense and the history and characteristics of the

19   defendant.  Subsection (A)(2) of 18 U.S.C. Section 3553

20   requires that the Court consider the need for the sentence to

21   promote certain objectives of the criminal justice system,

22   namely:  Punishment, specific and general deterrence, and

23   rehabilitation.  Pursuant to Section 3553(a)(6), the Court is

24   also directed to consider the need to avoid unwarranted

25   sentencing disparities among defendants with similar records

E2LBLESS                    Sentence

1    and similar offenses in other cases, as well as in connection

2    with the case at hand.

3             Dr. Lesniewski, please rise.

4             Taking into account the nature and circumstances of

5    the offense and the history and characteristics of the

6    defendant, and the Court finds that a sentence of 96 months'

7    imprisonment is reasonable and appropriate, in that such terms

8    are sufficient, but not greater than necessary to promote the

9    proper objectives of sentencing.

10            In imposing this sentence, I have taken into account

11   the defendant's post-arrest rehabilitation; the relative roles

12   of this defendant in relation to that of Dr. Ajemian and

13   Mr. Rutigliano; the loss amounts that are involved which, to

14   some extent in cases such as this, may be either imprecise or

15   difficult to apportion among different defendants.  I've taken

16   into account the record of good works of the defendant as set

17   forth by those who have written in his support and the

18   defendant's age.

19            I've also taken into account the sentences that the

20   Court imposed upon Dr. Ajemian and Mr. Rutigliano.  Dr. Ajemian

21   did not go to trial.  He accepted responsibility, but in

22   relation to the extent of the offense, the trial record

23   indicated that Dr. Ajemian had a much more extensive practice

24   in this fraud than did Dr. Lesniewski.

25            Dr. Ajemian was sentenced to 96 months.

E2LBLESS                     Sentence

1   Mr. Rutigliano, who similarly went to trial, was sentenced to

2   96 months.  It is the Court's view that, taking into account

3   all of the personal circumstances, the unique roles of each of

4   these individuals in the offense, the loss amounts that were

5   attributable to their individual participations would not

6   warrant any disparity in the sentences among them.

7          I believe, Mr. Durkin, that a 30-month sentence, as

8   you proposed, would be an unwarranted disparity with the

9   sentences that the Court has imposed on defendants who the

10  Court believes are similarly situated in many ways to that of

11  Dr. Lesniewski.  It would not be equitable under these

12  circumstances to sentence Dr. Ajemian and Mr. Rutigliano to 96

13  months and Dr. Lesniewski, as you suggest, to a term of 30

14  months.

15         Upon your release from imprisonment, Dr. Lesniewski,

16  you shall be placed on supervised release for a term of three

17  years.  I will indicate that the sentence of 96 months is on

18  all of the counts, each of the counts to run concurrently.

19         The PSR recommends imposition of a fine of $25,000.  I

20  will not impose a fine in light of the defendant's substantial

21  restitution and other financial obligations that are involved

22  in this case.

23         The restitution amounts, according to the government's

24  calculation, shall be paid to the United States District Court,

25  the Clerk of the Court for this district, for disbursement to

14

E2LBLESS                          Sentence

1    the following victims in the amounts stated:  Railroad

2    Retirement Board Disability Benefits, $68,131,127; Railroad

3    Retirement Board Sickness Benefits, $1,301,564; AFLAC,

4    $792,047; UNUM, $111,767; United Healthcare, $296,395, for a

5    total of $70,632,900.

6                MR. DURKIN:  Judge, would you repeat the last figure

7    again?

8                THE COURT:  The total amount is $70,632,900.

9                (Pause)

10               THE COURT:  Let me come back for a correction.  Count

11   Three, which is defrauding the Railroad Retirement Board,

12   carries a maximum of five years.  So the Court will impose a

13   sentence on that count of a five-year maximum, again to run

14   concurrently with the others.

15               Dr. Lesniewski, you're also ordered to pay to the

16   United States a special assessment which is mandatory and which

17   shall be due immediately of $1,000.

18               Mr. Tehrani, is there a forfeiture in this case in

19   addition to the restitution?

20               MR. TEHRANI:  Yes, your Honor.  We don't have an order

21   to give you now.  We will, of course, provide one shortly.  But

22   we ask for forfeiture in the amount of $70,947,699.  And the

23   basis for that is set forth in Exhibit A of our sentencing

24   submission.

25               THE COURT:  All right.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1            MR. DURKIN:  Judge, we will make no further objection

2   than what we did in our objection to the PSR.

3            THE COURT:  All right.  Thank you.

4            MR. DURKIN:  We would object.

5            THE COURT:  The Court will order that there be

6   forfeiture in the amounts indicated in the forfeiture order

7   which the government will submit and the Court will endorse.

8            MR. DURKIN:  And the Court will at least note our

9   objection on that.

