```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,             :
                                      :    11 Cr. 1091 (VM)
          - against -                 :
                                      :    DECISION AND ORDER
JOSEPH RUTIGLIANO AND PETER           :
LESNIEWSKI,                           :
                                      :
                    Defendants.       :
-------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendants Joseph Rutigliano ("Rutigliano") and Peter Lesniewski ("Lesniewski") (collectively, "Defendants") each filed motions for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("Rule 33") or, in the alternative, a resentencing pursuant to 28 U.S.C. Section 2255 ("Section 2255"), based upon alleged newly discovered evidence. ("Motions," Dkt. Nos. 817, 822.) Both Defendants are currently serving sentences of ninety-six (96) months of imprisonment to be followed by three (3) years of supervised release after a jury found them guilty on all counts in connection with their participation in a longstanding and widespread scheme among Long Island Railroad ("LIRR") workers to obtain disability benefits from the United States Railroad Retirement Board ("RRB") through fraud. (See Dkt. Minute Entries for Aug. 6, 2013, Dec. 20, 2013, and Feb. 21, 2014; Dkt. Nos 592, 649.) In addition, Rutigliano was ordered to

pay $82,356,348 in restitution, and Lesniewski was ordered to pay $70,0632,900 in restitution. Id.

For the reasons discussed below, the Defendants' Motions are DENIED in part. A hearing is ordered as to the Defendants' sentences to answer substantial questions raised in Defendants' Motions regarding the amount of loss suffered by the LIRR as a result of Defendants' fraudulent actions and in light of the alleged newly discovered evidence.

## I. BACKGROUND[1]

Lesniewski, an orthopedic physician, and Rutigliano, a former LIRR conductor and union local president, in coordination with Marie Baran ("Baran"), a former employee of the RRB, participated in a longstanding scheme in which LIRR employees conspired to fraudulently obtain federal disability benefits from the RRB.

---

[1] The Court derives the factual and procedural summary below from the Superseding Indictment, dated May 6, 2013 ("Indictment") (Dkt. No. 383) and from the following submissions: (1) Defendants' Motions for a New Trial or in the Alternative for Resentencing, dated October 2, 2015 and October 13, 2015 (Dkt. Nos. 817, 822); (2) Defendants' Briefs in Support of their Motions, dated October 2, 2015 and October 13, 2015 (Dkt. Nos. 819, 824); (3) Government's Brief in Opposition to Defendants' Motions, dated January 18, 2016 ("Gov't Opp.") (Dkt. No. 838); and (4) Defendants' Reply Memoranda, dated February 8, 2016 and February 25, 2016 ("Reply Memo.") (Dkt. Nos. 841 and 844). Except where specifically referenced, no further citation to these sources will be made.

By Superseding Indictment ("Indictment") filed on May 6, 2013 (Dkt. No. 383), the Government charged Rutigliano with the following criminal offenses: (a) conspiracy to commit mail fraud, wire fraud, and health care fraud, in violation of 18 U.S.C. Section 1349 ("Count One"); (b) conspiracy to commit mail fraud, wire fraud, and health care fraud, in violation of 18 U.S.C. Section 1349 ("Count Two"); (c) conspiracy to defraud the RRB in violation of 18 U.S.C. Section 371 ("Count Three"); and (d) conspiracy to defraud the RRB in violation of 18 U.S.C. Section 371 ("Count Four"). Counts 5, 6, and 9 charged Rutigliano with health care fraud in violation of 18 U.S.C. Sections 1347 and 2. Counts 14, 15, 17, 19, 20, and 21 charged Rutigliano with mail fraud in violation of 18 U.S.C. Sections 1341 and 2. Counts 22, 23, 24, 25, 26, and 29 charged Rutigliano with wire fraud in violation of 18 U.S.C. Sections 1343 and 2. Count 33 charged Rutigliano with false statements in violation of 18 U.S.C. Section 1001.[2]

The Government charged Lesniewski with the following criminal offenses: (a) conspiracy to commit mail fraud, wire fraud, and health care fraud, in violation of 18 U.S.C.

---

[2] The Court notes that Rutigliano was indicted only on the counts explicitly referenced in the above summary.

Section 1349 ("Count One") and (b) conspiracy to defraud the RRB in violation of 18 U.S.C. Section 371 ("Count Three"). Counts 7 and 8 charged Lesniewski with health care fraud in violation of 18 U.S.C. Sections 1347 and 2. Counts 19 and 20 charged Lesniewski with mail fraud in violation of 18 U.S.C. Sections 1341 and 2. Counts 22, 26, 27 and 30 charged Lesniewski with wire fraud in violation of 18 U.S.C. Sections 1343 and 2.[3]

Jury trial against Rutigliano, Lesniewski, and Baran commenced on July 15, 2013. (See Dkt. Minute Entry for July 15, 2013.) During trial, twelve (12) counts were dismissed on the Government's motion. On August 6, 2013, the jury found all three defendants guilty on all remaining counts. (See Dkt. Minute Entry for Aug. 6, 2013.)

