UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
UNITED STATES OF AMERICA                  :
:
:
:
    v.                                    :     11-cr-1091 (VM)
:
PETER LESNIEWSKI                          :     Electronically Filed
:
            Defendant.                    :
------------------------------------------------------------x

# OPPOSITION OF DEFENDANT PETER LESNIEWSKI TO GOVERNMENT'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR STAY

THOMAS ANTHONY DURKIN
DURKIN & ROBERTS
2446 N. Clark Street
Chicago, Illinois 60615
(312) 981-0123

JOSHUA L. DRATEL
LAW OFFICES OF JOSHUA L. DRATEL, P.C.
29 Broadway
Suite 1412
New York, New York 10006
(212) 732-0707

*Attorneys for Defendant Peter Lesniewski*


# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 1

    I.    THE GOVERNMENT'S MOTION FOR RECONSIDERATION IS UNTIMELY ................................................................................................................. 1

    II.   THE GOVERNMENT'S MOTION DOES NOT MEET THE STANDARD FOR A MOTION FOR RECONSIDERATION ............................ 2

    III.  NO STAY IS WARRANTED ............................................................................... 6

CONCLUSION ................................................................................................................................. 6

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Anwar v. Fairfield Greenwich Ltd.*,
  800 F. Supp. 2d 571 (S.D.N.Y. 2011) ................................................................................2

*Gonzalez v. United States*,
  792 F.3d 232 (2d Cir. 2015) ...............................................................................................4

*In re Shendatech, Inc. Securities Litigation*,
  2015 U.S. Dist. LEXIS 69395 (S.D.N.Y. May 28, 2015) ...................................................1

*Reese v. United States*,
  2016 U.S. Dist. LEXIS 23273 (S.D.N.Y. Feb. 24, 2016) ................................................2, 3

*Thompson v. United States*,
  2010 U.S. Dist. LEXIS 93174 (S.D.N.Y. Sept. 7, 2010) ....................................................1

*Torres v. United States*,
  140 F.3d 392 (2d Cir. 1998) ...............................................................................................3

*United States v. McDavid*,
  41 F.3d 841 (2d Cir. 1995) .................................................................................................3

*United States v. Zhu*,
  41 F. Supp. 3d 341 (S.D.N.Y. 2014) ..................................................................................2

**CONSTITUTION, STATUTES, AND RULES**

U.S. Const. Amend. V ..................................................................................................................3

28 U.S.C. § 2255 .......................................................................................................................1, 3

S.D.N.Y. Local Civil R. 6.3 .......................................................................................................1, 2

S.D.N.Y. Local Criminal R. 49.1 ...............................................................................................1, 2

**INTRODUCTION**

The government has moved for reconsideration of the portion of the Court's March 4 Order granting a hearing on Dr. Lesniewski's motion for resentencing under 28 U.S.C. § 2255.[1]  The Court should deny the government's motion for reconsideration because (1) it is untimely,  and (2) it does not meet (or even cite) the stringent requirements for a motion for reconsideration.  The Court should deny as well the government's alternative request for a stay of resentencing pending Dr. Lesniewski's appeal of the Court's denial of his motion for new trial.

**ARGUMENT**

**I.     THE GOVERNMENT'S MOTION FOR RECONSIDERATION IS UNTIMELY.**

Local Criminal Rule 49.1(d) provides that "[a] motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion."  Local Civil Rule 6.3 includes the identical time limit for reconsideration motions.  The Court decided Dr. Lesniewski's motion on March 4, 2016.  Doc. 846.  The government filed its motion for reconsideration on April 11, thirty-eight days later.  Because the motion for reconsideration was not filed within 14 days of the Court's Order, it should be denied.  *See, e.g., In re Shengdatech, Inc. Securities Litigation*, 2015 U.S. Dist. LEXIS 69395, at *11 (S.D.N.Y. May 28, 2015); *Thompson v. United States*, 2010 U.S. Dist. LEXIS 93174, at *3 (S.D.N.Y. Sept. 7, 2010).

---

[1] Government's Letter of April 11, 2016 (Docs. 851, 852) ["G. Recon. Mot."].

