```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :    11 Cr. 1091 (VM)
          - against -               :
                                    :    **DECISION AND ORDER**
JOSEPH RUTIGLIANO, PETER            :
LESNIEWSKI, and PETER AJEMIAN,      :
                                    :
                    Defendants.     :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendants Joseph Rutigliano ("Rutigliano") and Peter Lesniewski ("Lesniewski") each filed motions either for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("Rule 33") or, in the alternative, a resentencing pursuant to 28 U.S.C. Section 2255 ("Section 2255"), based upon alleged newly discovered evidence. ("Rule 33 Motions," Dkt. Nos. 817, 822.) Petitioner Peter Ajemian ("Ajemian") (collectively with Lesniewski and Rutigliano, "Defendants") filed a pro se motion pursuant to Section 2255 to vacate, set aside, or otherwise correct his conviction and sentence. ("Section 2255 Motion," Dkt. No. 830.)

On March 4, 2016, the Court denied the Rule 33 Motions in part and ordered a hearing, scheduled for April 29, 2016, to address substantial questions raised in the Rule 33 Motions in light of the alleged newly discovered evidence regarding the amount of loss suffered by the Long Island Railroad ("LIRR") as a result of Defendants' fraudulent actions.

("Hearing"). ("Rule 33 Order," Dkt. No 846.) Lesniewski and Rutigliano both appealed the Court's Rule 33 Order as to the denial of a new trial. (Dkt. Nos. 848, 849.)

On March 18, 2016, the Court denied Ajemian's Section 2255 Motion in part, and Ajemian was ordered to join Lesniewski and Rutigliano at the Hearing. ("Section 2255 Order," Dkt. No. 850.)

On April 11, 2016, the Government filed a letter motion with the Court seeking reconsideration of the Court's decision in the Rule 33 Order and the Section 2255 Order to schedule the Hearing. ("Motion for Reconsideration," Dkt. No. 851.) The Government argues that there is no basis for resentencing under Section 2255 and, in the alternative, that the Court stay the Hearing pending the outcome of the appeals filed by Lesniewski and Rutigliano. Id. Specifically, the Government contends that (1) there was no error in the Guidelines' calculation at sentencing for the Defendants, each of whom received below-Guidelines sentences and (2) Defendants failed to meet the stringent standard required for relief pursuant to Section 2255 because they do not claim constitutional error or lack of jurisdiction and there is no legitimate claim of actual innocence in light of the Court's Rule 33 Order and Section 2255 Order. Id.

On April 15, 2016, Lesniewski and Rutigliano each submitted letters to the Court requesting leave to file a response to the Motion for Reconsideration and requesting an adjournment of the Hearing to May 13, 2016. (Letters on file with chambers.) On April 21, 2016, Ajemian also filed a letter requesting an adjournment.[1] (Dkt. No. 9.)

On April 18, 2016, Lesniewski filed a response arguing that the Motion for Reconsideration (1) is untimely and (2) does not meet the standard for a motion for reconsideration. (Dkt. No. 853.) On April 20, 2016, Rutigliano filed a response arguing that the Motion for Reconsideration should be denied because (1) the Court's reliance on the Government's loss calculation at sentencing resulted in a gross miscarriage of justice and (2) the Court has the power to amend the judgments pursuant to Section 2255. (Dkt. No. 854.) At the time of this Decision, Ajemian has not filed a response to the Motion for Reconsideration.

For the reasons discussed below, the Government's Motion for Reconsideration is DENIED, and the Hearing is

---

[1] In addition to joining the request for adjournment of Rutigliano and Lesniewski, Ajemian requests that the Court postpone the Hearing pending the outcome of the Defendants' appeals. For the purposes of efficient disposition of this matter, the Court declines to separately address Ajemian's request for adjournment pending appeal as it is subsumed in the Court's denial of the Government's Motion for Reconsideration.

adjourned until May 13, 2016 at 3:00 p.m. ("May 13 Hearing"). The purpose of the May 13 Hearing is to determine if a resentencing of the Defendants is required in light of the recent decisions by the United States Railroad Retirement Board ("RRB") to re-approve the disability benefits awarded to individuals whose applications were invalidated following the jury verdict of guilty as to Lesniewski and Rutigliano.

## I.   DISCUSSION

Local Criminal Rule 49.1(d) ("Rule 49.1") provides that "[a] motion for reconsideration or re-argument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion." Local Civil Rule 6.3 ("Rule 6.3") also provides that a motion for reconsideration or re-argument of a Court order shall be served within fourteen (14) days after entry of the Court's order. The Court notes that the Government filed its Motion for Reconsideration on April 11, 2016, thirty-eight days after the Rule 33 Order and twenty-four days after the Section 2255 Order. The Court finds that the Motion for Reconsideration is untimely. However, even on the merits, the Court finds that the Motion for Reconsideration should be denied.

Reconsideration of a previous order by the Court is an

"extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F. 2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, et al., Federal Practice & Procedure Section 4478 at 790).

To these ends, a request for reconsideration under Rule 6.3 must advance controlling law or factual matters that the movant believes the Court overlooked in its decision on the underlying matter and that might reasonably be expected to alter the conclusion reached by the Court.[2] See Shrader v. CSX Transp., Inc., 70 F. 3d 255, 257 (2d Cir. 1995). Rule 6.3

---

[2] The Court applies the standard advanced pursuant to Rule 6.3 to the Government's Motion for Reconsideration not only as to the Section 2255 Order but also the Rule 33 Order.

is intended to "'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.'" SEC v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used either to advance different theories not previously argued or as a substitute for appealing a final judgment. See Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

The Motion for Reconsideration cites no controlling law or new evidence overlooked by the Court that might "reasonably be expected to alter" the outcome of the Court's decision to schedule the Hearing in its Rule 33 Order and Section 2255 Order. Shrader, 70 F.3d at 257. Thus, the Court concludes that reconsideration is not warranted and the Motion for Reconsideration (Dkt. No. 851) is DENIED.

## II.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Government's motion for reconsideration of the Court's decisions to schedule a hearing to determine

if a resentencing of Defendants Joseph Rutigliano ("Rutigliano"), Peter Lesniewski ("Lesniewski"), and Petitioner Peter Ajemian ("Ajemian") (Dkt. Nos. 846, 850) is warranted is **DENIED**; and it is further

**ORDERED** that upon the requests of Defendants Joseph Rutigliano ("Rutigliano") and Peter Lesniewski ("Lesniewski") (letters on file with chambers), the hearing scheduled for April 29, 2016 at 2:00 p.m. is adjourned until May 13, 2016 at 3:00 p.m.

**SO ORDERED.**

Dated: New York, New York
       25 April 2016

VICTOR MARRERO
U.S.D.J.