```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/16
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :    11 Cr. 1091 (VM)
         - against -                :
                                    :    DECISION AND ORDER
PETER AJEMIAN, PETER LESNIEWSKI,    :
AND JOSEPH RUTIGLIANO,              :
                                    :
                      Defendants.   :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendants Peter Lesniewski ("Lesniewski") and Joseph Rutigliano ("Rutigliano") each filed motions for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("Rule 33") or, in the alternative, a resentencing pursuant to 28 U.S.C. Section 2255 ("Section 2255"), based upon alleged newly-discovered evidence. ("Rule 33 Motions," Dkt. Nos. 817, 822.) Defendant Peter Ajemian ("Ajemian," collectively with Lesniewski and Rutigliano, "Defendants") filed a pro se motion pursuant to 28 U.S.C. Section 2255 ("Section 2255") to vacate, set aside, or otherwise correct his conviction and sentence, asserting similar arguments based upon alleged newly-discovered evidence. ("Section 2255 Motion," Dkt. No. 830.) The Government opposes these motions. (Dkt. Nos. 838, 842.)

By Decision and Order dated March 4, 2016, the Court denied the Rule 33 Motions in part and scheduled a hearing ("Hearing") to address substantial questions raised in the

motions in light of alleged newly-discovered evidence regarding the amount of actual loss suffered by the Railroad Retirement Board ("RRB") as a result of Defendants' fraudulent actions. ("March 4 Order," Dkt. No. 846.) Lesniewski and Rutigliano both appealed the Court's March 4 Order as to the denial of a new trial. (Dkt. Nos. 848, 849.) The Court denied Ajemian's Section 2255 Motion in part, and ordered him to join Lesniewski and Rutigliano at the Hearing. ("Section 2255 Order," Dkt. No. 850.) The Court also denied a Motion for Reconsideration the Government filed regarding the Court's March 4 Order to schedule a hearing on the question of resentencing. (Dkt. Nos. 851, 852, 856.) The Court then held the Hearing on the question of resentencing. (See Dkt. Minute Entry for May 13, 2016.)

For the reasons discussed below, the Defendants' motions for resentencing ("Resentencing Motions") are DENIED in part. The Court directs additional briefing by the parties as to the actual loss sustained by the RRB as a result of Defendants' fraudulent actions in light of the alleged newly-discovered evidence.

## I. DISCUSSION

A. LEGAL STANDARD

A person in federal custody may move to vacate, set

aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

"[N]ew evidence in a Section 2255 proceeding . . . is evidence that is discovered after the original hearing, and which could not, with due diligence of counsel, have been discovered sooner." Giacalone v. United States, 739 F.2d 40, 43 (2d Cir. 1984) (internal quotation marks and citations omitted.) The petitioner bears the burden of convincing the court that the newly-discovered evidence "would have resulted in an acquittal." Brown v. United States, No. 05 CR 857, 2011 WL 3273202, at *6 (S.D.N.Y. Aug. 1, 2011). The "petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks and citations omitted).

B.  APPLICATION[1]

---

[1] The Court derives the summary below from the following submissions: (1) Lesniewski and Rutigliano's Motions for a New Trial or in the Alternative for Resentencing, dated Oct. 2, 2015 and Oct. 13, 2015 (Dkt. Nos. 817, 822); (2) Ajemian's Brief in Support of his 28 U.S.C. Section 2255 Motion, dated Nov. 25, 2015 (Dkt. No. 830); (3) Lesniewski and

Defendants argue that post-trial findings of the RRB clearly show that a significant number of the disability pension awards the Government previously claimed were fraudulent were reinstated retroactively ("Post-Board Order Approvals"). Defendants contend that had this evidence been available at sentencing, the defense would have argued that the RRB suffered little to no loss.

Specifically, Defendants argue that the loss calculated by the Government, and adopted by the Court at sentencing, assumed that every one of the LIRR patients who received disability payments did so through an act of fraud. The Post-Board Order Approvals, the Defendants argue, show that an overwhelming percentage of these patients were in fact occupationally disabled, thereby rendering the Government's loss calculation materially false. Ajemian claims that pursuant to the Post-Board Order Approvals, 91 percent of the patients that were approved for benefits by Ajemian were

---

Rutigliano's Briefs in Support of their Motions, dated Oct. 2, 2015 and Oct. 13, 2015 (Dkt. Nos. 819, 824); (3) Government's Brief in Opposition to Lesniewski and Rutigliano's Motions, dated Jan. 18, 2016 (Dkt. No. 838); (4) Government's Brief in Opposition to Ajemian's Section 2255 Motion, dated Feb. 1, 2016 (Dkt. No. 842); (5) Lesniewski and Rutigliano's Reply Memoranda, dated Feb. 8, 2016 and Feb. 25, 2016 (Dkt. Nos. 841 and 844); and (6) Ajemian's Reply Memoranda, dated Mar. 4, 2016 (Dkt. No. 847). Except where specifically referenced, no further citation to these sources will be made.

