UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                           :

UNITED STATES OF AMERICA          :

                                                           :

    v.                                         :         11-cr-1091 (VM)

                                             :

PETER LESNIEWSKI                 :         **Electronically Filed**

                                             :

               Defendant.          :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT PETER LESNIEWSKI'S MOTION FOR CERTIFICATE OF APPEALABILITY

                              THOMAS ANTHONY DURKIN
                              DURKIN & ROBERTS
                              2446 N. Clark Street
                              Chicago, Illinois 60615
                              (312) 981-0123

                              JOSHUA L. DRATEL
                              LAW OFFICES OF JOSHUA L. DRATEL, P.C.
                              29 Broadway
                              Suite 1412
                              New York, New York 10006
                              (212) 732-0707

                              *Attorneys for Defendant Peter Lesniewski*

**INTRODUCTION**

On June 21, 2016, the Court denied Dr. Peter Lesniewski's motion for resentencing under 28 U.S.C. § 2255.  Doc. 871.[1]  Dr. Lesniewski seeks to appeal that decision and to consolidate that appeal with the pending appeal from the Court's denial of his motion for new trial.  To appeal the denial of resentencing, however, Dr. Lesniewski must obtain a certificate of appealability ("COA") under 28 U.S.C. § 2253(c).  The COA issues when the movant makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As demonstrated below and in Dr. Lesniewski's pleadings in support of his motion for resentencing,[2] Dr. Lesniewski has made the necessary showing.

**ARGUMENT**

Under 28 U.S.C. § 2253, an unsuccessful movant under § 2255 must obtain a COA before he can pursue the merits of an appeal.  *See* 28 U.S.C. § 2253(c)(1)(B).  The burden of obtaining a COA is not heavy; for leave to appeal, a movant "need only demonstrate 'a substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *El Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam).  To satisfy this standard, the movant "must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[1] The Court denied Dr. Lesniewski's request for resentencing with respect to his prison sentence.  Doc. 871 at 10-11.  The Court requested further briefing on the question of restitution.  *Id*. at 11-12.

[2] Docs. 817, 818, 819, 844.  To avoid unnecessary repetition, Dr. Lesniewski respectfully incorporates these pleadings by reference.

1

encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted)).

The Supreme Court has emphasized that "a COA does not require a showing that the appeal will succeed," and a court "should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief." *Miller-El*, 537 U.S. at 337. Section 2253, as construed by the Supreme Court, "do[es] not require petitioner to prove, before issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id*. at 338.

We recognize, of course, that the Court has denied Dr. Lesniewski's motion for resentencing under § 2255. We do not ask the Court to reconsider that decision, with which we respectfully disagree. But we do ask the Court to find that Dr. Lesniewski's § 2255 motion makes "a substantial showing of the denial of a constitutional right." In particular, that motion makes a substantial showing, in light of the new RRB evidence, that Dr. Lesniewski's right to due process was violated when he was sentenced based on false information. *See, e.g., Torres v. United States*, 140 F.3d 392, 404 (2d Cir. 1998); *United States v. McDavid*, 41 F.3d 841, 843-44 (2d Cir. 1995); *United States v. Malcolm*, 432 F.2d 809, 816 (2d Cir. 1970).

The Court held that resentencing is not required because it relied on intended rather than actual loss in determining Dr. Lesniewski's offense level. Doc. 871 at 10. We expect to argue on appeal, however, that with the false actual loss information removed, there is an insufficient factual basis for finding that Dr. Lesniewski intended a loss of more than $50,000,000 (or, indeed, any significant loss). We will contend that the Court should have conducted resentencing on that issue, at which the government would have the burden of proving actual or intended loss. Doc. 844 at

9-10. "'[R]easonable jurists could debate'" that issue, and it is "'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted)).

## **CONCLUSION**

For the foregoing reasons, the Court should enter an Order granting Dr. Lesniewski a COA on whether, in light of the new RRB evidence, his right to due process was violated when he was sentenced based on false information.

Respectfully submitted,

Dated June 27, 2016

/s/ THOMAS ANTHONY DURKIN
DURKIN & ROBERTS
2446 N. Clark Street
Chicago, Illinois 60614
(312) 981-0123
tdurkin@durkinroberts.com

/s/ JOSHUA L. DRATEL
JOSHUA L. DRATEL, P.C.
29 Broadway, Suite 1412
New York, New York 10006
(212) 732-0707
jdratel@joshuadratel.com

*Attorneys for Defendant Peter Lesniewski*

-Of Counsel-

John D. Cline
Law Office of John D. Cline
235 Montgomery St., Suite 1070
San Francisco, CA  94104
(415) 662-2260
cline@johndclinelaw.com

3

## CERTIFICATE OF SERVICE

    This is to certify that on this the 27th day of June, 2016, I caused to be filed a true and correct copy of the instant Memorandum and annexed exhibits using the Southern District of New York's Electronic Case Filing system ("ECF") which will send a notice of filing to all counsel of record.

    /s/ Thomas Anthony Durkin
    THOMAS ANTHONY DURKIN