UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                          :

UNITED STATES OF AMERICA        :

                                                                          :

      v.                                         :          11-cr-1091 (VM)

PETER LESNIEWSKI                :          **Electronically Filed**

                     **Defendant.**          :
------------------------------------------------------------x

## MEMORANDUM OF DEFENDANT PETER LESNIEWSKI
## CONCERNING RESTITUTION

                                                 THOMAS ANTHONY DURKIN
                                                 DURKIN ROBERTS & GROHMAN
                                                 2446 N. Clark Street
                                                 Chicago, Illinois 60615
                                                 (312) 981-0123

                                                 JOSHUA L. DRATEL
                                                 LAW OFFICES OF JOSHUA L.
                                                 DRATEL, P.C.
                                                 29 Broadway
                                                 Suite 1412
                                                 New York, New York 10006
                                                 (212) 732-0707

                                       *Attorneys for Defendant Peter Lesniewski*

Defendant Peter Lesniewski respectfully submits this memorandum in response to the Court's Order of June 21, 2016 (Doc. 871).  In that Order, the Court requested briefing on the following issue:  "[W]hether the amount of actual loss suffered by the [RRB] and thus the restitution each defendant was sentenced to pay, was altered by the alleged newly-discovered evidence in the form of the RRB's Post-Board Order Approvals."  Doc. 871 at 12.

## ARGUMENT

The government has the burden of proving that the defendant's offense of conviction proximately caused the loss for which it seeks restitution.  *See, e.g., Robers v. United States*, 134 S. Ct. 1854, 1859 (2014); *United States v. Maynard*, 743 F.3d 374, 378 (2d Cir. 2014); 18 U.S.C. § 3664(e).

As set forth in Dr. Lesniewski's previous pleadings (Docs. 819, 844), the government's loss calculation, adopted by the Court as the basis for the restitution determination, assumed that every one of Dr. Lesniewski's LIRR patients who received disability did so through fraud.  The government contended, in other words, that none of those patients were actually occupationally disabled.  The RRB reevaluation proves conclusively that the government's loss calculation was wrong.  Even under a "substantially enhanced review," 96.6% to 98% of Dr. Lesniewski's LIRR patients who have reapplied have been granted disability as of the most recent information available to the defense.  For the tiny handful of former patients whose reapplications were denied, the government has not proven that the initial disability determination was the result of fraud.

At most, Dr. Lesniewski's restitution obligation should rest on the alleged loss associated with the four former patients who testified at trial:  Christopher Parlante, Steven Gagliano, Gary Supper, and Robert Ellensohn.  Each of those former patients has pleaded guilty and been

sentenced. According to the judgments entered against them, they have been assessed restitution in the following amounts:

| | |
|---|---|
| Parlante | $294,717.65[1] |
| Gagliano | $242,466.73[2] |
| Supper | $297,633.00[3] |
| Ellensohn | $343,000.00[4] |
| Total: | $1,177,820.38 |

It is not clear from the judgments how much of the restitution imposed on Parlante, Gagliano, Supper, and Ellensohn arose from their participation with Dr. Lesniewski in the offenses of conviction. Thus, their total restitution amount--$1,177,820.38--should mark the upper limit on any restitution order imposed on Dr. Lesniewski, and the government should have the burden of proving how much (if any) of that amount Dr. Lesniewski's conduct proximately caused.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Dr. Lesniewski's previous memoranda (Docs. 819, 844), the Court should enter an Order establishing $1,177,820.38 as the upper limit on any restitution obligation and requiring the government to prove how much (if any) of that amount Dr. Lesniewski's conduct proximately caused.

---

[1] *United States v. Christopher Parlante*, Case No. 1:12-cr-725-KMW, Doc. 248 at 5 (S.D.N.Y. May 20, 2014).

[2] *United States v. Steven Gagliano*, Case No. 1:11-cr-01091-VM-10, Doc. 668 at 7 (S.D.N.Y. Mar. 10, 2014).

[3] *United States v. Gary Supper*, Case No. 1:11-cr-01091-VM-20, Doc. 692 at 7 (S.D.N.Y. Mar. 31, 2014).

[4] *United States v. Robert Ellensohn*, Case No. 1:13-cr-498-VM-1, Doc. 13 at 6 (S.D.N.Y. Mar. 10, 2014).

                                                        Respectfully submitted,

Dated July 29, 2016                              /s/ THOMAS ANTHONY DURKIN
                                                        DURKIN ROBERTS & GROHMAN
                                                        2446 N. Clark Street
                                                        Chicago, Illinois 60614
                                                        (312) 981-0123
                                                        tdurkin@durkinroberts.com

                                                        /s/ JOSHUA L. DRATEL
                                                        JOSHUA L. DRATEL, P.C.
                                                        29 Broadway, Suite 1412
                                                        New York, New York 10006
                                                        (212) 732-0707
                                                        jdratel@joshuadratel.com

Of counsel:

John D. Cline
Law Office of John D. Cline
235 Montgomery St., Suite 1070
San Francisco, CA  94104
(415) 662-2260
cline@johndclinelaw.com

                                                        *Attorneys for Defendant Peter Lesniewski*

**CERTIFICATE OF SERVICE**

      This is to certify that on this the 29th day of July, 2016, I caused to be filed a true and correct copy of the instant Memorandum and annexed exhibits using the Southern District of New York's Electronic Case Filing system ("ECF") which will send a notice of filing to all counsel of record.

                                            <u>/s/ Thomas Anthony Durkin</u>
                                            THOMAS ANTHONY DURKIN