```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :    11 Cr. 1091 (VM)
           - against -              :
                                    :    ORDER
PETER AJEMIAN, PETER LESNIEWSKI,    :
JOSEPH RUTIGLIANO, and MARIE BARAN, :
                                    :
                        Defendants. :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendants Peter Lesniewski ("Lesniewski"), Joseph Rutigliano ("Rutigliano"), and Marie Baran ("Baran") each filed motions for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("Rule 33") or, in the alternative, a resentencing pursuant to 28 U.S.C. Section 2255 ("Section 2255"),[1] based upon alleged newly-discovered evidence. ("Rule 33 Motions," Dkt. Nos. 817, 822, 866.) Defendant Peter Ajemian ("Ajemian," collectively with Lesniewski, Rutigliano, and Baran, "Defendants") filed a pro se motion pursuant to Section 2255 to vacate, set aside, or otherwise correct his conviction and sentence, asserting similar arguments based upon alleged newly-discovered evidence. ("Section 2255 Motion," Dkt. No. 830.) Specifically, the Defendants alleged that post-trial findings of the Railroad Retirement Board ("RRB") clearly show that a

---

[1] In addition, Baran also argued for resentencing pursuant to 28 U.S.C. Section 1651 ("Writ of Error"). (Dkt. No. 866.)

vast majority of disability pensions awarded to Long Island Railroad ("LIRR") employees were not in fact fraudulent. (Dkt. Nos. 817, 822, 830, 866.) The Government opposed these motions. (Dkt. Nos. 838, 842, 896.)

By Decision and Order dated March 4, 2016, the Court denied Lesnieweski and Rutigliano's Rule 33 Motions in part and scheduled a hearing ("Hearing") to address substantial questions raised in the motions in light of alleged newly-discovered evidence regarding the amount of actual loss suffered by the RRB as a result of Defendants' fraudulent actions. ("March 4 Order," Dkt. No. 846.) The Court also denied Ajemian's Section 2255 Motion in part and ordered him to join Lesniewski and Rutigliano at the Hearing. ("Section 2255 Order," Dkt. No. 850.) The Court then held the Hearing on the question of resentencing.[2] (See Dkt. Minute Entry for May 13, 2016.)

Following the Hearing, and after review of Baran's Rule 33 Motion, the Court denied in part the Defendants' motions for resentencing and directed the parties to provide additional briefing as to the actual loss sustained by the

---

[2] At the time, Baran had not yet filed her Rule 33 Motion and, accordingly, she did not participate in the Hearing. Baran filed her Rule 33 Motion on June 3, 2016. (Dkt. No. 866.)

RRB as a result of Defendants' fraudulent actions in light of the alleged newly-discovered evidence. ("June Orders," Dkt. Nos. 871, 877.) The parties have each filed supplemental briefing on the question presented by the Court in the June Orders. ("Supplemental Briefing," Dkt. No. 890, 892, 893, 896.) After review of the Supplemental Briefing, the Court finds that there remain factual uncertainties that must be resolved before the Court can determine whether the Defendants are entitled to resentencing as to their restitution orders.

## I. DISCUSSION

A court's power to order restitution is "limited to actual loss." United States v. Carboni, 204 F.3d 39, 47 (2d Cir. 2000) (vacating the restitution award and remanding for resentencing on the grounds that restitution must be based on actual loss, rather than intended loss); see, e.g., United States v. Germosen, 139 F.3d 120, 130 (2d Cir. 1998) ("Accordingly, because [the district court judge's] amount-of-loss calculation for [the defendant's] offense level was supported by the evidence and was based on actual losses to the victims, [the defendant's] challenge to the loss calculation for restitution award must fail."). Even when actual loss is exceptionally difficult to ascertain, a

district court must identify "actual losses prior to imposing restitution." United States v. Catoggio, 326 F.3d 323, 328-29 (2d Cir. 2003) (remanding the case for resentencing on restitution because the restitution ordered was not based on proven actual loss to any victims and was merely rooted in the calculated intended loss). A determination of actual loss is paramount to a proper sentence of restitution.

The Court is persuaded that a reduction of the actual loss amount sustained by the RRB may affect the restitution orders of each of the Defendants. In order to make such a determination, the Court requires: (1) documentation from the RRB on the actual loss that it has sustained as a result of Defendants' fraudulent actions and in light of the post-trial findings of the RRB that certain LIRR employees are entitled to disability pension awards ("Post-Board Order Approvals") and (2) additional information concerning (i) what information the RRB relied on in arriving at the Post-Board Order Approvals and (ii) whether the new applications incorporated medical records that preceded the fraudulent applications or were limited to injuries sustained following submission of the fraudulent applications.

## II. ORDER

For the reasons stated above, it is hereby

**ORDERED** that within thirty (30) days of the date of this Order, counsel for all parties submit additional briefing on the issues presented by defendants Peter Ajemian ("Ajemian"), Peter Lesniewski ("Lesniewski"), Joseph Rutigliano ("Rutigliano"), and Marie Baran ("Baran," collectively with Ajemian, Lesniewski, and Rutiglian, "Defendants") regarding the question of whether the amount of actual loss suffered by the Railroad Retirement Board ("RRB") and thus the restitution each defendant was ordered to pay, is altered by the RRB's Post-Board Order Approvals. Specifically, the parties are to provide the Court with: (1) documentation from the RRB on the actual loss that it has sustained as a result of Defendants' fraudulent actions and in light of the RRB's Post-Board Order Approvals and (2) additional information concerning (i) what the RRB relied on in arriving at the Post-Board Order Approvals and (ii) whether the new applications incorporated medical records that preceded the fraudulent applications or were limited to injuries sustained following submission of the fraudulent applications.

Upon submission of such additional information, the Court will consider whether additional proceedings may be necessary.

**SO ORDERED.**

Dated:   New York, New York
         6 September 2016

_____
VICTOR MARRERO
U.S.D.J.