10           THE COURT:  The Court will note the objections of the

11  defendants.

12           MR. DURKIN:  Thank you.

13           THE COURT:  Dr. Lesniewski, you must comply with

14  standard conditions 1 through 13 of supervised release and the

15  following mandatory conditions:  You shall not commit another

16  federal, state or local crime; you shall not illegally possess

17  a controlled substance; you shall not possess a firearm or

18  destructive device; you shall cooperate in the collection of

19  DNA as directed by the probation officer.

20           The mandatory drug testing condition is suspended

21  based on the Court's determination that you pose a low risk of

22  future substance abuse.

23           In addition, you shall obey the following special

24  conditions:  You shall provide the probation officer with

25  access to any requests for financial information; you shall not

1    incur any new credit card charges or open additional lines of

2    credit without the approval of the probation officer unless

3    you're in compliance with the installment payment schedule.

4         Dr. Lesniewski, do you understand each of those

5    conditions?

6         THE DEFENDANT:  Yes, I do.

7         THE COURT:  You shall report to the nearest probation

8    office within 74 hours from release of custody.

9         The Court recommends that you be supervised by the

10   district of residence.

11        The sentence as stated is imposed.

12        Dr. Lesniewski, to the extent that you have a right to

13   appeal your sentence and you are unable to pay the cost of an

14   appeal, you have the right to apply for leave to appeal *in

15   forma pauperis,* meaning as a poor person.  If you make such a

16   request, the clerk of the court must immediately prepare and

17   file a notice of appeal on your behalf.

18        Do you understand your right to appeal to the extent

19   that it may exist?

20        THE DEFENDANT:  Yes.

21        THE COURT:  Mr. Tehrani, is there anything else--

22   first, are there any remaining counts or underlying indictments

23   that need to be dismissed at this time?

24        MR. TEHRANI:  Yes.  The government moves now to

25   dismiss all open counts against Dr. Lesniewski.

1          THE COURT:  It will be so ordered.

2          Anything else from the government?

3          MR. TEHRANI:  Yes, your Honor.  Just on the latest

4     objection.  Mr. Durkin has relied on objections previously

5     submitted to the Court.  And in adopting the guidelines set

6     forth in the PSR as well as adopting or setting restitution

7     of forfeiture amounts, we just wanted to clarify for the

8     record -- or inquire of your Honor for the record that you

9     are-- just to confirm that you're denying those objections and

10    adopting the numbers in the PSR as set forth in the

11    government's submissions for the reasons set forth by both

12    probation and the government.

13         THE COURT:  In adopting the PSR, I made an implicit

14    finding that those amounts are approved and the defense

15    objections denied.

16         MR. TEHRANI:  Thank you, your Honor.

17         THE COURT:  All right.

18         MR. DURKIN:  Judge, a couple of matters, Judge.

19         THE COURT:  Can you propose a self-surrender date?

20         MR. DURKIN:  Judge, I did.  I spoke to the prosecutors

21    about it.  I understand it's normally about 90 days, but we

22    have a special request that I don't believe the government has

23    an objection to.  Dr. Lesniewski has a daughter in Australia

24    who is pregnant.  She had hoped to be here today and to see her

25    father before he surrenders, but she's had some serious

E2LBLESS                          Sentence

1   complications with the pregnancy.

2          And I believe-- I don't believe.  I have letters from

3   her doctors saying she's not permitted to travel whatsoever.  I

4   think she's due to deliver towards the end of June.  I

5   discussed with the government if we could have a surrender date

6   towards the last part of July, and I believe that's acceptable

7   to the government.

8          THE COURT:  Mr. Tehrani?

9          MR. TEHRANI:  No objection, your Honor.

10          MR. DURKIN:  Judge, we would also request that you

11   make a recommendation for Otisville, New York.

12          THE COURT:  The Court will so recommend.

13          Do we have a date in July?

14          THE DEPUTY CLERK:  July 29th?

15          MR. DURKIN:  What day of the week is that?

16          THE DEPUTY CLERK:  Tuesday.

17          MR. DURKIN:  That should be fine.  That's fine.  Thank

18   you.

19          THE COURT:  Dr. Lesniewski, you're ordered to report

20   to the facility designated by the United States Bureau of

21   Prisons by noon on July 29th, 2014.  If no facility has been

22   designate by the BOP on that date, you are directed to report

23   on that date by noon to the United States Marshal for this

24   district.  Your failure to do so will subject you to

25   prosecution for offenses separate and apart from those for

1    which you've been sentenced today, and the punishment can be

2    severe.

3            Do you understand this?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  You shall remain out on bail under the

6    same terms and conditions that apply to date.  Again, any

7    violation of the conditions of bail can be to severe

8    consequences.