The Court sentenced Rutigliano on December 20, 2013 to concurrent terms of ninety-six (96) months imprisonment on Counts 1 and 2 (conspiracy), Counts 15, 19, and 20 (mail fraud), Counts 22, 24, and 26 (wire fraud), and sixty (60) months for Counts 3 and 4 (conspiracy) and Count 33 (false statements), followed by three (3) years of supervised

---

[3] The Court notes that Lesniewski was indicted only on the counts explicitly referenced in the above summary.

release. (See Dkt. Minute Entry for Dec. 20, 2013; Dkt. No. 592.)

The Court sentenced Lesniewski on February 21, 2014 to concurrent terms of ninety-six (96) months imprisonment on Count 1 (conspiracy), Counts 7 and 8 (health care fraud), Counts 19 and 20 (mail fraud), and Counts 22, 26, 27, and 30 (wire fraud) and sixty (60) months for Count 3 (conspiracy), followed by three (3) years of supervised release. (See Dkt. Minute Entry for Feb. 21, 2014; Dkt. No. 649.)

Both Lesniewski and Rutigliano subsequently filed notices of appeal (Dkt. Nos. 598, 659) challenging their convictions and sentences. The Second Circuit denied the Defendants' appeals. (Dkt. No. 808.)

On October 2, 2015, Lesniewski filed a motion for a new trial or, in the alternative, for resentencing based upon alleged newly discovered evidence. (Dkt. No. 817.) On October 13, 2015, Rutigliano also filed a motion for a new trial or, in the alternative, for resentencing based upon newly discovered evidence. (Dkt. No. 822.)

The Defendants argue that post-trial findings of the RRB clearly show that 498 of 530 disability pension awards the Government previously claimed were fraudulent were reinstated retroactively. Defendants argue that had this evidence been

- 5 -

available at trial, the defense would have persuaded the jury that no fraud had been committed and that no loss had been sustained by the RRB, resulting in a dismissal by the Court or an acquittal by the jury. Defendants also argue that the Government misled the jury into thinking that the RRB standard for disability was 'total disability' but that in actuality, the RRB's standard is that an applicant have an 'inability to perform a single job task.' Defendants point to statements made after trial by Martin J. Dickman, Inspector General for the RRB, who explicitly stated that the RRB standard for disability is not 'total disability' and recommended that the RRB Chairman establish a new, more stringent standard than the 'one or more tasks' standard that the RRB has been using. Defendants argue that the ease with which LIRR retirees could obtain disability shows the lack of incentive to commit fraud.

In the alternative, Defendants argue that the newly discovered evidence shows that the RRB suffered little or no loss and, accordingly, the Court should resentence the Defendants using the correct loss calculation.

The Government filed an Opposition to Defendants' Motions ("Gov't Opp.") (Dkt. No. 838), and the Defendants subsequently filed Replies ("Defendants' Replies") (Dkt. Nos. 841, 844).

## II. DISCUSSION

A.   MOTION FOR A NEW TRIAL PURSUANT TO RULE 33

Pursuant to Rule 33, a court, on motion of a defendant, may grant a new trial to that defendant in the interests of justice. Fed. R. Crim. P. 33. Rule 33 confers "broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992). However, "that discretion should be exercised sparingly." Id. at 1414. The test is whether "it would be a manifest injustice to let the guilty verdict stand." Id. (internal citation omitted). There "must be a real concern that an innocent person may have been convicted." Id. Motions for a new trial are disfavored in the Second Circuit. United States v. Gambino, 59 F.3d 353, 364 (2d Cir. 1995).

Defendants argue that on September 30, 2013, after the jury returned a verdict of guilty as to Lesniewski, the RRB issued Order 13-55, invalidating all applications that included medical evidence supplied by Lesniewski and permitting those applicants to refile. The RRB also issued Order 13-33 (together with Order 13-55, the "Board Orders"), invalidating all applications that included evidence supplied

by Dr. Peter Ajemian ("Ajemian").[4] The Board Orders explicitly provided that the RRB would not "reopen" or "reevaluate" the materials provided by Lesniewski and Ajemian, thereby declining to review the validity of Lesniewski and Ajemian's diagnoses or recommendations or the entitlement of the annuitant to an occupational disability at any time prior to reapplication.

Most of the annuitants whose benefits were terminated by the Board Orders reapplied, and a vast majority of those annuitants were approved to receive disability benefits. Specifically, the RRB evaluated 530 reapplications, found that 498 of the pensions had been properly granted, and subsequently reinstated those pensions retroactive to the RRB's termination date ("Post-Board Order Approvals"). With respect to Lesniewski, the RRB reviewed 116 disability reapplications, and denied only two.

After review of the parties' submission, the Court finds that the Defendants have failed to meet their burden with respect to Rule 33. In this case, the Government presented sufficient evidence to sustain the guilty verdicts delivered

---

[4] Ajemian, a Board-certified orthopedist and co-conspirator, pled guilty on January 18, 2013 to Counts 1 and 4 of the Indictment, pursuant to a plea agreement with the Government. (See Dkt. Minute Entry for Jan. 18, 2013.)