1

## II. THE GOVERNMENT'S MOTION DOES NOT MEET THE STANDARD FOR A MOTION FOR RECONSIDERATION.

In addition to being untimely, the government's motion fails to meet the strict limits that Local Rules 49.1 and 6.3 place on motions for reconsideration. This Court has described those limits:

> Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided. The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.
>
> To these ends, a request for reconsideration under Local Civil Rule 6.3 ("Rule 6.3") must advance controlling law or factual matters that the movant believes the Court overlooked in its decision on the underlying matter and that might reasonably be expected to alter the conclusion reached by the Court. Rule 6.3 is intended to ensure the finality of decisions and to prevent the practice of a losing party plugging the gaps of a lost motion with additional matters. A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used either to advance different theories not previously argued or as a substitute for appealing a final judgment.

*Reese v. United States*, 2016 U.S. Dist. LEXIS 23273, at *2-*3 (S.D.N.Y. Feb. 24, 2016) (quotations, citations, and ellipsis omitted); *see, e.g., United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (same); *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572-73 (S.D.N.Y. 2011) (same).

The government does not mention this strict standard and makes no attempt to satisfy it. It cites no "intervening change in controlling law" or "new evidence." It identifies no "manifest injustice" that will follow from the Court's Order. The government's motion transparently seeks to "plug[] the gaps of its last [opposition] with additional matters" and to "advance different theories not previously argued."

2

The government perhaps contends (without saying so) that the Court committed "clear error" in deciding Dr. Lesniewski's § 2255 motion. If so, it is wrong; the government does not identify *any* error, much less *clear* error.

First, the government maintains that Dr. Lesniewski's sentencing claim is not cognizable under § 2255. The government concedes that claims of constitutional error at sentencing may be brought under § 2255, G. Recon. Mot. at 1, but it asserts that "[h]ere, there is no claim of constitutional error," *id*. at 2. The government is wrong. In his § 2255 notice of motion, Dr. Lesniewski sought resentencing "because the initial sentencing was based on false information concerning the loss attributable to his alleged offenses *and thus violated his Fifth Amendment right to due process*." Doc. 817 at 1 (emphasis added). His supporting memorandum addressed the due process claim, citing *Torres v. United States*, 140 F.3d 392 (2d Cir. 1998), *United States v. McDavid*, 41 F.3d 841 (2d Cir. 1995), and other cases. Doc. 819 at 19.

Second, the government rehashes its argument that Dr. Lesniewski's Guidelines calculation "was driven by [his] intended loss," and thus the fact that (as the newly discovered evidence demonstrates) there was little or no actual loss is irrelevant. G. Recon. Mot. at 2. This is exactly the argument the government made in its original opposition to Dr. Lesniewski's motion. Doc. 838 at 11-12. The government thus ignores this Court's admonition that "[t]he provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Reese*, 2016 U.S. Dist. LEXIS 23273, at *2 (quotation omitted). In any event, the government's argument is wrong for the same reason it was wrong the first time: to quote Dr. Lesniewski's reply, "The intended loss figure rested on nothing more than an extrapolation from the false actual loss figure. With the collapse of the actual loss figure, the derivative intended loss figure must fall as well." Doc. 844 at 12.

Third, the government repeats its contention that the patients granted disability under BO 13-55 might have feigned disability initially but become disabled at some point between their retirement and their reapplication. G. Recon. Mot. at 3 n.3; *see* Doc. 838 at 5 (arguing that timing of BO 13-55 reevaluations makes them irrelevant). As Dr. Lesniewski noted in his reply:

> There is not a shred of evidence to support the government's speculation. The government does not identify a single LIRR patient who pretended to be disabled when initially applying for benefits but had become disabled by the time of the RRB's reevaluation. Nor does the government's speculative theory make sense. The LIRR workers for whom Dr. Lesniewski prepared narratives were on the verge of retirement from the railroad when he saw them. Their occupational disability almost certainly arose from the repetitive stressful actions that their LIRR jobs required. Those actions injured their musculoskeletal systems. Their occupational disability did not arise from their presumably less stressful actions in retirement. In any event, the government's timing argument, to the very limited extent it may have some basis, goes at most to the weight of the evidence and not to its relevance. At a new trial [or, as here, resentencing], the government will be free to try to show that some meaningful number of Dr. Lesniewski's LIRR patients became disabled after retirement.

Doc. 844 at 3-4.[2]

Finally, the government "advance[s] different theories not previously argued." *Reese*, 2016 U.S. Dist. LEXIS 23273, at *3. It argues that fewer than all of Dr. Lesniewski's former LIRR patients reapplied under BO 13-55 and that the Court should assume that all of the money paid to all of the patients who did not reapply counts as intended loss. G. Recon. Mot. at 4. This new argument is not a basis for reconsideration, and it makes no sense in any event.