"found to actually have been disabled when they were reexamined" by new independent doctors. (Dkt. No. 830.) Similarly, according to Lesniewski's interpretation of the Post-Board Order Approvals, under a "newly heightened standard," 96.6 percent of Lesniewski's former patients would be re-approved, and "109 out of 111 claims reevaluated to date have been approved -- an approval percentage of 98%." (Dkt. No. 819.) Additionally, Rutigliano argues that upon reexamination the Post-Board Order Approvals confirm that of the disability applications Rutigliano prepared for his clients, "94% of the pensions had been properly granted." (Dkt. No. 824.)

Defendants argue that because the basis for their sentences has been altered by the alleged newly-discovered evidence, the Court should resentence them as to their terms of imprisonment as well as restitution.

The Government argues that the Defendants are not entitled to a resentencing vis-à-vis imprisonment or restitution as all three Defendants were properly sentenced based on an intended loss figure and, accordingly, any change in actual loss suffered by the RRB is not relevant. Specifically, the Government argues that "the defendants plainly intended to commit fraud . . . until the latest date

- 5 -

on which the RRB could continue paying such benefits, and the amount of loss they intended thereby to cause is unaffected by the fact that the RRB has issued the Post-Board Order Approvals." (Dkt. No. 838.)

The Court now turns to the question of whether Defendants should be resentenced in light of the alleged new evidence as it applies to Defendants' terms of imprisonment and restitution.

1. Imprisonment

The United States Sentencing Commission defines loss as the "value of the money, property, or services unlawfully taken from the victim." U.S.S.G. Section 2F1.1, cmt. n.8. The Sentencing Guidelines in U.S.S.G. Section 2F1.1(b)(1) outline step increases from the assigned base offense level depending on the dollar loss at issue in the particular fraud offense. See United States v. Canova, 412 F.3d 331, 351-52 (2d Cir. 2005). However, in applying the Sentencing Guidelines, "loss need not be determined with precision," and a sentencing court "need only make a reasonable estimate of the loss, given the available information." U.S.S.G. Section 2F1.1, cmt. n.9; see United States v. Carboni, 204 F.3d 39, 46 (2d Cir. 2000) (quoting United States v. Jacobs, 117 F.3d 82, 95 (2d Cir. 1997)). Additionally, the Sentencing Commission instructs

- 6 -

that "if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." U.S.S.G. Section 2F1.1, cmt. n.8.

Under the relevant Sentencing Guidelines, defendants are held accountable for the greater of their actual or intended loss. U.S.S.G. Section 2F1.1(b)(1). Generally, intended loss must "include both the amount the victim actually lost and any additional amount that the perpetrator intended the victim to lose." Carboni, 204 F.3d at 47.

In Canova, the Second Circuit found that the district court erred because it did not consider the intended loss of the fraudulent scheme when imposing enhancements to the defendant's base offense level. 412 F.3d at 354. The court reasoned that "the record supports an intended loss . . . [,] and such a loss should have been factored into the Guidelines considered by the district court in imposing [a] sentence" of imprisonment. Id. at 355. In a subsequent appeal after the defendant's resentencing, the Second Circuit noted that district judges can properly rely on intended loss when determining offense level enhancements for a defendant, "rather than make the more difficult determination of actual

loss." United States v. Canova, 485 F.3d 674, 678 (2d Cir. 2007).

In Carboni, the Second Circuit held that the district court properly sentenced the defendant to fifteen months imprisonment based on intended loss because "one is presumed to intend the natural and 'probable' consequences of one's acts." 204 F.3d at 47 (quoting Jacobs, 117 F.3d at 95). Thus, even if the full extent of actual loss sustained during the course of fraudulent activities has not yet been realized, if the intended amount is greater, the intended loss must be considered when applying offense level enhancements.

Defendants argue that decreasing the amount of actual loss to nearly zero would counsel in favor of removing the offense level enhancements that were added based on the loss amounts calculated at the time of sentencing. Ajemian asserts that if the new evidence was factored in, he would maintain an offense level of only six, which would result in a Guidelines' range of zero to six months imprisonment. (Dkt. No. 830.) Lesniewski and Rutigliano both assert a revised offense level of nine, which would result in a Guidelines' range of four to ten months imprisonment. (Dkt. Nos. 817, 822.)