9            Do you understand this?

10           THE DEFENDANT:  Yes.

11           MR. DURKIN:  Judge, there's one issue with the

12   conditions as they exist right now.  And I forgot to mention

13   this to the government, but we have had discussions earlier.

14   Dr. Lesniewski -- his wife has a condition of the bail.  She's

15   a co-signer.  And she represented that she would make no

16   transfers without us talking to the government.

17           The government had made an exception for legal fees

18   and they said as long as we notified them.  There will need to

19   be more legal fees for the appeal.  I'd like to avoid having to

20   file a motion on that if it's possible.  I don't know if the

21   government has a position.

22           THE COURT:  Mr. Tehrani?

23           MR. TEHRANI:  Your Honor, I'm not sure this has to be

24   resolved right now.  I think we'd like to be able to talk to

25   defense counsel about it, discuss it internally.  And to the

E2LBLESS                    Sentence

1    extent that there's anything that your Honor then has to

2    address, it can be brought to your Honor's attention at that

3    point.

4              THE COURT:  All right.  Thank you.

5              MR. DURKIN:  That's fine.  As long as I don't have to

6    come here to --

7              THE COURT:  No, there's no need to initiate a

8    proceeding here.  Just work it out with the government.  If you

9    can come to an accord, the Court will grant that due

10   consideration and deference.

11             MR. DURKIN:  That's fine.  Thank you.

12             THE COURT:  All right.  Thank you.  Have a good day

13   and have a good weekend.

14             MR. TEHRANI:  Your Honor, before we adjourn, there

15   is a pending motion-- motion for bail pending appeal.  I

16   don't know if you wanted to address that today or you wanted

17   the parties to be heard on that or how you wanted to address

18   it.

19             MR. DURKIN:  I don't think the government's had a

20   chance to respond yet Judge.  It's fine with me if you want

21   to --

22             THE COURT:  If you want to respond.  But, Mr. Durkin,

23   the Court had denied similar requests from other defendants,

24   particularly Mr. Rutigliano.

25             MR. DURKIN:  No, I understand.

1          THE COURT:  What I did do in that case, as I've done

2     here, is allow a sufficient period of time between now and

3     self-surrender that you can pursue whatever applications you

4     deem appropriate at the appellate level.  If the appeals court

5     gives you appeal, release during appeal, that's fine.  I think

6     that's equitable treatment.

7          MR. DURKIN:  The only reason I would ask, if you would

8     just at least entertain a government response, we did cite a

9     different case.  There was a recent-- and this motion was

10    drafted by appellate counsel John Klein of San Francisco,

11    Judge.  And he's going to do the appeal.  And there's a case

12    that he had cited that I don't believe was raised in the

13    pleadings.  It's a Second Circuit case that is now pending,

14    a petition for rehearing.  But it does affect the venue

15    counts.

16          I'd only like to-- I'd just ask that you-- if the

17    government wants to respond, I'd like you to just consider it

18    because I don't think it's an argument that Mr. Rutigliano,

19    Mr. Ryan addressed.  I don't think so.  I could be mistaken,

20    but I don't think he did.

21          THE COURT:  All right.  Mr. Tehrani.

22          MR. TEHRANI:  Your Honor, a couple of things on that.

23    We're happy to be heard on the merits today if you'd like to.

24    I would note, though, a couple of things.  One is it's,

25    frankly, unclear whether this argument has been preserved by

E2LBLESS                    Sentence

1    this particular defendant.  But, more importantly, this was the

2    precise argument that Mr. Rutigliano made in his motion for

3    bail pending appeal.  It was the motion that was denied and

4    it's now the motion that's currently pending before the Court

5    of Appeals.

6              I'd also note that Judge Wood, also in a related case

7    involving Long Island Railroad employees, denied a Rule 33

8    motion, again based exactly on this case.

9              So, again, we're happy to argue it if it would be

10   helpful for your Honor, but this is the motion that was

11   previously denied by Mr. Rutigliano.

12             MR. DURKIN:  If that's the case, then I don't want

13   to --

14             THE COURT:  All right.  Let me call to your attention,

15   Mr. Durkin, my understanding from Mr. Rutigliano, his counsel,

16   Mr. Ryan, is that they expect to hear something, I don't know

17   exactly what, from the Court of Appeals on their request by, I

18   believe, March 12th.

19             MR. DURKIN:  Okay.  That's fine.

20             THE COURT:  Presumably if the arguments are the same

21   and Mr. Rutigliano prevails there, then I think you would have

22   a perfect right to come back and says "me too."  If, on the

23   other hand, the arguments are the same and he loses the case,

24   then that gives you a sense of what you might reasonably expect

25   here.

E2LBLESS                          Sentence

1              All right.  Thank you.

2              MR. DURKIN:  Thank you.

3              MR. TEHRANI:  Thank you, your Honor.

4              MS. FRIEDLANDER:  Thank you.

5              (Adjourned)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25