by the jury at trial, regardless of the newly discovered evidence. The Government presented testimony and physical evidence at trial establishing that both Lesniewski and Rutigliano engaged in a longstanding and widespread scheme to defraud the RRB.

The Court now turns to only some of the overwhelming evidence of each of the Defendants' guilt presented by the Government at trial.[5]

As to Lesniewski, the Government presented evidence at trial that Lesniewski purported to conclude that every LIRR patient's condition would not improve, despite offering little or no meaningful treatment for the alleged condition. The Government showed at trial that during the course of the conspiracy, Lesniewski knew that his patients were working and, in fact, were physically capable of continuing to work. Indeed, as one witness testified at trial, when interviewed by federal agents investigating the case, Lesniewski stated that he "exaggerated" his medical findings and opinions in support of LIRR patients' disability applications approximately 20% of the time. (Dkt. No. 499, Tr. at 673-

---

[5] The Court derives the factual summary below from the trial record. (Dkt. Nos. 493-521.) Except where specifically referenced, no further citations to the trial record will be made.

675.) In addition, four former LIRR patients of Lesniewski's, who testified at trial as cooperating witnesses, stated that they committed fraud with Lesniewski in order to obtain disability benefits to which they were not entitled.

The evidence presented at trial against Rutigliano was equally robust. First, Dr. Alton Barron ("Barron"), an orthopedic surgeon who testified as a Government expert, analyzed Rutigliano's own disability file and testified that most of the claimed injuries were slight or impossible, thereby establishing that Rutigliano's disability claims were fraudulent. Dr. Barron's testimony was corroborated by Dr. Fred Ferderigos ("Ferderigos"), a Florida doctor that Rutigliano visited of his own accord after he was identified as participating in a fraud against the LIRR. Like Barron, Ferderigos found that Rutigliano's ailments were either fabricated or mild. Barron's testimony was further corroborated by Rutigliano's own actions, namely, his avid golfing and his continuing to work, charging approximately $1,000 per person to prepare fraudulent disability application materials for other LIRR workers. Second, the Government showed at trial that Rutigliano prepared cookie-cutter application materials for LIRR retirees. Two of Rutigliano's clients testified at trial that they

fraudulently obtained disability benefits as part of the charged conspiracy. They testified that they paid Rutigliano to prepare the non-medical paperwork for the pre-planned disabilities, that Rutigliano filled out the paperwork with little input from them, and that the cookie-cutter applications were rife with lies.

The Government argues that the Defendants would have been found guilty of fraud even if the annuitants at issue were actually eligible for disability benefits during the relevant time period. The Government argues that the Post-Board Order Approvals does not change that the Defendants lied to induce the RRB to provide those individuals with disability benefits.

The Court is persuaded that the Government presented overwhelming evidence at trial, establishing beyond a reasonable doubt, that the Defendants participated in a scheme to defraud the LIRR. As such, the Court finds that the Defendants have not demonstrated that it would be a manifest injustice to let the jury verdict stand. The Defendants' Motions for a new trial pursuant to Rule 33 are hereby DENIED.

B.  RESENTENCING PURSUANT TO 28 U.S.C. SECTION 2255

Defendants move, in the alternative, for resentencing pursuant to Section 2255 on the grounds that the alleged newly

- 11 -

discovered evidence shows that the RRB suffered little to no loss from the fraud perpetuated by the Defendants and, as such, the Court should resentence the Defendants using the correct loss calculation.

Defendants argue that the RRB's Post-Board Order Approvals demonstrate that the Government suffered little or no loss from the fraud. Specifically, Defendants argue that the loss calculated by the Government, and adopted by the Court, assumed that every one of the LIRR patients who received disability payments did so through an act of fraud. The Post-Board Order Approvals, the Defendants argue, show that at least 94% of these patients were in fact occupationally disabled, thereby rendering the Government's loss calculation materially false. Defendants argue that because the basis for the restitution and forfeiture judgements have been altered by this alleged newly discovered evidence, the Court should resentence the Defendants.

The Court is persuaded that Defendants' arguments raise substantial questions that, in light of the alleged newly discovered evidence concerning the Post-Board Order Approvals, counsel in favor of conducting a hearing on the amount of loss suffered by the LIRR as a result of Defendants' fraudulent actions.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Peter Lesniewski (Dkt. No. 817) for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure is **DENIED**; and it is further

**ORDERED** that the motion of defendant Joseph Rutigliano (Dkt. No. 822) for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure is **DENIED;** and it is further

**ORDERED** that counsel for all parties appear for a hearing before this Court on April 29, 2016 at 2:00 p.m. in Courtroom 11B at the United States Courthouse, 500 Pearl Street, New York, New York, on the issue presented by defendant Peter Lesniewski and defendant Joseph Rutigliano in their motions, regarding resentencing in light of the alleged newly discovered evidence concerning loss calculation. (Dkt. Nos. 817, 822.) Upon conclusion of such a hearing, the Court will consider scheduling additional proceedings as necessary.

**SO ORDERED.**

Dated:   New York, New York
         4 March 2016

                                        VICTOR MARRERO
                                           U.S.D.J.