Most former patients who did not reapply for disability under BO 13-55 did not have their disability payments terminated in the first place--most likely because they had reached 65, could

---

[2] The government also repeats its argument about forfeiture and restitution. G. Recon. Mot. at 5 n.6; *see* Doc. 838 at 12-13 (making same argument). Dr. Lesniewski addressed this contention in his reply. Doc. 844 at 10 (citing, among other cases, *Gonzales v. United States*, 792 F.3d 232, 237 (2d Cir. 2015)).

4

claim full retirement, and thus were no longer receiving disability. *See* BO 13-55 (Doc. 819-1) at 6, Art. III, ¶ 2 (noting that disability annuities are converted to retirement annuities when the annuitant attains "full retirement age" as defined in the Social Security Act). BO 13-55 terminated disability for *all* of Dr. Lesniewski's former patients still on disability. BO 13-55 (Doc. 819-1) at 5, Art. II, ¶ 17; *id.*, Art. III, ¶ 1. Altogether, 174 of Dr. Lesniewski's former patients had their disability terminated under BO 13-55. Doc. 819-6 at 5. Of those 174 former patients, 169 had reapplied as of June 5, 2015. *Id*. Thus, there is no large pool of former patients potentially eligible for disability who did not reapply under BO 13-55; as of June 5, there were only five such patients.

The government apparently urges the Court to assume that all of the money paid to all of Dr. Lesniewski's patients whose disability payments were not subject to termination under BO 13-55 (most likely because they had reached 65) resulted from fraud. There is not the slightest evidentiary basis for this assumption. To the contrary, given that 96.6% to 98% of the patients who reapplied under BO 13-55 had been found eligible for disability under a heightened standard as of June 5, 2015 (Doc. 819-6 at 5), the most reasonable assumption is that a comparable percentage of the remaining patients would have been found eligible if they had had their disability terminated under BO 13-55 and had reapplied.[3]

For all of the foregoing reasons, and for the reasons in Dr. Lesniewski's previous pleadings, the Court should deny the government's motion for reconsideration.

---

[3] We have recently received a substantial amount of data about Dr. Lesniewski's former patients from the prosecution, which apparently obtained it from the RRB. We have not yet had a chance to analyze this data in detail. If, upon analysis, the new data alters the conclusions outlined above and in Dr. Lesniewski's prior pleadings, we will advise the Court.

5

### III.     NO STAY IS WARRANTED.

In the alternative, the government seeks a stay of the resentencing proceedings pending Dr. Lesniewski's appeal of the Court's denial of his motion for new trial. G. Recon. Mot. at 5. The Court should deny the stay and proceed with the hearing now scheduled for May 13. Depending on the outcome of the resentencing proceeding, Dr. Lesniewski may choose to dismiss his appeal. On the other hand, if the Court ultimately declines to resentence Dr. Lesniewski, his appeal from that decision can likely be consolidated with his pending appeal, given that his opening brief is not due until July 5. In any event, there is no basis to postpone a decision on resentencing for many months while the new trial appeal works its way through briefing, argument, and decision.

### CONCLUSION

For the foregoing reasons, the Court should deny the government's motion for reconsideration and its alternative motion for stay.

Respectfully submitted,

Dated April 18, 2016
/s/ THOMAS ANTHONY DURKIN
DURKIN & ROBERTS
2446 N. Clark Street
Chicago, Illinois 60614
(312) 981-0123
tdurkin@durkinroberts.com

/s/ JOSHUA L. DRATEL
JOSHUA L. DRATEL, P.C.
29 Broadway, Suite 1412
New York, New York 10006
(212) 732-0707
jdratel@joshuadratel.com

6

Of counsel:

John D. Cline
Law Office of John D. Cline
235 Montgomery St., Suite 1070
San Francisco, CA  94104
(415) 662-2260
cline@johndclinelaw.com

*Attorneys for Defendant Peter Lesniewski*

## CERTIFICATE OF SERVICE

      This is to certify that on this the 18th day of April, 2016, I caused to be filed a true and correct copy of the instant Memorandum and annexed exhibits using the Southern District of New York's Electronic Case Filing system ("ECF") which will send a notice of filing to all counsel of record.

                                                  <u>/s/ Thomas Anthony Durkin</u>
                                                  THOMAS ANTHONY DURKIN