At the time of sentencing, the Court considered actual loss sustained during the course of the fraud as well as the amount of loss intended by Defendants. Actual loss was calculated as "the total amount paid by the RRB to [approved annuitants] as of approximately the date of the defendants' sentencing." (Dkt. No. 838.) Intended loss was calculated as "the total amount the relevant employees would [have] receive[d] over the entirety of their fraudulently obtained disability period." (Id.)

Ajemian was deemed responsible for an actual loss of $90,000,000 with an intended loss of $210,000,000. (Dkt. No. 830.) Lesniewski's actual loss was determined to be $70,632,900 with an intended loss of $93,443,657. (Dkt. No. 819.) Rutigliano's actual loss was calculated at $82,356,348 with an intended loss of $102,000,000. (Dkt. No. 824.)

Each defendant was assigned a Criminal History Category of I. (Dkt. Nos. 596, 678, 809.) Based on Ajemian's offense level of 32, his Guidelines' range of imprisonment was 121 to 151 months. (Dkt. No. 809.) Based on Lesniewski and Rutigliano's offense levels of 33, the Guidelines' range of imprisonment for them was 135 to 168 months. (Dkt. Nos. 596, 678.) The Court deemed 96 months followed by three (3) years

of supervised released to be reasonable and appropriate for each defendant. (Dkt. Nos. 596, 678, 809.)

The Court finds that a reduction of the actual loss figure does not affect the offense levels calculated at the time of sentencing because the Court used intended loss to determine the Defendants' respective offense level enhancements. Accordingly, the Defendants' terms of imprisonment were correctly calculated, and the Defendants' motions for resentencing as to their terms of imprisonment are hereby DENIED.

2.   Restitution

Loss with respect to restitution must be separately analyzed. See Carboni, 204 F.3d at 47. Generally, a court's power to order restitution is "limited to actual loss." Id.; see, e.g., United States v. Germosen, 139 F.3d 120, 130 (2d Cir. 1998). Even when actual loss is exceptionally difficult to ascertain, a district court must identify "actual losses prior to imposing restitution." United States v. Catoggio, 326 F.3d 323, 329 (2d Cir. 2003).

Based on the loss figures mentioned above, the Court sentenced Defendants to pay restitution as follows: (1) Ajemian - $116,500,000 (Dkt. No. 401); (2) Lesniewski - $70,632,900 (Dkt. No. 649); and (3) Rutigliano - $82,356,348.

(Dkt. No. 592). The restitution orders for Lesniewski and Rutigliano mirror their respective calculated actual loss amounts, while the restitution order for Ajemian is the approximate difference between his intended loss and actual loss figures.

The Court is persuaded that a reduction of the actual loss amount may affect the restitution orders of each of the Defendants. Therefore, the parties are ordered to provide the Court with additional briefing on the sole question of whether the RRB's Post-Board Order Approvals in fact alter the amount of actual loss suffered by the RRB as a result of Defendants' fraudulent actions, and if so, what is the extent of the RRB's actual loss in light of this development.

## II. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Peter Ajemian ("Ajemian," Dkt. No. 830) for resentencing his term of imprisonment pursuant to 28 U.S.C. Section 2255 is **DENIED**; and it is further

**ORDERED** that the motion of defendant Peter Lesniewski ("Lesniewski," Dkt. No. 817) for resentencing his term of imprisonment pursuant to 28 U.S.C. Section 2255 is **DENIED**; and it is further

**ORDERED** that the motion of defendant Joseph Rutigliano ("Rutigliano," Dkt. No. 822) for resentencing his term of imprisonment pursuant to 28 U.S.C. Section 2255 is **DENIED**; and it is further

**ORDERED** that within thirty (30) days of the date of this Order counsel for all parties submit additional briefing on the issue presented by defendants Ajemian, Lesniewski, and Rutigliano regarding the question of whether the amount of actual loss suffered by the Railroad Retirement Board ("RRB") and thus the restitution each defendant was sentenced to pay, is altered by the alleged newly-discovered evidence in the form of the RRB's Post-Board Order Approvals. Upon submission of such memoranda, the Court will consider whether additional proceedings may be necessary.

**SO ORDERED.**

Dated:   New York, New York
         20 June 2016

                                    _____
                                       VICTOR MARRERO
                                          U.S.D.J.